Evan L. Frank, Esq.
Alan L. Frank Law Associates, P.C.
PA Bar 311994
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
efrank@alflaw.net
Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AC2T, Inc. d/b/a Spartan Mosquito, | Case Number 19-cv-5946-RBS |
| Plaintiff, | Jury Trial Demanded |
| v. | |
| Colin Purrington, | |
| Defendant. | |

## MOTION FOR ALTERNATIVE SERVICE

The Plaintiff requests leave under Federal Rule of Civil Procedure 4(e) to serve the Defendant by a combination of the following: 1) certified mail, return receipt requested, to the Defendant's home address; 2) regular mail to the Defendant's home address; 3) posting a copy of the summons and complaint at the Defendant's home address.

Delaware County property records reflect that the Defendant jointly owns the home at 226 Rutgers Avenue, Swarthmore, Pennsylvania with his spouse and has owned it since 1997. (Exhibit A.) The process server attempted to serve the Defendant at his home address six times between January 4 and January 16. (Exhibit B, page 3.) The server attempted service at different times of day, ranging from 8:30 a.m. to 9:05 p.m.

On the first attempt, the process server noted that the home had cameras on it and the lights were on. On three more attempts, the process server noted that the lights were on and either one or two cars were in the driveway. All six times, there was no answer, including when the lights were on and cars were in the driveway.

F.R.C.P. 4(e)(1) allows service by following the law of the state where the case is pending. Pennsylvania Rule of Civil Procedure 430(a) allows alternative service with leave of the Court:

> If service cannot be made under the applicable rule, the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendants and the reasons why service cannot be made.

Pa. R.C.P. 430(a). The standard for alternative service is whether the alternative method is "reasonably calculated to give the party actual notice of the pending litigation." *Bank of N.Y. Mellon v. Colton*, 217 A.3d 382 (Pa. Super. 2019).

Here, the Plaintiff has attached the process server's statement outlining his six attempts to serve the Defendant at his home. On four occasions the lights were on, and in three of those four, one or two cars were in the driveway. Property records reflect that the address is in fact the Defendant's home. Nonetheless, the Plaintiff has been unable to serve the Complaint because the residents will not answer the door, even when lights in the home and cars in the driveway indicate that someone is home. The combination of three means of service proposed by the Plaintiff is reasonably likely to give the Defendant notice because public records reflect that the address where the papers will be sent is in fact his home.

For the above reasons, the Court should grant this motion and allow alternative service by requiring the Plaintiff to do all of the following: 1) certified mail, return receipt requested; 2) regular mail; and 3) posting a copy of the Complaint and summons.

Respectfully submitted,

/s/ Evan L. Frank

Evan L. Frank, Esq.
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215.935.1110 (fax)
efrank@alflaw.net
Counsel for Plaintiff