UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AC2T, INC. d/b/a SPARTAN MOSQUITO, | : | |
| | : | |
| Plaintiff, | : | NO.  19-CV-5946-RBS |
| | : | |
| v. | : | |
| | : | **ORAL ARGUMENT** |
| COLIN PURRINGTON, | : | **REQUESTED** |
| | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY BRIEF

Defendant Colin Purrington hereby moves the Court to request leave to file a reply brief in further support of his motion to dismiss the complaint of AC2T, Inc. d/b/a Spartan Mosquito ("Spartan"), which was filed on March 25, 2020 (the "Motion").

On April 7, 2020, Spartan filed its response to the Motion (the "Response").  In the Response, Spartan argued for the first time that Mississippi law, and not Pennsylvania law, should apply to this dispute.  In describing the choice of law analysis, Spartan did not cite applicable and controlling precedent concerning Pennsylvania choice of law rules.  In addition, Spartan raised arguments in the Response concerning Mr. Purrington's invocation of the *Noerr-Pennington* doctrine that misstate the scope of the doctrine under controlling Supreme Court precedent and ignore recent precedent concerning the nature of petitioning the government.  Mr. Purrington therefore respectfully submits that a short reply brief discussing applicable precedent would aid the Court in deciding the Motion.

For all of those reasons, Defendant respectfully requests that the Court grant him leave to file the reply brief attached to this motion as Exhibit A in further support of the Motion.

April 14, 2020                    KLEHR HARRISON HARVEY BRANZBURG LLP

                        By:    */s/ Paige M. Willan*
                        _____
                               Paige M. Willan
                               Douglas F. Schleicher
                               1835 Market Street, 14th Floor
                               Philadelphia, PA 19103
                               (215) 569-2700
                               pwillan@klehr.com
                               dschleicher@klehr.com

                               *Attorneys for Defendant Colin Purrington*

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AC2T, INC. d/b/a SPARTAN MOSQUITO, | : | |
| | : | |
| Plaintiff, | : | NO.  19-CV-5946-RBS |
| | : | |
| v. | : | |
| | : | **ORAL ARGUMENT** |
| COLIN PURRINGTON, | : | **REQUESTED** |
| | : | |
| Defendant. | : | |

**REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant Colin Purrington submits this reply memorandum of law in further support of

his motion to dismiss the complaint of AC2T, Inc. d/b/a Spartan Mosquito ("Spartan"), pursuant

to Federal Rule of Civil Procedure 12(b)(6), which was filed on March 25, 2020 (the "Motion"),

and in response to Plaintiff's Response to Motion to Dismiss, which was filed on April 7, 2020

(the "Response").

**ARGUMENT**

In the Response, Spartan asserts for the first time that Mississippi law should apply to its

claims.  An analysis of controlling Pennsylvania precedent concerning choice of law demonstrates,

however, that Pennsylvania law should apply to this case.  In addition, Spartan's arguments in the

Response concerning the *Noerr-Pennington* doctrine misstate the scope of that doctrine under

applicable law.

I.      Pennsylvania Has The Greater Interest In This Dispute,
        and Pennsylvania Law Should Therefore Apply Here

Spartan misstates Pennsylvania law governing conflicts of law by ignoring the need to

establish a true conflict and omitting entirely any analysis of the competing interests of

Pennsylvania and Mississippi.  The Pennsylvania Supreme Court held explicitly last year that

"[s]tates formerly applied the *lex loci delicti*, or 'place of injury,' rule . . . Pennsylvania, like a majority of other states, has abandoned this rule in favor of a litmus framed in terms of which state has the most significant relationship to the occurrence and the parties." *Melmark, Inc. v. Schutt*, 206 A.3d 1096, 1107 (Pa. 2019). The Pennsylvania Supreme Court further held that Pennsylvania courts must first consider whether a "true conflict" exists between the potentially applicable bodies of law. *Id.* at 1104. Here, Spartan asserts baldly that Mississippi law applies because Spartan is located in Mississippi. Response at 8, 11-12. Notably, however, Spartan identifies no contradictory provisions of Mississippi law and instead asserts in numerous places that the defamation law of Pennsylvania is consistent with the defamation law of Mississippi. *Id.*; *see also* Response at 14, 17, 18, 19. Accordingly, it is not even clear that a true conflict exists justifying the application of Mississippi law instead of Pennsylvania law.

Even if a true conflict between the law of Mississippi and Pennsylvania exists with respect to the Pennsylvania Environmental Immunity Act – as Spartan suggests by arguing that Mississippi law bars application of that statute – Pennsylvania's superior interest in applying that law should prevail. The Pennsylvania Supreme Court held that the location of the events underlying a suit, the interests that a state seeks to vindicate in its laws, and whether a foreign plaintiff seeks to carry its own more protective laws into this jurisdiction are all important considerations in determining which law should apply. *Melmark, Inc.*, 206 A.3d at 1107-09. Here, Spartan's complaint contains only statements made in Pennsylvania by a Pennsylvania citizen conducting tests of a product in Pennsylvania. *See* Complaint ¶¶ 2, 11-25. Although Spartan is headquartered in Mississippi and therefore tacitly claims that the location of the harm is Mississippi, Spartan notably pleaded precisely zero facts establishing that it was actually harmed in Mississippi or anywhere else. *See* Response at 19 (admitting that Spartan merely alleged that it was damaged). The locus of the

2

relevant events therefore supports the application of Pennsylvania law.  *See Melmark, Inc*., 206 A.3d at 1107.

In addition, Pennsylvania has a strong interest in protecting its citizens' constitutional rights to speak and petition the government on environmental issues.  The Pennsylvania General Assembly declared in the bill enacting the Environmental Immunity Act that "[i]t is contrary to the public interest to allow lawsuits . . . to be brought primarily to chill the valid exercise by citizens of their constitutional right to freedom of speech and to petition the government for the redress of grievances."  2000 Pa Legis. Serv. Act 2000-138 (H.B. 393).  In contrast, Spartan identified no competing interest of Mississippi that supports a refusal to apply this statute.  *See* Response at 11-12.  The competing interests of the two states therefore also supports applying Pennsylvania law. *See Melmark, Inc*., 206 A.3d at 1109.

Finally, Spartan's attempt to preclude a Pennsylvania citizen from relying upon the protection of Pennsylvania statute based upon what it apparently views as more favorable law from Mississippi is looked upon with disfavor in Pennsylvania courts.  In *Melmark*, the Pennsylvania Supreme Court noted that a Pennsylvania citizen "should not be put in jeopardy" of harm arising from a foreign plaintiff seeking to "carry their own, more protective, law with them" into Pennsylvania and have it applied to a Pennsylvania citizen carrying out their activities in this Commonwealth.  *See Melmark, Inc*., 206 A.3d at 1108.  Spartan seeks approval from this Court to take exactly that action here.  Arguing that unnamed provisions of Mississippi law prevent the application of the Environmental Immunity Act, it claims that this Court should ignore the provisions of that statute granting protection to Pennsylvania citizens.  *See* Response at 11-12. Spartan cannot prevail upon that position, however, without establishing stronger countervailing interests of the State of Mississippi.  *See Melmark, Inc*., 206 A.3d at 1108.  Under these

circumstances, the Court should decline Spartan's invitation to disregard Pennsylvania law in favor of unspecified interests of the State of Mississippi.

      II.    <u>Spartan Misstates Application of the *Noerr-Pennington* Doctrine</u>

Spartan misstates the application of the *Noerr-Pennington* doctrine in two ways in the Response: first, Spartan inaccurately suggests that state-law defamation claims are never barred by the doctrine; and second, it incorrectly suggests that the Complaint, on its face, does not demonstrate petitioning activity.

The Court should dismiss this case on the grounds of the *Noer-Pennington* doctrine not because the doctrine provides immunity from suit in all cases, but because the doctrine does not provide for liability under the facts alleged in the Complaint.  Contrary to Spartan's suggestion, the *Noerr-Pennington* doctrine applies to state law tort claims, including defamation.  *Cheminor Drugs, Ltd. v. Ethyl Corp.*, 168 F.3d 119, 128 (3d Cir. 1999) (applying *Noerr-Pennington* doctrine to New Jersey state law tort claims); *Brownsville Golden Age Nursing Home, Inc. v. Wells*, 839 F.2d 155, 159-60 (3d Cir. 1988) (applying *Noerr-Pennington* doctrine to Pennsylvania state law tort claims); *Caixa Geral de Depositos, S.A. v. Rodrigues*, 2005 WL 1541055, at *10-11 (D.N.J. June 30, 2005) (hereafter, "*Caixa*") (holding that *Noerr-Pennington* barred New Jersey law defamation claims arising from a letter written to federal regulators accusing the claimant of violating federal regulations).  Moreover, under current U.S. Supreme Court precedent, any falsity exception to the immunity from liability provided by *Noerr-Pennington* applies only where the statements made in the petition are "objectively baseless".  *Caixa*, 2005 WL 1541055, at *10-11 (citing *Prof'l Real Est. Investors v. Columbia Picture Indus., Inc.*, 508 U.S. 49, 60 (1993)).  An analysis of the *Noerr-Pennington* doctrine in this case should account for this more recent

4

precedent that supplements the understanding of the doctrine in the 1985 case Spartan cited in the Response.

Under that analysis, where – as here – the basic facts alleged in the problematic statements are not alleged to be false, the *Noerr-Pennington* doctrine provides for dismissal at the pleading stage. *O'Neill v. Rossum*, 2018 WL 4233573, at *7-9. In *O'Neill*, the court noted that the plaintiff objected to the accuracy of certain alleged statements in the petitions, including that the plaintiff caused pollution at issue and that the plaintiff's development would expose local residents to additional pollution. *O'Neill*, 2018 WL 4233573, at *7. But the court also noted that the plaintiff did not dispute that it was not fully remediating the site and that such circumstances could lead to additional pollution. *Id*. at *9. It therefore found that the petitioning was not objectively baseless and could not support Pennsylvania common law claims for defamation and commercial disparagement. *Id*. at *9. Similarly here, Spartan does not dispute the veracity of the basic factual statements made by Mr. Purrington – that he conducted an evaluation of Spartan's product, that he observed spotted-wing drosophila in the product, and that he came to the conclusion that the product does not work as advertised. *See* Response at 13-16. Accordingly, as in *O'Neill*, the mere disagreement about the conclusions derived from agreed upon facts, where those conclusions are contained in a direct petition to the government or in community advocacy, cannot sustain a defamation claim or a commercial disparagement claim at the pleading stage. *See O'Neill*, 2018 WL 4233573, at *9. For this reason, the cases cited in the Response do not preclude dismissal under *Noerr-Pennington*.

The exhibits to the Complaint containing tweets directed at a federal agency constitute petitions to the government that are covered by the *Noerr-Pennington* doctrine. Although it does not appear that a court has yet considered a tweet directed at a government entity specifically in

the context of the *Noerr-Pennington* doctrine, both the U.S. Supreme Court and the Southern District of New York have noted – in the context of other First Amendment doctrines – that a tweet can be a petition to the government. *Packingham v. North Carolina*, 137 S. Ct. 1730, 1735 (2017); *Knight First Amendment Inst. v. Trump*, 302 F. Supp. 3d 541, 574-75 (S.D.N.Y. 2018). Accordingly, Spartan's argument in the Response that a tweet does not constitute petitioning activity should be rejected.

## <u>CONCLUSION</u>

For the reasons set forth above, and for the reasons set forth in the Motion and supporting brief, Colin Purrington respectfully requests that the Court dismiss the Complaint in its entirety, with prejudice, and grant such other and further relief as the Court deems proper and just. In the alternative, Mr. Purrington respectfully requests that the Court schedule a hearing to determine the preliminary issue of Mr. Pennington's immunity pursuant to the Pennsylvania Environmental Immunity Act, as required by 27 Pa. C.S.A. § 8303.

April 14, 2020                                    KLEHR HARRISON HARVEY BRANZBURG LLP


By:   */s/ Paige M. Willan*
      Paige M. Willan
      Douglas F. Schleicher
      1835 Market Street, 14th Floor
      Philadelphia, PA 19103
      (215) 569-2700
      pwillan@klehr.com
      dschleicher@klehr.com

      *Attorneys for Defendant Colin Purrington*

6

PHIL1 8812974v.1

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on April 14, 2020, I served a true and correct copy of the foregoing Defendant's Motion for Leave to File Reply Brief, the exhibit thereto, and the accompanying proposed order via this Court's electronic filing system and via electronic mail on the below-listed counsel for Plaintiff AC2T, Inc.:

Evan L. Frank, Esq.
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
afrank@alflaw.net

*Counsel for Plaintiff AC2T, Inc.*

By: */s/ Paige M. Willan*
       Paige M. Willan