UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AC2T, Inc., d/b/a Spartan Mosquito, | : | |
| | : | **Civil Action** |
| Plaintiff, | : | Case No. 2:19-cv-05946-RBS |
| | : | |
| v. | : | |
| | : | |
| **Colin Purrington,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

**JOINT STATUS REPORT**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on April 17, 2020 and submit the following report of their meeting for the court's consideration:

1. **Counsel participating in Rule 26(f) conference**

    Counsel for Plaintiff: Evan L. Frank, Alan L. Frank, Jaclyn H. Frank

    Counsel for Defendant: Paige M. Willan

2. **Discussion of claims, defenses and relevant issues**

    Plaintiff's position:

    This is a defamation case. The Plaintiff makes a product called the Spartan Mosquito Eradicator, which is a mosquito control system. The Defendant has been telling customers that the product puts them and their families at risk of contracting diseases such as EEE and West Nile. He tells customers that the product helps spread an invasive species, that Spartan Mosquito is scamming customers, and that Spartan Mosquito lies to regulatory agencies. The Defendant makes false allegations that the product does not even contain a pesticide (it does), that leaving out the pesticide lets the product avoid government regulation (it is in fact government-regulated), and that mosquitoes cannot fit inside the product to drink the insecticide (they can, and there is literally a video on Spartan's website of them doing so). He has sent similar defamatory

1

statements to state regulatory agencies and asked them to outlaw the product. The Plaintiff seeks monetary damages for defamation and commercial disparagement.

<u>Defendant's position</u>:

Mr. Purrington contends that Spartan brought this suit as retribution for Mr. Purrington's constitutionally protected speech concerning the false and misleading statements that Spartan has made about the performance and efficacy of its product. In fact, numerous states have refused to permit Spartan to sell its product to their citizens, apparently because of those false and misleading statements. The blog and social media posts concerning Spartan's product upon which it bases this suit are either true, are statements of Mr. Purrington's opinion, or were made as a part of Mr. Purrington's advocacy to state and federal governments concerning the regulation of pesticides. Accordingly, none of those statements are actionable as defamation or commercial disparagement. In addition, Mr. Purrington notes that Spartan has failed to identify even a cent of actual damages it has incurred that was caused by Mr. Purrington's posts. That fact further demonstrates that Spartan's claims are deficient as a matter of law and motivated solely by a desire to silence an individual exercising his right to petition the government.

3. **Initial disclosures**

The parties agree to exchange initial disclosures on or before May 1, 2020.

4. **Formal discovery**

The parties anticipate that discovery should be completed within 120 days following the date that Defendant's Answer is submitted.

The parties do not believe they have any unusual circumstances or issues relating to discovery.

Plaintiff contends that a confidentiality order is likely appropriate in this case to protect intellectual property and other highly sensitive information. Defendant does not believe that a confidentiality order is necessary in this case, but is willing to consider a reasonably drafted confidentiality stipulation that would address any reasonable confidentiality concerns. Plaintiff has not yet provided any proposed confidentiality stipulation or proposed order to Defendant for his consideration.

The parties also agree that a standard claw back agreement for inadvertently produced privileged documents is appropriate.

5.  **Electronic discovery**

Defendant has requested that Plaintiff take steps to preserve materials that were previously posted on its website, which has been changed significantly in the past several months to remove false and misleading claims concerning Plaintiff's product that were previously contained on that page.

The parties do not believe there are any other unusual circumstances or issues relating to electronic discovery.

6.  **Expert witness disclosures**

The parties agree that expert reports will be exchanged 60 days before the discovery end date.

Rebuttals will be exchanged within 30 days after the expert reports are exchanged.

If the expert is specifically retained to provide expert testimony in the case, the reports must conform to Fed. R. Civ. P. 26(a)(2)(B), unless otherwise agreed to by the parties. If the expert is not specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(C), unless otherwise agreed to by the parties.

Pursuant to Fed. R. Civ. P. 26(b)(4)(A), leave of court is not required to depose a testifying expert.

7.  **Early settlement or resolution**

The parties do not believe a settlement conference would be helpful, and that discovery is necessary before any mediation occurs.

8.  **Trial**

The parties estimate that the length of trial will be 5-7 days.

9.  **Other matters**

Plaintiff intends to amend its Complaint in order to add new defamatory statements that were made after the Complaint was filed and/or add new parties if necessary, after taking certain discovery. Plaintiff's position is that Plaintiff should be able to amend within 30 days after Defendant's Answer is filed.

Defendant's position is that any amendments of Plaintiff's Complaint should be governed by the rules set forth in Rule 15 of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ *Evan L. Frank*

_____

Evan L. Frank, Esq.
Alan L. Frank Law Associates, P.C.
PA Bar No. 311994
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
efrank@alflaw.net
*Counsel for Plaintiff*

/s/ *Paige M. Willan*

_____

Paige M. Willan, Esq.
Douglas F. Schleicher, Esq.
1835 Market Street, 14th Floor
Philadelphia, PA 19103
215-569-2700
pwillan@klehr.com
dschleicher@klehr.com
*Counsel for Defendant*

April 27, 2020