UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AC2T, INC. d/b/a SPARTAN MOSQUITO,<br><br>Plaintiff,<br><br>v.<br><br>COLIN PURRINGTON,<br><br>Defendant. | :<br>:<br>:  NO.  19-CV-5946-RBS<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COUNT II OF AMENDED COMPLAINT**

Defendant Colin Purrington submits this memorandum of law in support of his motion to dismiss Count II of the amended complaint of AC2T, Inc. d/b/a Spartan Mosquito ("Spartan"), filed on November 12, 2020 (the "Amended Complaint" or "Amend. Compl."), pursuant to Federal Rule of Civil Procedure 12(b)(6).

**PRELIMINARY STATEMENT**

After two opportunities, Spartan still has not pleaded facts supporting a claim that it has incurred even a cent of damage to justify a cause of action for commercial disparagement. Indeed, despite a decision from this Court that dismissed Spartan's commercial disparagement claim because it failed to allege a "specific pecuniary loss," Spartan changed only one paragraph in reasserting that count and added no facts concerning its purported damages. Once again, Spartan's conduct suggests that it filed this suit to intimidate Mr. Purrington rather than to recover any demonstrable damage to its business. Mr. Purrington therefore respectfully requests that the Court dismiss Count II of the Amended Complaint, with prejudice.

**STATEMENT OF FACTS**

Colin Purrington is a resident of Swarthmore, Pennsylvania and a former associate professor of biology at Swarthmore College. *See* Amend. Compl. ¶¶ 2, 7, 11. He maintains a blog

on which he posts on a variety of topics, and is also active in posting on social media, including Facebook and Twitter.  *See* Amend. Compl. ¶¶ 6, 12.

In 2019, Mr. Purrington became interested in a product called the Spartan Mosquito Eradicator, which is manufactured and sold by plaintiff Spartan.  *See* Amend. Compl. ¶¶ 5-6, 9, 12.  Spartan alleges that Mr. Purrington made "approximately 150 statements" concerning Spartan or the Spartan Mosquito Eradicator on the websites Amazon.com, Facebook.com, Twitter.com, and on his own blog.  Amend. Compl. ¶ 12.  Spartan further contends that those statements are false and defamatory. Amend. Compl. ¶ 5.  In its Amended Complaint, Spartan nowhere details any pecuniary damage that it has incurred by reason of the purportedly false statements, pleading only in a conclusory fashion that "Plaintiff has suffered damages."  Amend. Compl. ¶¶ 33, 40.

On October 22, 2020, the Court entered a Memorandum and Order granting, in part, Mr. Purrington's motion to dismiss the original complaint in this action.  Memorandum, Docket Entry ("D.E.") No. 12; Order, D.E. No. 13.  The Court granted that portion of Mr. Purrington's motion that sought to dismiss Spartan's commercial disparagement claim on the grounds that "Plaintiff has failed to allege any specific pecuniary loss it suffered as a result of Defendant's comments."  Memorandum at 10.  The Order also granted Spartan leave to file an amended complaint within twenty days.  Order at 1.

On November 12, 2020, Spartan filed the Amended Complaint.  The only difference between the original complaint and the Amended Complaint is a single additional paragraph in Count II, for commercial disparagement, that contains legal argument concerning why, in Spartan's view, Mr. Purrington's statements "rise to the level of defamatory per se."  *Compare* Complaint, D.E. No. 1, ¶¶ 34-39 (lacking a paragraph characterizing Mr. Purrington's statements as defamatory per se) *with* Amended Complaint, D.E. No. 15, ¶¶ 34-40 (adding a paragraph

containing legal analysis concerning Mr. Purrington's statements, but leaving damage allegations unchanged). As with the initial complaint, the Amended Complaint contains only the conclusory allegation that "[a]s a result of the Defendant's conduct, the Plaintiff has suffered damages." Amend. Compl. ¶ 40.

## ARGUMENT

The Court should dismiss Count II of the Amended Complaint, for commercial disparagement, because Spartan failed to remedy the deficiencies in pleading that caused this Court to dismiss this claim in Spartan's original complaint. A plaintiff must plead facts in its complaint that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also GOLO, LLC v. HighYa, LLC*, 310 F. Supp. 3d 499, 503 (E.D. Pa. 2018). Although allegations of fact must be accepted by the Court as true on a motion to dismiss, legal conclusions couched as facts need not be considered true. *GOLO, LLC*, 310 F. Supp. 3d at 503 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, Spartan's repeated conclusory allegation that it has suffered "damages" is not sufficient to plead its claim for commercial disparagement.

   I.   Spartan Again Failed To Plead Actual Pecuniary
        Damages In Support of Its Commercial Disparagement Claim

Spartan's amended claim for commercial disparagement still lacks any allegation of specific damages resulting from Mr. Purrington's statements and therefore must be dismissed the same reason the Court dismissed this claim in the original complaint. To plead a claim for commercial disparagement under Pennsylvania law, the plaintiff must allege "(1) a false statement; (2) that the publisher either intends the publication to cause pecuniary loss or reasonably should recognize that publication will result in pecuniary loss; (3) that there is actual pecuniary loss; and (4) actual malice – that is, that the publisher either knew that the statement was false or acted in

-3-

reckless disregard of its truth or falsity." *GOLO, LLC*, 310 F. Supp. 3d at 507; *see also KDH Elec. Sys., Inc. v. Curtis Tech. Ltd.*, 826 F. Supp. 2d 782, 805-06 (E.D. Pa. 2011); *McNulty v. Citadel Broadcasting Co.*, 58 Fed. App'x 556, 566 (3d Cir. 2003). To plead a commercial disparagement claim adequately, a plaintiff must allege "specific pecuniary loss." Memorandum at 10; *KDH Elec. Sys.*, 826 F. Supp. 2d at 806. To show direct pecuniary loss, in turn, the plaintiff must demonstrate either a diminution in sales or specific lost sales. *Brooks Power Sys., Inc. v. Ziff Commc'ns, Inc.*, No. 93-3954, 1994 WL 444725, at *3 (E.D. Pa. Aug. 17, 1994); *see also Universal Elec. Corp. v. Baldwin*, No. , 2018 WL 3707423, at *15-16 (W.D. Pa. Aug. 3, 2018) ("The defining hallmark of a trade disparagement claim is the requirement that a plaintiff plead pecuniary loss with considerable specificity.") (cited in Memorandum at 10). Spartan provided no additional allegations in the Amended Complaint about any diminution in sales or specific lost sales directly caused by the statements about which it complains. *See* Amend Compl. ¶¶ 27, 40. Instead, Spartan again only asserts the legal conclusion that it has "suffered damages" due to Mr. Purrington's statements.[1] *See id*. Without any additional factual allegation of direct pecuniary loss caused by Mr. Purrington's statements, Spartan's commercial disparagement claim again fails, and Count II of the Amended Complaint should be dismissed again, with prejudice.

## CONCLUSION

For the reasons set forth above, Colin Purrington respectfully requests that the Court dismiss Count II of the Amended Complaint, with prejudice, and grant such other and further relief as the Court deems proper and just.

---

[1] This Court need not consider that legal conclusion, or the additional paragraph characterizing Mr. Purrington's statements as defamatory per se, as true in deciding this motion. *See GOLO, LLC*, 310 F. Supp. 3d at 503.

November 25, 2020                     KLEHR HARRISON HARVEY BRANZBURG LLP


                                      By:  */s/ Paige M. Willan*
                                           Paige M. Willan
                                           1835 Market Street, 14th Floor
                                           Philadelphia, PA 19103
                                           (215) 569-2700
                                           pwillan@klehr.com

                                           *Attorneys for Defendant Colin Purrington*

## **CERTIFICATION OF SERVICE**

I hereby certify that on November 25, 2020, I served a true and correct copy of the foregoing Memorandum of Law in Support of Defendant's Motion to Dismiss Count II of the Amended Complaint via this Court's electronic filing system on the below-listed counsel for Plaintiff AC2T, Inc.:

Evan L. Frank, Esq.
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
afrank@alflaw.net

*Counsel for Plaintiff AC2T, Inc.*

By: */s/ Paige M. Willan*
      Paige M. Willan