UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AC2T, INC. d/b/a SPARTAN MOSQUITO, | : |
| Plaintiff, | : NO. 19-CV-5946-RBS |
| v. | : |
| COLIN PURRINGTON, | : |
| Defendant. | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL**

Defendant Colin Purrington submits this memorandum of law in support of his motion to compel responses to certain interrogatories and document requests from plaintiff AC2T, Inc. d/b/a Spartan Mosquito ("Spartan"), pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 37(a)(3).

**PRELIMINARY STATEMENT**

Spartan filed this suit to silence Mr. Purrington, a former college professor and biology enthusiast, who posts on social media and his own website about insects, mosquito control, and other topics relating to science and nature. Spartan contends that Mr. Purrington's conclusions about the efficacy, marketing materials, and regulatory status of Spartan's product, the Spartan Mosquito Eradicator, are false and therefore defamatory of Spartan. Now that the time has come for Spartan to produce documents and information to substantiate its claims, however, Spartan's enthusiasm for litigation has apparently cooled. Tellingly, Spartan failed timely to respond to discovery requests, failed to produce documents and information to which it asserted no objections, and repeatedly objected – without any apparent factual basis – that discovery about matters specifically referenced in Spartan's complaint is overburdensome and too expensive. This conduct provides further evidence that Spartan is using the litigation process for intimidation, rather than

to achieve redress for legitimate grievances. For these reasons, Mr. Purrington respectfully requests that this Court grant his motion to compel and order Spartan to comply with its discovery obligations under the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

Spartan initiated the discovery process in this litigation by serving document requests and interrogatories on Mr. Purrington on April 30, 2020. Mr. Purrington responded to those discovery requests on June 5, 2020, after securing an agreement for a short extension of time to respond. On June 5, 2020, Mr. Purrington also served Spartan with Defendant's First Set of Interrogatories (the "Interrogatories") and Defendant's First Set of Document Requests (the "Document Requests"). True and correct copies of the Interrogatories and the Document Requests are attached as Exhibits 1 and 2. After the expiration of several agreed-upon extensions and numerous follow-up requests, Spartan belatedly served written responses and objections to the Document Requests on August 12, 2020 (the "Spartan Objections"), but produced no responsive documents and did not respond to the Interrogatories. A true and correct copy of the Spartan Objections is attached hereto as Exhibit 3.

On August 26, 2020, counsel for Mr. Purrington wrote to follow up on the Spartan Objections. A true and correct copy of that letter is attached hereto as Exhibit 4. The letter requested that Spartan provide the documents that it promised to produce in the Spartan Objections and that Spartan respond to the Interrogatories. In addition, the letter detailed why the Spartan Objections do not articulate a valid legal basis to support Spartan's refusal to produce certain categories of documents. Spartan did not respond to the August 26 letter.

On September 23, 2020, after additional follow-up requests, Spartan finally served incomplete responses and objections to the Interrogatories (the "Spartan Interrogatory Responses"). A true and correct copy of the Spartan Interrogatory Responses is attached hereto as

Exhibit 5.  The Spartan Interrogatory Responses omitted any responses or objections to Interrogatories Nos. 5 and 10.  Ex. 5 at 2, 4.  Interrogatory No. 5 requests the following information: "[d]escribe any damages Spartan Mosquito is seeking in this Litigation by listing the category of damages, the amount, and the basis for seeking those damages."  Ex. 1 at 5.  Interrogatory No. 10 seeks information concerning the regulatory status of Spartan's product: "[l]ist all states that have refused to permit the sale of the Product and list each state's given reason(s) for refusing to permit the sale of the Product."  Ex. 1 at 6.

After additional follow up emails, counsel for both parties met and conferred telephonically for over an hour concerning the Spartan Objections and the Spartan Interrogatory Responses on September 30, 2020.  Among other things, counsel for Spartan agreed that Mr. Purrington is entitled to responses to Interrogatories Nos. 5 and 10 and promised to provide those responses.  With respect to Spartan's various objections to the Document Requests, counsel for Mr. Purrington suggested that Spartan provide the documents that it agreed to produce in August and attempted to come to an agreement to resolve Spartan's objections.  Counsel for Mr. Purrington sent a follow up email on October 1, 2020 setting forth the matters that the parties discussed and requested that Spartan produce the responses to Interrogatories Nos. 5 and 10 as well as the documents that Spartan had already agreed to produce.  Counsel for Spartan did not respond.  Counsel for Mr. Purrington sent a second follow up email on October 8, 2020.  Again, counsel for Spartan did not respond.  True and correct copies of these emails are attached as Exhibit 6.

On October 14, 2020, Spartan produced its first set of documents responsive to the Document Requests.  The production included no documents responsive to Request Nos. 2, 3, 6, 9, 13, 14, 16, 22, 23, 26, 31, or 32, although Spartan raised no objections to those requests.  In addition, the production included no documents responsive to Request Nos. 4, 5, 7, 8, 11, 12, 15,

20, 21, and 25 and contained only partial responses to Request Nos. 1, 29, and 30. In particular, in response to Request No. 30, which seeks "[a]ll photographs and videos of mosquitos entering the holes in the Product, including all unedited versions of such photographs and videos," Spartan produced only a ten-minute excerpt of one video, although the video itself demonstrates that Spartan has at least eleven hours of relevant footage in its possession. A screenshot of this video, demonstrating that only a portion was produced, is attached hereto as Exhibit 7.

Now, nearly six months after he initially served the Document Requests and Interrogatories, Mr. Purrington respectfully seeks an order compelling Spartan to comply with its discovery obligations and produce documents and information responsive to the Document Requests and Interrogatories.

## ARGUMENT

Mr. Purrington served reasonably tailored requests seeking discoverable materials crucial to his ability to defend against Spartan's accusations, patiently waited for responses, and attempted to resolve this discovery dispute without the aid of the Court. Because those efforts were unavailing, he is entitled to an order compelling Spartan to respond. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Where a party fails to respond to interrogatories or document requests, or provides incomplete or evasive answers, the requesting party may move for an order compelling the requested discovery. Fed. R. Civ. P. 37(a)(3); *see also Creely v. Genesis Health Ventures, Inc.*, No. 04-CV-0679, 2005 WL 44526, at *1 (E.D. Pa. Jan. 10, 2005) (Surrick, J.). If the responding party objected to the request, the propounding party must demonstrate that the information is discoverable and the burden then shifts to the responding party to show why the discovery should not be permitted. *Creely*, 2005 WL 44526, at *1. As described below, each of the discovery requests to which Mr. Purrington seeks responses calls for

discoverable information, and none of Spartan's objections shows that Mr. Purrington's requests should not be permitted.

I. The Court Should Order Spartan To Respond To Interrogatories Nos. 5 and 10

Spartan articulated no grounds for its failure to respond to Interrogatories Nos. 5 and 10, which seek discoverable information, and the Court should require Spartan to provide full and complete responses. Pursuant to Rule 33, a party must respond or object "within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). Interrogatories Nos. 5 and 10 request discoverable information concerning Spartan's damages and the regulatory status of Spartan's product. See Fed. R. Civ. P. 26(a)(1)(A)(iii), 26(b); Amended Complaint ("Amend. Compl.") ¶¶ 29, 33 (claiming that Spartan has suffered damages by reason of Mr. Purrington's statements and that Mr. Purrington has falsely accused Spartan of misleading state agencies). Spartan articulated no objection to these interrogatories, which were served over 150 days ago, and conceded during the parties' meet and confer that Mr. Purrington is entitled to this information. Accordingly, the Court should issue an order directing Spartan to answer Interrogatories Nos. 5 and 10. Fed. R. Civ. P. 33(b)(2); Local Rules of Civil Procedure, E.D. Pa. 26.1(g).

II. The Court Should Order Spartan To Produce Documents Responsive to Requests Nos. 2, 3, 6, 9, 13, 14, 16, 21, 22, 23, 26, 31, and 32

The documents sought in Requests Nos. 2, 3, 6, 9, 13, 14, 16, 21, 22, 23, 26, 31, and 32 are discoverable, Spartan's time for responses has long passed, no objection has been raised to these requests, and Spartan has produced no responsive documents. See Fed. R. Civ. P. 34(b) (requiring responses and objections to document requests to be served within thirty days); Exs. 2 & 3. Accordingly, the Court should order Spartan to produce documents responsive to these requests. Fed. R. Civ. P. 34(b); Local Rules of Civil Procedure, E.D. Pa. 26.1(g).

Although each of these requests for production seeks slightly different material, Requests Nos. 2, 3, 6, 9, 13, 14, 16, 21, 22, 23, and 26 all call for discoverable information that pertains to whether the allegedly defamatory statements made by Mr. Purrington are, in fact, accurate. Truth is a defense to a defamation claim. *Alston v. Nat'l Conference of Bar Examiners*, 314 F. Supp. 3d 620, 626 (E.D. Pa. 2018); *see also Ames v. Am. Radio Relay League, Inc.*, 716 Fed. App'x 115, 118 (3d Cir. 2017). Here, among other things, Spartan contends that Mr. Purrington made allegedly false statements "concerning the performance of the Spartan Mosquito Eradicator, the science behind the product, the health consequences of its use, and the Plaintiff's marketing." Amend. Compl. ¶ 8. Spartan also contends that Mr. Purrington made false statements concerning the regulatory status of the product. Amend. Compl. ¶¶ 20, 24. The document requests at issue here seek information that would tend to prove the veracity of the allegedly defamatory statements. Requests Nos. 2, 3, 14, 16, 21, and 22 each call for documents related to the performance of Spartan's product and the science behind the product, including experimental data, case studies, and correspondence concerning the operation of the product. Ex. 2 at 5-7. Requests Nos. 6, 13, 23, and 26 require the production of marketing materials for the product and related documents. Ex. 2 at 6-7. Request No. 9 seeks documents concerning the regulatory compliance of the product. Ex. 2 at 6. Accordingly, these materials are discoverable, Spartan's responses are overdue, and the Court should issue an order directing Spartan to produce documents responsive to these requests. Fed. R. Civ. P. 34(b); Local Rules of Civil Procedure, E.D. Pa. 26.1(g).

Requests Nos. 31 and 32 similarly seek discoverable information concerning Spartan's alleged damages, which must be produced. Information concerning a plaintiff's damages falls squarely within the scope of discovery under Rule 26. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring the production of documents concerning damages as part of mandatory initial

disclosures). Request 31 calls for the production of documents concerning any lost sales that Spartan contends are related to Mr. Purrington's statements. Ex. 2 at 8. Request 32 generally seeks information concerning Spartan's damages. *Id*. Therefore, the Court should also order Spartan to produce documents responsive to Requests Nos. 31 and 32. Fed. R. Civ. P. 34(b); Local Rules of Civil Procedure, E.D. Pa. 26.1(g).

      III.    The Court Should Order Spartan To Produce The Full Video Of Spartan's Product and Other Documents Responsive To Request No. 30

As with other requests, Spartan did not articulate an objection to Request No. 30, but has refused to produce a complete response. Request 30 seeks "[a]ll photographs and videos of mosquitos entering the holes in the Product, including all unedited versions of such photographs and videos." Ex. 2 at 8. Those materials are discoverable, because Spartan claims that it has video footage demonstrating how its product operates, a key issue in this case. *See* Amend. Compl. ¶ 5. Spartan made no objection to this request and stated that it is producing responsive documents. Ex. 3 at 9. In Spartan's document production, however, it produced only a fragment of one video that appears to show mosquitos in a lab with an unidentifiable Spartan product, the full version of which appears to contain approximately eleven hours of footage. *See* Ex. 7. The fragment of the video that Spartan produced, however, does not include sufficient footage to demonstrate: (1) which product appears in the video; (2) how the experiment depicted in the video was set up; and (3) how mosquitos interacted with the product during the remaining hours of footage not produced. During the parties' meet and confer, Spartan articulated that producing the entire video would be too expensive and too burdensome. As described more fully below, however, a naked assertion of burden or expense does not justify withholding discoverable information. *See infra*, § IV.B. Accordingly, the Court should order Spartan to produce the full video responsive to

Request No. 30, along with any other photographs or videos in Spartan's possession responsive to this request. Fed. R. Civ. P. 34(b); Local Rules of Civil Procedure, E.D. Pa. 26.1(g).

  IV. The Court Should Strike Spartan's Unsupported Objections To Request Nos. 4, 5, 7, 8, 11, 12, 15, 20, and 25 and Order Spartan To Produce Responsive Documents

Spartan's objections to Request Nos. 4, 5, 7, 8, 11, 12, 15, 20, 21, and 25 do not establish legally sufficient grounds to resist discovery. Because Spartan has not stated valid objections and each of those requests seeks discoverable information, the Court should strike the objections and enter an order compelling production of the requested materials.

  A. Spartan's Objection to Request No. 4 Does Not Justify Its Failure To Produce Responsive Documents

Spartan improperly refused to produce documents responsive to Request No. 4, which seeks discoverable information; Spartan's objection should be stricken and Spartan should be ordered to produce documents responsive to this request. Request No. 4 seeks "[a] copy of all non-disclosure or confidentiality agreements entered into between Spartan Mosquito and any person conducting experiments on the Product." Ex. 2 at 5. Spartan objected to this request on two apparent grounds: confidentiality and relevance. *See* Ex. 3 at 2. Contrary to Spartan's objections, the information sought in Request No. 4 is discoverable and its objections do not provide a valid basis to withhold the requested documents.

The information sought in Request No. 4 is both discoverable and relevant because it relates to persons who have knowledge of the operation of Spartan's product through experimentation. The identity of individuals who might have discoverable information is a core area of discovery under the Federal Rules. *See* Fed. R. Civ. P. 26(a)(1)(A)(i) (requiring parties to identify individuals who potentially have discoverable information as part of mandatory initial disclosures). Copies of non-disclosure or confidentiality agreements would show the identity of individuals who conducted experiments on Spartan's products, as well as whether Spartan made

an effort to suppress information concerning unsuccessful experiments on its products. As noted above, Spartan explicitly accuses Mr. Purrington of making allegedly defamatory statements concerning the performance of its product and concerning whether Spartan intentionally misled consumers concerning that performance. *See* Amend. Compl. ¶ 8. Mr. Purrington believes that experimentation conducted by Spartan itself will demonstrate the truth of his statements, particularly that the product does not operate as claimed in Spartan's marketing materials. Accordingly, the identity of individuals who have conducted experiments on the product and were required to maintain the confidentiality of information concerning those experiments is relevant and discoverable.

Spartan's confidentiality objection to Request No. 4 is unavailing and should be stricken. First, Spartan inaccurately contends that Mr. Purrington is specifically seeking confidential information. To the contrary, the existence and substance of a confidentiality agreement is not necessarily itself confidential nor likely to contain confidential information about the operation of Spartan's product. Second, "[i]t is well settled that there is no absolute privilege for trade secrets and similar confidential information; the protection afforded is that if the information sought is shown to be relevant and necessary, proper safeguards will attend disclosure." Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2043 (3d ed. 2020). Spartan's objection identifies no confidential information contained in the confidentiality agreements sought that would merit protection under the Federal Rules and has not articulated any safeguards that it contends are necessary to protect any such purportedly confidential information. Accordingly, the Court should strike Spartan's objections and order it to produce documents responsive to Request No. 4.

B.  The Court Should Strike Spartan's Objections and Order Spartan to Produce Documents Responsive to Requests Nos. 5, 7, 8, 12, and 15

Requests Nos. 5, 7, 8, 12, and 15 seek discoverable information to which Mr. Purrington is entitled under the Federal Rules of Civil Procedure. Spartan's burden objections to those requests are without a basis in law or fact, and the Court should strike those objections and compel Spartan to produce documents responsive to these requests.

Each of these requests targets discoverable information because the materials sought relate to whether the statements Mr. Purrington made are false. As previously noted, truth is a defense to a defamation claim. *Alston*, 314 F. Supp. 3d at 626. Here, Spartan alleges that Mr. Purrington's statements concerning the operation of its product, the regulatory compliance of its product, and its marketing materials are false and defamatory. *See* Amend. Compl. ¶¶ 8, 20, 24. Request Nos. 5, 7, and 12 seek documents concerning the operation of Spartan's product, a central issue in this case. Ex. 2 at 6. Request No. 8 calls for the production of documents relating to the regulatory compliance of Spartan's product. *Id*. Finally, Request No. 15 seeks communications between Spartan and a third party concerning the marketing materials for Spartan's product. *Id*. Accordingly, all the requests seek relevant and discoverable documents.

Spartan's bare objections that these requests are burdensome or "too broad" do not suffice to prevent discovery of these materials. "Where a party contends that the sought discovery causes an undue burden, they must demonstrate specifically how each item of discovery is objectionable by offering evidence revealing the nature of the burden." *Mut. Indus., Inc. v. Am. Int'l Indus.*, No. 11-5007, 2013 WL 3716516, at *2 (E.D. Pa. July 15, 2013) (Surrick, J.) (quoting *Northern v. City of Phila.* No. 98-6517, 2000 WL 355526, at *2 (E.D. Pa. Apr. 4, 2000)) (internal quotations omitted); *see also Creely,* 2005 WL 44526, at *1 ("[A] party's statement 'that the discovery sought is overly broad, burdensome, oppressive, vague or irrelevant is not adequate to voice a successful

objection.'") (internal quotations omitted); *Bolus v. Carnicella*, No. 15-CV-01062, 2020 WL 930329, at *6 (M.D. Pa. Feb. 26, 2020) (same).  Here, Spartan merely conjectures – apparently without conducting an investigation to quantify precisely the amount of data at issue or the cost of producing it – that these requests would encompass "hundreds of thousands of pages" or "tens of thousands of pages" or "over a million pages" Ex. 3 at 2-3, 5.  Spartan plainly failed to undertake to gather evidence relating to the burden that these requests might impose, because the Spartan Objections contain generic claims that it "would not be feasible" or it would be "difficult" or "impossible" even to identify such documents. *Id*.  Such objections do not carry Spartan's burden to resist discovery, and the Court should strike the objections and order Spartan to produce documents responsive to Requests Nos. 5, 7, 8, 12, and 15.

    C. <u>The Court Should Strike Spartan's Objections And Order Spartan To Produce Documents Responsive to Request No. 11</u>

Spartan's objection to Request No. 11 does not justify its failure to produce documents responsive to this request, and the Court should order Spartan to provide this discoverable information.  Request No. 11 seeks "[a]ll prior versions of Spartan Mosquito's website." Ex. 2 at 6.  These materials are discoverable both because they constitute marketing materials that Mr. Purrington reviewed during his investigation of the Spartan product, and because Mr. Purrington believes that Spartan's website has changed during the relevant time period. *See* Amend. Compl. Ex. J (containing a statement by Mr. Purrington concerning his review of the Spartan website).

 Spartan objected that "it may not be possible to comply with this request as prior versions of the website are not necessarily saved," but agreed to produce any extant copies. Ex. 3 at 4.  As an initial matter, Spartan's obligation to preserve documents relevant to its claims arose as early as late 2019, when it contemplated filing suit against Mr. Purrington, and Spartan should therefore

have in its possession, at a minimum, the versions of its website that were active in late 2019. *See Orion Drilling Co. v. EQT Prod. Co.*, No. 16-CV-1516, 2018 WL 4344980, at *3-4 (W.D. Pa. Sept. 11, 2018). During the parties' meet and confer, counsel for Spartan reversed its position and claimed that Spartan does have copies of changes to its website, but that it would be too burdensome for Spartan to produce them. As with the requests discussed in the prior section, Spartan has not articulated any specifics for its burden objection, which does not suffice as a matter of law, to justify a refusal to produce discoverable documents. Accordingly, the Court should strike Spartan's objection to Request No. 11 and order Spartan to produce the requested documents.

> D. The Court Should Strike Spartan's Objections and Order Spartan To Produce Documents Responsive to Request No. 20

Request No. 20 also seeks discoverable information to which Spartan has not articulated any valid objection. This document request calls for the production of documents concerning the creation and organization of the West Nile Education, Eradication, Prevention, and Recovery Organization. Ex. 2 at 7. This organization has been involved in distributing Spartan products and information concerning its founding is therefore relevant to Spartan's marketing efforts, which are at issue in this litigation. *See* Press Release, W. Nile Educ., Eradication, Prevention & Recovery Organization, *600 Families Provided with Free Mosquito Products in Claiborne County after First West Nile Case Announced* (July 10, 2020), *available at*: https://weep-recover.com/news. Spartan objected to the request because it seeks documents concerning an organization that is "not a party to this case or mentioned in the pleadings." Ex. 3 at 6. The Federal Rules of Civil Procedure do not prohibit discovery concerning third parties who are not named in the pleadings. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, the Court should strike Spartan's objection and order it to produce any responsive documents.

      E.      <u>The Court Should Strike Spartan's Objections and Order Spartan To Produce Documents Responsive To Request No. 25</u>

Although counsel for Mr. Purrington believed that any objection to Request No. 25 had been resolved via the parties' meet and confer, Spartan has not produced responsive documents. This request targets correspondence between Spartan and reviewers of its products who received a complimentary product in exchange for their review. Ex. 2 at 7. The material sought is discoverable and relevant because it pertains to Spartan's marketing efforts and claims of the product's effectiveness, which are topics of the statements that Spartan asserts are defamatory. *See* Amend. Compl. ¶ 8. Spartan objected to this request as burdensome because it would "cover a large amount of philanthropic efforts in which the Plaintiff has donated Product." Ex. 3 at 7. During the parties' meet and confer, and in correspondence concerning Spartan's objections, counsel for Mr. Purrington clarified that he sought only documents related to circumstances where Spartan provided product in exchange for a review, and Spartan agreed to produce documents based upon that understanding. *See* Ex. 6. Nevertheless, Spartan has not produced those documents. Again, because these materials are discoverable and the parties have resolved Spartan's objection, the Court should enter an order compelling Spartan to produce these documents.

## **CONCLUSION**

For the reasons set forth above, defendant Colin Purrington respectfully requests that the Court grant his motion and issue an order: (1) directing Spartan to respond to Interrogatories Nos. 5 and 10 within fourteen days of the date of the order; (2) compelling Spartan to produce all documents responsive to Request Nos. 2, 3, 6, 9, 13, 14, 16, 21, 22, 23, 26, 31, and 32 within fourteen days of the date of the order; (3) compelling Spartan to produce all documents responsive to Request No. 30, including an unedited copy of the previously produced video, within fourteen

days of the date of the Order; (4) striking Spartan's objections and compelling it to produce documents responsive to Requests Nos. 4, 5, 7, 8, 11, 12, 15, 20, and 25 within fourteen days of the date of the order; and (6) granting such other and further relief as the Court deems proper and just.

November 25, 2020              KLEHR HARRISON HARVEY BRANZBURG LLP

By:   */s/ Paige M. Willan*
     Paige M. Willan
     1835 Market Street, 14th Floor
     Philadelphia, PA 19103
     (215) 569-2700
     pwillan@klehr.com

*Attorneys for Defendant Colin Purrington*

**CERTIFICATION OF SERVICE**

I hereby certify that on November 25, 2020, I served a true and correct copy of the foregoing Memorandum of Law in Support of Defendant's Motion to Compel via this Court's electronic filing system on the below-listed counsel for Plaintiff AC2T, Inc.:

Evan L. Frank, Esq.
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
afrank@alflaw.net

*Counsel for Plaintiff AC2T, Inc.*

By: /s/ Paige M. Willan
Paige M. Willan

PHIL1 9168948v.1