# Exhibit 1

**KLEHR, HARRISON,**
**HARVEY, BRANZBURG LLP**
By: Douglas F. Schleicher and Paige M. Willan
PA. Id. Nos. 44078 and 313117
1835 Market Street
Philadelphia, PA 19103
 (215) 569-2700
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| AC2T, INC. d/b/a SPARTAN MOSQUITO, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action |
| | : | Case No. 2:19-cv-05946-RBS |
| | : | |
| COLIN PURRINGTON, | : | |
| Defendant. | : | |

## DEFENDANT'S FIRST SET OF INTERROGATORIES
## DIRECTED TO PLAINTIFF AC2T, INC. D/B/A SPARTAN MOSQUITO

Defendant Colin Purrington hereby demands, pursuant to Rule 33 of the Federal Rules of Civil Procedure, that Plaintiff AC2T, Inc. d/b/a Spartan Mosquito serve verified responses to the below interrogatories upon counsel for Defendant, Klehr Harrison Harvey Branzburg LLP, 1835 Market Street, Suite 1400, Philadelphia, PA 19103, within thirty (30) days of the date of service hereof.

### DEFINITIONS

1.      <u>You</u>. The term "you" or "your" shall mean Plaintiff, and anyone acting, or purporting to act, on its behalf.

2.      <u>Spartan Mosquito</u>.  The term "Spartan Mosquito" shall mean AC2T, Inc. d/b/a Spartan Mosquito, and anyone acting, or purporting to act on its behalf.

3.      Purrington. The term "Purrington" shall mean Defendant Colin Purrington.

4.      Complaint. The term "Complaint" shall mean the Complaint filed by Plaintiff AC2T, Inc. d/b/a Spartan Mosquito on December 16, 2019 in this action.

5.      Product. The term "Product" shall mean the Spartan Mosquito Eradicator, described in paragraph 9 of the Complaint.

6.      Other Products.  The term "Other Products" shall mean any of Spartan Mosquito's products designed to kill and/or deter mosquitoes, including, but not limited to, the Spartan Mosquito Bomb, the Spartan Mosquito Pro Tech, the Spartan Mosquito Eradicator Pro Tech, the Sock-It Skeeter, and any other similar product.

7.      Litigation. The term "Litigation" shall mean the above-captioned action.

8.      State Regulatory Agency. The term "State Regulatory Agency" shall mean any state governmental agency, including agencies in U.S. territories and the District of Columbia, with the authority to regulate pesticides or any products similar in nature to the Product or the Other Products.

9.      EPA. The term "EPA" shall mean the United States Environmental Protection Agency.

10.     Person. The term "Person" shall mean both the plural and the singular of any natural individual or any corporation, firm, partnership, proprietorship, association, joint venture, governmental entity or any business organization, or any other entity.

11.     Document. The term "document" shall include any written, recorded, or graphic matter, including writings, drawings, graphs, charts, photographs, sound recordings, and other data, and includes electronically stored information in any medium, including emails, text messages, instant messages, and similarly stored information that can be obtained either directly

or, if necessary, after translation by the responding party into a reasonably usable form.

12.     <u>Communication</u>.  The term "communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including, but not limited to, through conversation (whether face-to-face, by email, electronic chat, telephone, text message, or otherwise), correspondence, electronic mail, and memoranda.

13.     <u>Concerning</u>.  The term "concerning" shall mean relating to, referring to, reflecting, describing, evidencing or constituting.

14.     <u>Interrogatories</u>.  The term "Interrogatories" shall mean these Interrogatories.

## <u>INSTRUCTIONS</u>

1.      <u>Rules of Construction</u>.

   a.     <u>All/Any/Each</u>.  The terms "all," "any," and "each" shall each be construed as encompassing any and all.

   b.     <u>And/Or</u>.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory all information that might otherwise be construed to be outside of its scope.

   c.     <u>Number</u>.  The use of the singular form of any word includes the plural and vice versa.

   d.     <u>Gender</u>.  The use of the feminine includes the masculine, and vice versa.

2.      <u>Relevant Time Period</u>.   Unless otherwise specified, the Interrogatories call for information created, originated, modified, altered, edited, revised, utilized, or in force from January 1, 2019 to the present.

3.      <u>Privilege</u>.  If a privilege is claimed with respect to any information responsive to these Interrogatories, you shall identify the following information for each such document:

   a.     the nature of the privilege being claimed and, if the privilege is governed by foreign law, or by state law, indicate the foreign jurisdiction's or state's

3

privilege rule being invoked;

b.  the type of document, *e.g.*, letter or memorandum;

c.  the general subject matter of the document;

d.  the date of the document;

e.  the author of the document;

f.  the addressees of the document and any other recipients as reflected in the document; and

g.  when not apparent, the relationship of the author, addressees and recipients to each other.

4.  <u>Identify (with respect to Documents)</u>.  When referring to documents, to "Identify" means to provide the following information:

a.  The type of document;

b.  The general subject matter of the document

c.  The date of the document;

d.  The author(s), according to the document; and

e.  The person(s) to whom, according to the document, the document, or a copy, was sent.

5.  <u>Identify (with respect to Persons)</u>.  When referring to natural persons, to "Identify" means to provide the following information:

a.  The person's full name;

b.  The present or last known address and telephone number;

c.  The present or last known place of employment;

d.  The present or last known job title; and

e.  The relationship, if any, to the Claimants and/or Respondent.

Once a Person has been identified in accordance with this paragraph, only the name of that

4

person need be listed in subsequent discovery requesting identification of that Person.

6.      <u>Continuing Request</u>.  These Interrogatories are continuing in nature, pursuant to Federal Rule of Civil Procedure 26(e).  You are requested to provide supplemental responses, together with any additional documents, if any additional responsive information comes to be within your custody, possession, or control.

## **<u>INTERROGATORIES</u>**

1.      Identify all Persons employed by Spartan Mosquito, either as direct employees or independent contractors, who have knowledge of Purrington's comments and postings.

2.      Identify all Persons who have knowledge of experiments concerning the Product's efficacy.

3.      Identify all Persons who have knowledge of experiments concerning the Other Products' efficacy.

4.      Identify all Persons who have knowledge of Spartan Mosquito's alleged damages in the Litigation.

5.      Describe any damages Spartan Mosquito is seeking in this Litigation by listing the category of damages, the amount, and the basis for seeking those damages.

6.      Identify all Persons who have knowledge of the matters alleged in the Complaint.

7.      Describe any lawsuits concerning the Product in the last five (5) years by listing the court in which the lawsuit was filed, the docket number of the lawsuit, the caption of the lawsuit, and the current status of the lawsuit.

8.      Describe any lawsuits concerning Spartan Mosquito in the last five (5) years by listing the court in which the lawsuit was filed, the docket number of the lawsuit, the caption of the lawsuit, and the current status of the lawsuit.

PHIL1 8910786v.3

9.      Identify all Persons who have knowledge of any lawsuits concerning the Product in the last five (5) years.

10.     List all states that have refused to permit the sale of the Product and list each state's given reason(s) for refusing to permit the sale of the Product.

11.     Identify all Persons at the EPA and any State Regulatory Agency who have knowledge of any health claims in the Product's marketing materials.

Dated: June 5, 2020

                                **KLEHR HARRISON HARVEY BRANZBURG LLP**

                    By:     */s/ Paige M. Willan*
                                Douglas F. Schleicher (I.D. No. 44078)
                                Paige M. Willan (I.D. No. 313117)
                                1835 Market Street
                                Philadelphia, PA 19103
                                (215) 569-2700
                                dschleicher@klehr.com
                                pwillan@klehr.com

                                *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I, Paige M. Willan, hereby certify that, on June 5, 2020, I caused a true and correct copy of the foregoing Defendant's First Set of Interrogatories directed to Plaintiff AC2T, Inc. d/b/a Spartan Mosquito to be served on the below-listed counsel for Plaintiff via electronic mail:

> Evan L. Frank, Esq.
> Alan L. Frank Law Associates, P.C.
> 135 Old York Road
> Jenkintown, PA  19406
> efrank@alflaw.net
>
> *Attorneys for Plaintiff*
> *AC2T, Inc. d/b/a Spartan Mosquito*

*/s/ Paige M. Willan*
Paige Willan

PHIL1 8910786v.3

# Exhibit 2

**KLEHR, HARRISON,**
**HARVEY, BRANZBURG LLP**
By: Douglas F. Schleicher and Paige M. Willan
PA. Id. Nos. 44078 and 313117
1835 Market Street
Philadelphia, PA 19103
 (215) 569-2700
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| AC2T, INC. d/b/a SPARTAN MOSQUITO, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action |
| | : | Case No. 2:19-cv-05946-RBS |
| COLIN PURRINGTON, | : | |
| Defendant. | : | |

**DEFENDANT'S FIRST SET OF DOCUMENT REQUESTS**
**DIRECTED TO PLAINTIFF AC2T, INC. D/B/A SPARTAN MOSQUITO**

Defendant Colin Purrington hereby demands, pursuant to Rule 34 of the Federal Rules of

Civil Procedure, that Plaintiff AC2T, Inc. d/b/a Spartan Mosquito serve responses to the below

document requests upon counsel for Defendant, Klehr Harrison Harvey Branzburg LLP, 1835

Market Street, Suite 1400, Philadelphia, PA 19103, within thirty (30) days of the date of service

hereof.

**DEFINITIONS**

1.     <u>You</u>. The term "you" or "your" shall mean Plaintiff, and anyone acting, or

purporting to act, on its behalf.

2.     <u>Spartan Mosquito</u>.  The term "Spartan Mosquito" shall mean AC2T, Inc. d/b/a

Spartan Mosquito, and anyone acting, or purporting to act on its behalf.

3.      <u>Purrington</u>. The term "Purrington" shall mean Defendant Colin Purrington.

4.      <u>Complaint</u>. The term "Complaint" shall mean the Complaint filed by Plaintiff AC2T, Inc. d/b/a Spartan Mosquito on December 16, 2019 in this action.

5.      <u>Product</u>. The term "Product" shall mean the Spartan Mosquito Eradicator, described in paragraph 9 of the Complaint.

6.      <u>Other Products</u>.  The term "Other Products" shall mean any of Spartan Mosquito's products designed to kill and/or deter mosquitoes, including, but not limited to, the Spartan Mosquito Bomb, the Spartan Mosquito Pro Tech, the Spartan Mosquito Eradicator Pro Tech, the Sock-It Skeeter, and any other similar product.

7.      <u>Marketing Materials</u>. The term "marketing materials" shall mean all marketing, advertising, and promotional materials developed by or for Spartan Mosquito to promote the sale of the Product, including television, radio, and online advertising, point-of-sale materials, package advertising, print media, including catalogs, newsletters, product sheets and brochures, presentation folders, specification sheets, case histories or application sheets, special event brochures, annual reports, manuals, technical bulletins, posters, product insert sheets, and labeling, and any other similar materials.

8.      <u>Data</u>. The term "data" shall mean all types of raw data, articles, papers, charts, records, reports, studies, research, memoranda, computation sheets, questionnaires, surveys, and any other similar documentation.

9.      <u>Operation</u>.   The term "operation" shall mean the process and/or manner of functioning.

10.      <u>Litigation</u>. The term "Litigation" shall mean the above-captioned action.

11.      <u>State Regulatory Agency</u>. The term "State Regulatory Agency" shall mean any U.S.

2

state governmental agency, including agencies in U.S. territories and the District of Columbia, with the authority to regulate pesticides or any products similar in nature to the Product or the Other Products.

12.     <u>EPA</u>. The term "EPA" shall mean the United States Environmental Protection Agency.

13.     <u>FTC</u>.  The term "FTC" shall mean the United States Federal Trade Commission.

14.     <u>Amazon</u>.  The term "Amazon" shall mean Amazon.com, Inc. and anyone acting on its behalf.

15.     <u>Person</u>. The term "Person" shall mean both the plural and the singular of any natural individual or any corporation, firm, partnership, proprietorship, association, joint venture, governmental entity or any business organization, or any other entity.

16.     <u>Document</u>. The term "document" shall include any written, recorded, or graphic matter, including writings, drawings, graphs, charts, photographs, sound recordings, and other data, and includes electronically stored information in any medium, including emails, text messages, instant messages, and similarly stored information that can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

17.     <u>Communication</u>. The term "communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including, but not limited to, through conversation (whether face-to-face, by email, electronic chat, telephone, text message, or otherwise), correspondence, electronic mail, and memoranda.

18.     <u>Concerning</u>. The term "concerning" shall mean relating to, referring to, reflecting, describing, evidencing or constituting.

19.     <u>Requests</u>. The term "Requests" shall mean these document requests.

3

## **INSTRUCTIONS**

1.      <u>Rules of Construction</u>.

   a.      <u>All/Any/Each</u>.  The terms "all," "any," and "each" shall each be construed as encompassing any and all.

   b.      <u>And/Or</u>.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

   c.      <u>Number</u>.  The use of the singular form of any word includes the plural and vice versa.

   d.      <u>Gender</u>.  The use of the feminine includes the masculine, and vice versa.

2.      <u>Relevant Time Period</u>.  Unless otherwise specified, the Requests call for documents created, originated, modified, altered, edited, revised, utilized, or in force from January 1, 2019 to the present.

3.      <u>Privilege</u>.  If a privilege is claimed with respect to any document responsive to these Requests, you shall identify the following information for any document withheld:

   a.      the nature of the privilege being claimed and, if the privilege is governed by foreign law, or by state law, indicate the foreign jurisdiction's or state's privilege rule being invoked;

   b.      the type of document, *e.g.*, letter or memorandum;

   c.      the general subject matter of the document;

   d.      the date of the document;

   e.      the author of the document;

   f.      the addressees of the document and any other recipients as reflected in the document; and

   g.      when not apparent, the relationship of the author, addressees and recipients to each other.

4.      Destruction of Documents.  If any document within the scope of these Requests has been destroyed, that document shall be identified by listing its author(s), intended or unintended recipient(s), addressee(s), intended or unintended recipients of blind copies, date, and subject matter, and the date and circumstances of its destruction.   Any documents relating to such destruction shall be produced.

5.      Transferred Documents.  If any requested document was, but no longer is, in your possession or under your control, state precisely what disposition was made of it, the date on which such disposition was made, and the identity of the person who ordered or authorized such a disposition.

6.      Scope of the Requests.  These Requests call for the production of documents in your possession, custody, or control, wherever in the world such documents may be located.  In addition to original and final versions of documents, all drafts, alterations, modifications, changes and amendments of documents should be produced, as well as all copies non-identical to the original in any respect, including any copy bearing marginalia, non-identical markings, or notations of any kind.

7.      Continuing Request.  These Requests are continuing in nature, pursuant to Federal Rule of Civil Procedure 26(e).  You are requested to provide supplemental responses, together with any additional documents, if any additional responsive documents come to be, or are found to be, within your custody, possession or control.

## DOCUMENT REQUESTS

1.      All non-privileged documents and correspondence concerning Purrington.

2.      All documents concerning experimental tests concerning the Product.

3.      All data obtained from experimental tests concerning the Product.

4.      A copy of all non-disclosure or confidentiality agreements entered into between Spartan Mosquito and any person conducting experiments on the Product.

5.      All documents concerning the operation of the Product.

6.      A copy of any marketing materials concerning the Product.

7.      All correspondence between Spartan Mosquito employees concerning the operation of the Product.

8.      All correspondence between Spartan Mosquito and any State Regulatory Agency, including but not limited to the Mississippi Department of Health and the Mississippi Attorney General's Office, concerning the operation or regulatory compliance of the Product.

9.      All correspondence between Spartan Mosquito and the EPA concerning the regulatory compliance of the Product.

10.     All correspondence between Spartan Mosquito and the FTC concerning the regulatory compliance of the Product.

11.     All prior versions of Spartan Mosquito's website.

12.     All correspondence between Spartan Mosquito and any supplier or distributer concerning the operation of the Product.

13.     A copy of any marketing materials sent to any supplier or distributor concerning the Product.

14.     All case study documents concerning the Product produced by Think Webstore.

15.     All correspondence between Spartan Mosquito and Think Webstore concerning the Product's marketing materials.

16.     All correspondence between Spartan Mosquito and Wendy Varnado concerning the Product or the Other Products.

6

17.     All documents concerning the creation and organization of the InMoCo Corporation.

18.     All correspondence between Spartan Mosquito and the InMoCo Corporation concerning the use of the Product in Africa.

19.     All documents and data concerning the use of the Product in Africa.

20.     All documents concerning the creation and organization of the West Nile Education, Eradication, Prevention, and Recovery Organization.

21.     All correspondence between Spartan Mosquito and the West Nile Education, Eradication, Prevention, and Recovery Organization concerning the Product.

22.     All correspondence between Spartan Mosquito and any retailer concerning the operation of the Product.

23.     A copy of any marketing materials sent to any retailer concerning the Product.

24.     All correspondence between Spartan Mosquito and Amazon concerning the operation of the Product and/or the regulatory compliance of the Product.

25.     All correspondence between Spartan Mosquito and any Product reviewers who have received complimentary Products from Spartan Mosquito.

26.     All press releases concerning the Product.

27.     All deleted Facebook reviews and comments concerning the Product.

28.     All communications with customers who were unsatisfied with the Product and whose Facebook reviews and comments were deleted by Spartan, including but not limited to any text messages or Facebook messages sent to any such customers.

29.     A copy of the "approximately 150". . . "defamatory statements" made by Purrington referenced in paragraph 12 of the Complaint.

7

30.     All photographs and videos of mosquitoes entering the holes in the Product, including all unedited versions of such photographs and videos.

31.     All documents concerning any lost sales of the Product or the Other Products that Spartan Mosquito contends are related to any statements made by Purrington.

32.     All documents concerning any damages sought in the Litigation.

33.     The resume or curriculum vitae of any expert witness Spartan Mosquito intends to call at any hearing, arbitration, or trial of this Litigation.

34.     All documents Spartan Mosquito has provided to any expert witness who Spartan Mosquito intends to call at any hearing, arbitration, or trial of this Litigation.

35.     All documents Spartan Mosquito intends to use at any hearing, arbitration, or trial of this Litigation.

Dated: June 5, 2020

**KLEHR HARRISON HARVEY BRANZBURG LLP**

By:     _/s/ Paige M. Willan_
        Douglas F. Schleicher (I.D. No. 44078)
        Paige M. Willan (I.D. No. 313117)
        1835 Market Street
        Philadelphia, PA 19103
        (215) 569-2700
        dschleicher@klehr.com
        pwillan@klehr.com

        _Attorneys for Defendant_

## <u>CERTIFICATE OF SERVICE</u>

I, Paige M. Willan, hereby certify that, on June 5, 2020, I caused a true and correct copy

of the foregoing Defendant's First Set of Document Requests directed to Plaintiff AC2T, Inc. d/b/a

Spartan Mosquito to be served on the below-listed counsel for Plaintiff via electronic mail:

> Evan L. Frank, Esq.
> Alan L. Frank Law Associates, P.C.
> 135 Old York Road
> Jenkintown, PA  19406
> efrank@alflaw.net
>
> *Attorneys for Plaintiff*
> *AC2T, Inc. d/b/a Spartan Mosquito*

/s/ Paige M. Willan
Paige Willan

9

# Exhibit 3

**Evan L. Frank, Esq.**
**Alan L. Frank Law Associates, P.C.**
**PA Bar No. 311994**
**135 Old York Road**
**Jenkintown, PA 19046**
**215-935-1000**
**215-935-1110 (fax)**
**efrank@alflaw.net**
**Counsel for Plaintiff**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AC2T, Inc., d/b/a Spartan Mosquito,** | : | |
| | : | **Civil Action** |
| **Plaintiff,** | : | **Case No. 2:19-cv-05946-RBS** |
| | : | |
| **v.** | : | |
| | : | |
| **Colin Purrington,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST DOCUMENT REQUESTS**

1.      All non-privileged documents and correspondence concerning

Purrington.

     Response:  The Plaintiff is producing documents responsive to this request.

2.      All documents concerning experimental tests concerning the Product.

     Response:  The Plaintiff is producing documents responsive to this request.

3.      All data obtained from experimental tests concerning the Product.

     Response:  The Plaintiff is producing documents responsive to this request.

4.      A copy of all non-disclosure or confidentiality agreements entered into

between Spartan Mosquito and any person conducting experiments on the Product.

Response:  The Plaintiff objects to request 4.  The requested documents are not

relevant to any fact at issue in this case.  The existence of non-disclosure or

confidentiality agreements is itself not a fact at issue in this case.  Such agreements do

not make the Defendant's defamatory statements more true or false; they do not make

the product work better or worse, they do not make the Defendant's claims that the

product spreads diseases any truer, and so on.  The requested information has nothing

to do with the Defendant's claims that the Plaintiff deceives customers, that the product

spreads diseases, that the product does not work, or any of the other defamatory

allegations at issue in this case.  The request is specifically targeted at confidential

information since it literally defines the requested materials by their confidential status.

The request is asking for documents not because of any relevance to this case, but solely

based on the fact that at one time or another the Plaintiff or another party asked for

confidentiality.

5.      All documents concerning the operation of the Product.

Response:  The Plaintiff objects that this request is too broad, but is willing to

produce a sub-category of the documents requested.  The Plaintiff estimates that this

request as worded would cover hundreds of thousands of pages, and moreover it

would not be feasible to identify each one.  The Plaintiff will produce documentation

concerning testing of the product and efficacy data, and would consider more particular

requests.

      6.     A copy of any marketing materials concerning the Product.

     Response:  The Plaintiff is producing documents responsive to this request.

      7.     All correspondence between Spartan Mosquito employees concerning the

operation of the Product.

     Response:  The Plaintiff objects because it would not be possible to compile the

documents requested.  The Plaintiff estimates that this request would cover hundreds of

thousands of pages, and there is no feasible way to locate each one.  However, the

Plaintiff would be willing to consider a more particular request that is narrower and

more defined than request 7.

      8.     All correspondence between Spartan Mosquito and any State Regulatory

Agency, including but not limited to the Mississippi Department of Health and the

Mississippi Attorney General's Office, concerning the operation or regulatory

compliance of the Product.

     Response:  The Plaintiff objects that this request covers so much documentation

that it is not feasible for the Plaintiff to comply.  Each state has its own regulatory

agency; each submission often requires a back-and-forth dialogue; and the submissions

are often repeated annually.  This would yield tens of thousands of pages which would

be difficult to locate and compile.  Moreover, some states do not require correspondence

as such, but rather data entry into online forms, which are not saved in a form that can be produced.  However, the Plaintiff would be willing to consider a more targeted request.  By way of further response, the Plaintiff is not aware of any correspondence with the Mississippi Department of Health or Mississippi Attorney General's Office, concerning the operation or regulatory compliance of the Product.

9.      All correspondence between Spartan Mosquito and the EPA concerning the regulatory compliance of the Product.

Response:  The Plaintiff is currently searching for whether there are any responsive documents related to regulatory compliance of the Product.  However, by way of further answer, 25(b) products such as the Product are not registered with the EPA.

10.     All correspondence between Spartan Mosquito and the FTC concerning the regulatory compliance of the Product.

Response:  None to the Plaintiff's knowledge.

11.     All prior versions of Spartan Mosquito's website.

Response:  The Plaintiff objects because it may not be possible to comply with this request as prior versions of the website are not necessarily saved, particular when minor changes are made.  However, the Plaintiff is willing to produce any such versions of the website that it is able to recover.

12.     All correspondence between Spartan Mosquito and any supplier or
distributer concerning the operation of the Product.

Response:  The Plaintiff objects because this request would cover hundreds of
thousands of pages which would be impossible to locate and compile.  However, the
Plaintiff would be willing to consider a narrower request within this category.

13.     A copy of any marketing materials sent to any supplier or distributor
concerning the Product.

Response:  The Plaintiff is producing documents responsive to this request.

14.     All case study documents concerning the Product produced by Think
Webstore.

Response:  The Plaintiff is producing documents responsive to this request.

15.     All correspondence between Spartan Mosquito and Think Webstore
concerning the Product's marketing materials.

Response:  The Plaintiff objects that this request is too broad and needs to be
narrowed.  The Plaintiff estimates that this request would cover over a million pages,
and it would not be feasible to identify and gather each one.

16.     All correspondence between Spartan Mosquito and Wendy Varnado
concerning the Product or the Other Products.

Response:  The Plaintiff objects to the part of this request concerning other products as not relevant.  However, the Plaintiff will produce any such correspondence concerning the Product.

17.     All documents concerning the creation and organization of the InMoCo Corporation.

Response:  The Plaintiff objects to this request.  The request is not relevant because by its own terms it is asking for corporate documents from a corporation that is not a party to this case or even mentioned in the pleadings.

18.     All correspondence between Spartan Mosquito and the InMoCo Corporation concerning the use of the Product in Africa.

Response:  None to the Plaintiff's knowledge – the Product is not used in Africa.

19.     All documents and data concerning the use of the Product in Africa.

Response:  None to the Plaintiff's knowledge – the Product is not used in Africa.

20.     All documents concerning the creation and organization of the West Nile Education, Eradication, Prevention, and Recovery Organization.

Response:  The Plaintiff objects to this request.  The request is not relevant because by its own terms it is asking for organization documents from an entity that is not a party to this case or mentioned in the pleadings.

21.     All correspondence between Spartan Mosquito and the West Nile Education, Eradication, Prevention, and Recovery Organization concerning the Product.

Response:  The Plaintiff will produce documents responsive to this request, if

any.

22.     All correspondence between Spartan Mosquito and any retailer

concerning the operation of the Product.

Response:  The Plaintiff is willing to produce any documents responsive to this

request that it is aware of.  However, the Plaintiff generally does not sell directly to

retailers.

23.     A copy of any marketing materials sent to any retailer concerning the

Product.

Response:  The Plaintiff is willing to produce any documents responsive to this

request that it is aware of.  However, the Plaintiff generally does not sell directly to

retailers.

24.     All correspondence between Spartan Mosquito and Amazon concerning

the operation of the Product and/or the regulatory compliance of the Product.

Response:  None.  The Plaintiff itself does not sell on Amazon, although some of

its distributors do.

25.     All correspondence between Spartan Mosquito and any Product reviewers

who have received complimentary Products from Spartan Mosquito.

Response:  This request as worded would cover a large amount of philanthropic

efforts in which the Plaintiff has donated Product, of which many have led to reviews.

The Plaintiff objects because this request would cover hundreds of thousands of pages which are difficult to compile, and moreover it would include customers' private information. However, the Plaintiff would consider a more targeted request within this category. By way of further answer, the Defendant's comments on Amazon make up a large percentage of the total negative comments about the Product.

26.     All press releases concerning the Product.

Response: The Plaintiff is producing documents responsive to this request.

27.     All deleted Facebook reviews and comments concerning the Product.

Response: There are no Facebook reviews that Spartan has deleted – Facebook does not even allow businesses to delete reviews. The Plaintiff's understanding is that Facebook does not have the capability to retrieve deleted comments.

28.     All communications with customers who were unsatisfied with the Product and whose Facebook reviews and comments were deleted by Spartan, including but not limited to any text messages or Facebook messages sent to any such customers.

Response: The Plaintiff objects because this request is too burdensome – the Plaintiff has sold over 1.6 million boxes this year, so even a tiny percentage of product defects or installation errors would yield a large amount of correspondence with customers. Moreover, this request is not limited to a single year. The Plaintiff also objects because this request would include customers' private information. When the

Plaintiff opens a troubleshooting dialogue with a customer or vice versa, the Plaintiff

makes the communications private as the troubleshooting often involves personal

identifying information such as home address.  Many deleted posts on social media are

deleted because they are spam, contain obscenities, and so on.  Moreover, the Plaintiff's

understanding is that Facebook cannot recover deleted messages.

29.     A copy of the "approximately 150". . . "defamatory statements" made by

Purrington referenced in paragraph 12 of the Complaint.

Response:  The Plaintiff is producing documents responsive to this request.

30.     All photographs and videos of mosquitoes entering the holes in the

Product, including all unedited versions of such photographs and videos.

Response:  The Plaintiff is producing documents responsive to this request.

31.     All documents concerning any lost sales of the Product or the Other

Products that Spartan Mosquito contends are related to any statements made by

Purrington.

Response:  The Plaintiff is producing documents responsive to this request.

32.     All documents concerning any damages sought in the Litigation.

Response:  The Plaintiff is producing documents responsive to this request.

33.     The resume or curriculum vitae of any expert witness Spartan Mosquito

intends to call at any hearing, arbitration, or trial of this Litigation.

Response:  The Plaintiff will produce the documents requested if the Plaintiff

chooses to offer expert testimony at trial.

34.     All documents Spartan Mosquito has provided to any expert witness who

Spartan Mosquito intends to call at any hearing, arbitration, or trial of this Litigation.

Response:  The Plaintiff objects in part because the request in paragraph 34 is

broader than the discovery allowed by Rule 26(a)(2) and 26(b)(4).  The Defendant may

obtain documents provided to the expert only if those documents are relied on by the

expert in forming opinions to be expressed at trial.  The Plaintiff will produce any such

documents if it chooses to have an expert testify at trial.  However, other documents

provided to the expert are explicitly protected under Rule 26.

35.     All documents Spartan Mosquito intends to use at any hearing,

arbitration, or trial of this Litigation.

Response:  The Plaintiff is producing documents responsive to this request.

Respectfully submitted,


 /s/ Evan L. Frank                        
Evan L. Frank, Esq.
Alan L. Frank Law Associates, P.C.
PA Bar No. 311994
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
efrank@alflaw.net
Counsel for Plaintiff

August 12, 2020

10

# Exhibit 4



**KLEHR HARRISON
HARVEY BRANZBURG**LLP

Paige M. Willan
Direct Dial: (215) 569-4283
Email: pwillan@klehr.com

August 26, 2020

**VIA ELECTRONIC MAIL**
Evan L. Frank
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
efrank@alflaw.net

   Re: *AC2T, Inc. v. Purrington*, No. 19-CV-05946 (E.D.Pa.)

Dear Evan:

   As you know, we represent defendant Colin Purrington in the above-referenced matter.  I write concerning Plaintiff's Response to Defendant's First Document Requests, which was served on August 12, 2020 (the "Responses and Objections").

   As an initial matter, we still have not received Plaintiff's responses to Mr. Purrington's interrogatories, which were served on June 5, 2020, nor any of the documents that Spartan agreed to produce in the Responses and Objections.  Please let us know when we can expect to receive those materials.

   With respect to the Responses and Objections, Purrington disagrees with a number of the objections that AC2T, Inc. ("Spartan" or "Plaintiff") has made to certain of Mr. Purrington's document requests.

   First, Spartan has refused to produce documents responsive to Request No. 4, which seeks "A copy of all non-disclosure or confidentiality agreements entered into between Spartan Mosquito and any person conducting experiments on the Product." Spartan's stated grounds for its refusal to produce such documents are that the existence of such documents "is not a fact at issue in this case" and that the request is "specifically targeted at confidential information, since it literally defines the requested materials by their confidential status."  Neither of those objections are valid reasons for refusing to produce these documents.  Copies of non-disclosure or confidentiality agreements are not themselves confidential, nor could Spartan reasonably contend that such documents contain Spartan's proprietary materials.  In addition, Plaintiff initiated this lawsuit because, Spartan alleges, Mr. Purrington made false statements concerning the operation of Spartan's Mosquito Eradicator product (the "Product").  Copies of non-disclosure or

PHIL1 9090200v.2



Evan L. Frank
August 26, 2020
Page 2

confidentiality agreements to which researchers testing the Product were subject are discoverable because they may reveal whether individuals or institutions exist who have conducted scientific tests of the product, discovered it does not operate as intended, and are bound not to reveal that information pursuant to a confidentiality agreement.  Please advise whether Spartan will produce those documents.

Second, Spartan objected to Requests Nos. 5, 7, 8, 12, 15, and 25 as "too broad" and contends that those requests, as worded, would capture so many documents that it would "not be feasible" to identify and produce them.  Such an objection does not comply with Plaintiff's obligations under the Federal Rules of Civil Procedure.  To sustain an objection of burden or overbreadth, a responding party must provide specific facts demonstrating why responding to the discovery would be burdensome or overly broad. *McDevitt v. Verizon Servs. Corp.*, No. 14-cv-4125, 2016 WL 1072903, at *2 (E.D. Pa. Feb. 22, 2016); *see also Bolus v. Carnicella*, No. 15-CV-01062, 2020 WL 930329, at *6 (M.D. Pa. Feb. 26, 2020).  Merely asserting conclusory statements that the requests would encompass numerous documents does not suffice.  *Bolus*, 2020 WL 930329, at *6. Accordingly, Spartan is obligated either to produce those documents or to provide detailed information concerning: the precise number of documents that would be responsive to these requests, how much it would cost to collect and produce those documents, and any other relevant information concerning the burden that Spartan asserts.  Without waiving his objection to Spartan's inadequate assertion of burden, Mr. Purrington addresses Spartan's invitation to narrow each of these requests in turn.

With respect to Request No. 5, which seeks documents concerning the operation of the Product, Mr. Purrington will agree that documents responsive to this request must fall within the following categories:

- Testing and efficacy data (as suggested by Spartan in the Responses and Objections);

- All customer complaints and correspondence concerning the operation of the Product;

- All public statements made by Spartan, or any agent of Spartan, concerning the operation of the Product;

- A copy of each version of use instructions for the Product;



Evan L. Frank
August 26, 2020
Page 3

- All documents concerning the development and drafting of use instructions for the Product.

With respect to Request No. 7, which seeks internal Spartan correspondence concerning the operation of the Product, Mr. Purrington will agree that documents responsive to this request can be limited to the following categories:

- Correspondence between Spartan employees that suggests, reflects, refers to, or discusses any of the following: that the Product does not operate as intended, that customers believe the Product does not operate as intended, or that scientists or regulators do not believe that the Product operates as intended;

- Correspondence between Spartan employees that relates to Spartan's strategy for obtaining regulatory approval for the Product or whether the Product fits within regulatory exemptions.

Request No. 8 seeks discoverable information directly relevant to the matters at issue in this case, and Mr. Purrington will not agree to limit this request. Several of the statements that Spartan contends in its complaint were false and defamatory relate specifically to the regulatory compliance of the product. Accordingly, Mr. Purrington is entitled to obtain Spartan's communications with state regulatory agencies, as those documents are directly related to the truth of the statements at issue in this litigation. Please advise whether Spartan will produce those documents.

Request No. 12 seeks discoverable information also directly relevant to the matters at issue in this case, and Mr. Purrington will not agree to limit this request. Spartan alleges that Mr. Purrington made false and defamatory statements concerning the operation of the Product. To the extent that Spartan's distributors or suppliers have had correspondence with Spartan concerning the operation of the Product, it is relevant to whether the Product operates as intended. Please advise whether Spartan will produce those documents.

With respect to Request No. 15, Mr. Purrington will agree to limit his request for correspondence between Spartan and ThinkWebstore concerning the marketing materials for the Product that fall within the following categories:

- The correspondence mentions or relates to the operation of the Product;



Evan L. Frank
August 26, 2020
Page 4

- The correspondence mentions or relates to health claims about the Product or alternatives to the Product, or that mentions or relates to mosquito-borne illnesses;

- The correspondence relates to the branding strategy for the Product.

Spartan's burden objection to Request No. 25 does not make sense in light of the wording of the request. This request seeks correspondence between Spartan and any individuals who received a complimentary Product from the Spartan in exchange for providing a review. Thus, the request does not encompass correspondence with individuals who received a complimentary Product as part of a philanthropic effort. Nor is it clear what possible private customer information might be included in communications with individuals who received a Product in exchange for a review. Finally, it is unclear how Mr. Purrington's reviews of the Product have anything to do with this request, as Mr. Purrington never received a complimentary Product from Spartan. Accordingly, Mr. Purrington stands on Request No. 25 as drafted. Please advise whether Spartan will produce those documents.

Third, Spartan asserted in response to Request No. 9 that it is searching for documents, but suggests that they do not exist because the Product is not registered with the EPA. For the avoidance of doubt, this request encompasses communications with the EPA concerning whether Spartan was required to register the Product with the EPA. Such documents plainly relate to the "regulatory compliance of the Product." Please confirm that Spartan is searching for, and will produce in good faith, any correspondence between the EPA and Spartan concerning whether Spartan was required to register the Product.

Fourth, Spartan's response to Request No. 11 is concerning. As soon as Spartan contemplated filing a lawsuit against Mr. Purrington, its obligation to preserve documents arose. *See, e.g.*, *Orion Drilling Co. v. EQT Prod. Co.*, No. 16-CV-1516, 2018 WL 4344980, at *3-4 (W.D. Pa. Sept. 11, 2018). If Spartan intentionally or in bad faith failed to preserve versions of its website that contained materials relevant to this dispute after it contemplated filing this suit, it could constitute spoliation. *See id.* Accordingly, please provide us with the date and manner in which Spartan placed a litigation hold on documents relevant to this litigation, so that we can determine if spoliation may have occurred. Please also confirm the sources of data that Spartan has searched for documents responsive to this Request, whether Spartan has searched for archived versions of its website, and that Spartan will produce any documents responsive to this Request that exist.



Evan L. Frank
August 26, 2020
Page 5

Fifth, in response to Requests Nos. 17-19, Spartan contends that it is not required to produce documents concerning a corporation that is not a party to this proceeding.  But the fact that a corporate entity is not a party to a proceeding is not a reason to refuse to produce discoverable documents that are in Spartan's possession, custody, or control. Please identify whether Spartan has any corporate relationship or common ownership with the InMoCo Corporation, and whether Spartan has documents concerning this corporation in its possession, custody, or control.

With respect to Request No. 20, which seeks documents related to the West Nile Education, Eradication, Prevention and Recovery Organization.  Mr. Purrington stands on this request.  Again, the mere fact that a corporation is not a party to the proceedings is not a valid objection to producing otherwise discoverable documents.  Nor does an entity need to be mentioned in the pleadings to make documents concerning that entity discoverable.  Mr. Purrington understands that Spartan – or the owners of Spartan – established the West Nile Education, Eradication, Prevention, and Recovery Organization in response to criticism of the Product by one or more mosquito control organizations, and may be providing significant funding to the organization.  Please advise if Spartan will produce documents responsive to this request.

With respect to Request No. 27, Spartan's objection is not responsive to the request.  This request seeks any Facebook reviews or comments that were deleted, whether by Spartan itself or by anyone else, including someone acting on Spartan's behalf.  Please advise what efforts Spartan has undertaken to collect these documents and the basis for its assertion that it is not possible to recover such documents.

Spartan's objection to Request No. 28, which seeks communications with customers whose Facebook reviews and comments were deleted, also does not state a valid reason to refuse production of documents.  As set forth above, Spartan is obligated to provide specific details to support an objection of burden or over-breadth, which it has failed to do in its response to this request.  Nor does Spartan identify any actual confidential information that would justify withholding these documents.  Accordingly, Mr. Purrington renews his request for production of these documents.  Please advise if Spartan will produce documents responsive to this request.

PHIL1 9090200v.2



Evan L. Frank
August 26, 2020
Page 6


        Should you wish to discuss any of the above, please feel free to reach out to me. Mr. Purrington reserves the right to make additional and different objections to Spartan's discovery responses once he receives the document production that Spartan has promised to make, as well as Spartan's interrogatory responses.

                                        Sincerely,

                                        */s/ Paige M. Willan*

                                        Paige M. Willan

PMW:pmw
cc:     Douglas F. Schleicher
        Alan L. Frank

# Exhibit 5

**Evan L. Frank, Esq.**
**Alan L. Frank Law Associates, P.C.**
**PA Bar No. 311994**
**135 Old York Road**
**Jenkintown, PA 19046**
**215-935-1000**
**215-935-1110 (fax)**
**efrank@alflaw.net**
**Counsel for Plaintiff**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AC2T, Inc., d/b/a Spartan Mosquito,** | : | |
| | : | **Civil Action** |
| **Plaintiff,** | : | **Case No. 2:19-cv-05946-RBS** |
| | : | |
| **v.** | : | |
| | : | |
| **Colin Purrington,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST INTERROGATORIES

1.     Identify all Persons employed by Spartan Mosquito, either as direct employees or independent contractors, who have knowledge of Purrington's comments and postings.

Answer:  Jeremy Hirsch, Brett Conerly, Chris Spence.  In addition, it is likely that other employees have seen at least one of the Defendant's posts because of the Defendant's high volume of posts targeted at Spartan across multiple social media platforms.

2.      Identify all Persons who have knowledge of experiments concerning the

Product's efficacy.

Answer:  Jeremy Hirsch, Chris Bonner, Michael Bonner.

3.      Identify all Persons who have knowledge of experiments concerning the

Other Products' efficacy.

Answer:  The Plaintiff objects because interrogatory 3 is exclusively targeted at

products that are not part of this lawsuit.  The Plaintiff has alleged that the Defendant

has made defamatory statements about the Plaintiff and its product, the Spartan

Mosquito Eradicator.  However, the Defendant defines "Other Products" as products

that are *not* the Eradicator, so this interrogatory is specifically about products that are

not the subject of this lawsuit or the defamatory posts.

4.      Identify all Persons who have knowledge of Spartan Mosquito's alleged

damages in the Litigation.

Answer:  Jeremy Hirsch, Chris Spence.

6.      Identify all Persons who have knowledge of the matters alleged in the

Complaint.

Answer:

It is not feasible to list all people who have knowledge of the matters in the

Complaint because, as worded, this request would include anyone who read the

Defendant's social media posts, anyone who read the posts on the Defendant's website, and anyone with whom the Defendant directly communicated.

However, the following people have knowledge of matters alleged in the Complaint other than just reading the defamatory communications:  Jeremy Hirsch, Colin Purrington, Brett Conerly, Chris Spence, Chris Bonner, Michael Bonner.

7.      Describe any lawsuits concerning the Product in the last five (5) years by listing the court in which the lawsuit was filed, the docket number of the lawsuit, the caption of the lawsuit, and the current status of the lawsuit.

Answer:

Court:  Southern District of New York.

Caption:  Consolazio v. AC2T, Inc.

Docket Number:  20-cv-3477.

Status:  Pending.

8.      Describe any lawsuits concerning Spartan Mosquito in the last five (5) years by listing the court in which the lawsuit was filed, the docket number of the lawsuit, the caption of the lawsuit, and the current status of the lawsuit.

Answer:

Court:  Southern District of New York.

Caption:  Consolazio v. AC2T, Inc.

Docket Number:  20-cv-3477.

Status:  Pending.

9.      Identify all Persons who have knowledge of any lawsuits concerning the

Product in the last five (5) years.

Answer:  Jeremy Hirsch, Chris Spence, Michael Bonner, Chris Bonner.

11.     Identify all Persons at the EPA and any State Regulatory Agency who

have knowledge of any health claims in the Product's marketing materials.

Answer:  None – Spartan does not make health claims about the Eradicator.

Respectfully submitted,


 /s/ Evan L. Frank_____
Evan L. Frank, Esq.
Alan L. Frank Law Associates, P.C.
PA Bar No. 311994
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
efrank@alflaw.net
Counsel for Plaintiff

September 23, 2020

# Exhibit 6

**From:**          Willan, Paige <PWillan@klehr.com>
**Sent:**          Thursday, October 8, 2020 2:54 PM
**To:**            Evan Frank
**Subject:**       FW: AC2T, Inc. v. Purrington - Purrington Discovery Requests

Evan,

I have not received a response to my email below, nor have we received Spartan's responses to Interrogatories Nos. 5 and 10 or any documents.

Please advise.

Regards,

Paige

**PAIGE M. WILLAN**
PARTNER



**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street | Suite 1400 | Philadelphia, PA 19103
t 215.569.4283 | f 215.568.6603
pwillan@klehr.com | **LinkedIn** | **Twitter**

email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

---

**From:** Willan, Paige
**Sent:** Thursday, October 1, 2020 2:54 PM
**To:** 'Evan Frank' <EFrank@alflaw.net>
**Subject:** AC2T, Inc. v. Purrington - Purrington Discovery Requests

Evan,

I write to follow up on the meet and confer that we held yesterday concerning Spartan's responses to our document requests.  I have noted where we have attempted to come to agreement and where we have not been able to agree.  Please respond to this email to confirm that you agree with what is written here, so that we can ensure that we are on the same page.  With respect to the interrogatory responses and the documents that you already have prepared for production, please let me know when I can expect those materials.

- Responses to Interrogatories Nos. 5 and 10:  You informed me that you are working on obtaining the information requested in these interrogatories from your client and that you anticipate getting them to me shortly.

- Documents Spartan has agreed to produce:  You told me that you have an initial production of documents prepared, and that we need to discuss the scope of other requests.  I suggested that Spartan could begin its production of documents and produce documents on a rolling basis.

- Video:  you informed me that Spartan has a long video, a portion of which is posted on its website, that allegedly shows mosquitos entering the holes on the product.  I asked you for the link where this video is on the website, but I have not yet received that link.  Spartan is willing to produce a portion of that video, but states that the entire video is too long and would be too expensive to produce.  I stated that we are not willing to agree to accept only a portion of the video, that we do not believe that it would be too expensive to produce the video, and that it is our position that the entire video must be produced.

- Request No. 4:  We discussed the non-disclosure agreements that my client has requested be produced.  Spartan is not willing to produce them.

- Request No. 5:  We discussed the narrowing of this request that my client proposed.  Spartan remains willing to produce testing and efficacy data, and you are going to confirm with your client whether they are willing to produce copies of any version of the use instructions for the product and documents concerning the development and drafting of those instructions.  With respect to public statements, we agreed that Spartan would produce public statements other than statements made on social media, and that Spartan would confirm that they have not deleted any social media posts concerning the use of the product, that it would produce any posts that were deleted.  We disagreed on customer complaints.  Spartan maintains that there are "too many documents" to gather and produce.  I suggested that, for this and other categories identified below, Spartan identify to us what custodians are most likely to have relevant documents and propose search terms that it will use to search for and produce documents responsive to this request.  We would then respond to the proposed search terms and custodians and hopefully come to an agreement on which custodians and search terms that Spartan will use to identify documents responsive to these requests.  I proposed that you provide the proposed custodians and search terms by close of business next Wednesday, October 7, and you agreed that was reasonable.

- Request No. 7:  We discussed the narrowing of this request that my client proposed.  I suggested that we apply the same custodian procedures as with respect to the customer complaints referenced in the comments for Request No. 5.

- Request No. 8:  Spartan is not willing to produce these documents.

- Request Nos. 12 & 15:  I suggested that we apply the same custodian procedures to these requests as with respect to customer complaints referenced in the comments for Request No. 5.

- Request No. 25:  I clarified that we are only looking for documents relating to situations in which Spartan has explicitly either offered or been solicited by someone to provide that person with a free product in exchange for a review.  I clarified that we are not looking for documents relating to philanthropic donations of products that might have resulted in a review of the product.  With that clarification, I understand that Spartan's objection to this request is resolved.

- Request No. 11:  You told me that you would confirm the date on which Spartan implemented a litigation hold.  You also confirmed that Spartan in fact has retained copies of the prior versions of its website.  I informed you that we would like all copies of the prior versions, and are willing to limit the date range to from January 1, 2019 through February 1, 2020.  You stated that you believed that, even with that date range, the documents

would be too voluminous to produce, but agreed to confer with your client to determine if the limitation on the date range would resolve Spartan's objection to this request.

- Request Nos. 17-19:  You agreed to check with your client and provide the information requested in my August 26 letter, concerning whether Spartan has any corporate relationship or common ownership with the InMoCo corporation, so that we can determine whether we need to pursue these requests further.

- Request No. 20:  You agreed to check with your client and provide me with information about whether Spartan, or its founders or principals, were involved in the creation and running of the organization referenced in this request, and whether Spartan has custody or control over any documents related to this organization, so that we can determine whether we need to pursue this request further.

- Requests Nos. 27-28:  We agreed that you would attempt to identify custodian(s) and search terms to identify documents responsive to these requests and propose them to me, in conformance with the procedure that we discussed for Request No. 5.


Regards,

Paige


**PAIGE M. WILLAN**
PARTNER



**KLEHR HARRISON HARVEY BRANZBURG** LLP
1835 Market Street | Suite 1400 | Philadelphia, PA 19103
t 215.569.4283 | f 215.568.6603
pwillan@klehr.com  |  **LinkedIn**  |  **Twitter**


are not the intended recipient, please contact the sender and delete all copies.

# Exhibit 7

