Evan L. Frank, Esq.
Alan L. Frank Law Associates, P.C.
PA Bar No. 311994
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
efrank@alflaw.net
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____
AC2T, Inc., d/b/a Spartan Mosquito,   :
                                      :    Civil Action
            Plaintiff,                :    Case no. 2:19-cv-05946-RBS
                                      :
     v.                               :    Jury Trial Demanded
                                      :
Colin Purrington,                     :
                                      :
            Defendant.                :
_____:

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS COUNT II**

## I.  Summary.

The requirement to plead specific pecuniary damages does not apply to commercial disparagement claims when "the disparagement rises to the level of defamation per se." *Am. Bd. of Internal Med. v. Muller*, 2011 U.S. Dist. LEXIS 25169, at *17 (E.D. Pa. Mar. 10, 2011); *see also Bro-Tech Corp. v. Thermax*, Inc., 651 F. Supp. 2d 378, 416 (E.D. Pa. 2009) ("This requirement is relaxed where the disparagement claimed rises to the level of defamation per se…").  In other words, if the commercial disparagement "equates to defamation per se", then "the need to plead the specifics regarding pecuniary loss is obviated." *Am. Bd. v. Muller*, 2011 U.S. Dist. LEXIS 25169 at 20.

The Amended Complaint alleges at paragraph 36 that the Defendant's statements rise to the level of defamatory per se, and gives a list of examples:

> Many of the Defendants' statements rise to the level of defamatory per se because they accuse the Plaintiff of acting improperly or committing misconduct with regards to its business; others accuse the Plaintiff of spreading diseases.  For example, the statement in Exhibit A accuses the Plaintiff of putting customers "and their families" at risk of contracting diseases, and that the product does not do anything about mosquitoes.  Similarly, Exhibit A states that the product is a scam, which attacks the honesty and integrity of the Plaintiff.  Exhibit E accuses the Plaintiff of spreading an invasive species.  Exhibit F states, "It's a successful scheme."  In a follow-up message, the Defendant then wrote that it is "marketed to folks who are predisposed to believe the name is truthful."  Exhibit B includes the language, "putting people's health at risk," and also contains the accusation of a scam.  Exhibit C accuses the Plaintiff of violating federal law.

Amended Complaint, ¶ 36.

The Defendant's statements meet this standard because they "impute[] to another conduct, characteristics, or a condition that would adversely affect her in her lawful business or trade."  *Am. Bd. of Internal Med.*, 2011 U.S. Dist. LEXIS 25169, at 17.  Therefore, "the need to plead the specifics regarding pecuniary loss is obviated."  *Id.* at 20.  For these reasons, the Court should deny the renewed 12(b) motion and allow Count II (Commercial Disparagement) to proceed.

**II.     Facts and Procedural History.**

The Plaintiff's original Complaint (ECF 1) asserted two counts:  1) defamation and 2) commercial disparagement.  The Defendant moved to dismiss both counts under Rule 12(b)(6) for failure to state a claim.  Motion to Dismiss (ECF 6).  The Court denied the motion with respect to defamation and allowed the defamation claim to move forward.  Opinion (ECF 12), page 9.  The Court granted the motion with respect to the commercial disparagement claim.  Id., page 10.

However, the Court granted the Plaintiff leave to amend.  Order (ECF 13), page 1.  The Plaintiff did so and filed an Amended Complaint on November 12, 2020.  (ECF 15).  The Amended Complaint reasserts the commercial disparagement count.  However, the Amended Complaint avers that the Defendant's statements rise to the level of defamatory per se.  Amended Complaint, ¶ 36; *see Am. Bd. of Internal Med. v. Muller*, 2011 U.S. Dist. LEXIS 25169, at *17 (E.D. Pa. Mar. 10, 2011) ("Pennsylvania law requires that a plaintiff claiming commercial disparagement plead damages with

considerable specificity…. This requirement is relaxed where the disparagement claimed rises to the level of defamation per se").

For example, many of the Defendant's statements accuse the Plaintiff of operating a "scam", a "scheme", a "fiction to get gullible people to buy it", "deceptive advertising", and otherwise defrauding people, all of which attack the Plaintiff's honesty and integrity. Amended Complaint, ¶ 36, Exhibits A, B, F, H, I, J, and K. Some statements accuse the Plaintiff of putting customers "and their families" at risk of contracting diseases, "putting people's health at risk", or spreading invasive species. Amended Complaint, ¶ 36, Exhibits A, B, and E. Others accuse the Plaintiff of violating federal law. Amended Complaint, ¶ 36, Exhibit C.

The Defendant filed a renewed motion to dismiss on November 25, 2020. (ECF 16). The renewed motion only asks for dismissal of Count II, Commercial Disparagement – the sole basis is the failure to plead specific pecuniary damages. As explained below, the disparaging statements rise to the level of per se defamation. Therefore, the Court should deny the renewed 12(b) motion.

### III. Argument.

#### A. Standard.

To survive a 12(b) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint "does not

need detailed factual allegations," but "requires more than labels and conclusions, and a formulaic recitation of the elements…" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

> **B.   If the commercial disparagement rises to the level of defamatory per se, then the need to plead specifics regarding pecuniary loss is obviated.**

The requirement to plead specific pecuniary loss for commercial disparagement claims does not apply if the disparaging statements rise to the level of per se defamation. "Pennsylvania law requires that a plaintiff claiming commercial disparagement plead damages with considerable specificity… This requirement is relaxed where the disparagement rises to the level of defamation *per se*, through publication which imputes to another conduct, characteristics, or a condition that would adversely affect her in her lawful business or trade." *Am. Bd. of Internal Med. v. Muller*, 2011 U.S. Dist. LEXIS 25169, at *17 (E.D. Pa. Mar. 10, 2011); *see also Bro-Tech Corp. v. Thermax*, Inc., 651 F. Supp. 2d 378, 416 (E.D. Pa. 2009) ("This requirement is relaxed where the disparagement claimed rises to the level of defamation per se…").

In *Am. Bd. v. Muller*, a doctor asserted defamation and commercial disparagement claims against a medical board for claiming that she cheated on her certification examination. *Id.* at 20 and 23-24. Addressing the commercial disparagement claim, the court reasoned that although commercial disparagement claims ordinarily require specific allegations of damages, this requirement is "obviated" when the statements rise to the level of per se defamation – that is, when the statements

4

impute to the plaintiff "conduct, characteristics, or a condition that would adversely affect her in her lawful business or trade…" *Id.* at 20.  Since a statement that a doctor cheated on her certification exam "arguably equates to defamation per se", the "need to plead the specifics regarding pecuniary loss is obviated…" *Id.*  The court therefore denied the motion to dismiss the commercial disparagement claim.

      **C.**      **The Defendants' statements rise to the level of per se defamation because they accuse the Plaintiff of deceiving people, violating the law, and spreading diseases.**

The traditional categories of *per se* defamation include, among other things: criminal offenses, loathsome diseases, and matters incompatible with the plaintiff's business, trade, profession, or office.  Restatement (2d) of Torts, §§ 571, 572, and 573.  With respect to commercial disparagement, courts have found that a statement rises to this level if it "imputes to another conduct, characteristics, or a condition that would adversely affect her in her lawful business or trade."  *Am. Bd. of Internal Med. v. Muller*, 2011 U.S. Dist. LEXIS 25169, at *17 (E.D. Pa. Mar. 10, 2011).

The statements attached to the Complaint and Amended Complaint meet this standard.  The Defendant repeatedly accuses the Plaintiff of committing fraud, with language such as "It's a successful scheme" (Ex. F); "The Spartan Mosquito Eradicator is a complete scam" (Ex. A); "fiction to get gullible people to buy it" (Ex. J); "scams like the Spartan Mosquito Eradicator" (Ex. B); "Spartan Mosquito misled states…" (Ex. G); "Spartan Mosquito Eradicator is a scam" (Ex. H); "They just want to sell it to people

who might not recognize it instantly as a scam" (Ex. I); "It's all a fiction to get gullible people to buy it" (Ex. J); "just state that the seller has used deceptive advertising and that the product doesn't work" (Ex. K). The Defendant accuses the Plaintiff of violating federal or state law. Exs. C and G. And he repeatedly accuses the Plaintiff of putting people's health at risk and spreading invasive species. Exs. A, B, D, and E.

Each of these statements imputes to the Plaintiff conduct and characteristics that would adversely affect its lawful business. The statements that the Plaintiff engages in deceptive practices or breaks the law suggest that the Plaintiff is dishonest while simultaneously attacking the efficacy of the product itself. The statements that the Plaintiff puts people's health at risk suggests an insidious motive or at least that the Plaintiff is apathetic about people's health. Similarly, the claims of spreading an invasive species suggest either an insidious motive or that the Plaintiff is at least indifferent.

All of these statements impute characteristics and conduct to the Plaintiff that would adversely affect the Plaintiff's business. For these reasons, the need to plead specific pecuniary loss is obviated, and the renewed motion should be denied.

**IV.   Conclusion.**

The Court should deny the Defendant's renewed 12(b) motion, and the Court should allow Count II (Commercial Disparagement) to proceed.

                                        Respectfully submitted,

                                        /s/ Evan L. Frank
                                        Evan L. Frank, Esq.
                                        Alan L. Frank Law Associates, P.C.
                                        PA Bar No. 311994
                                        135 Old York Road
                                        Jenkintown, PA 19046
                                        215-935-1000
                                        215-935-1110 (fax)
                                        efrank@alflaw.net
                                        Counsel for Plaintiff

December 9, 2020