Evan L. Frank, Esq.
Alan L. Frank Law Associates, P.C.
PA Bar No. 311994
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
efrank@alflaw.net
Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AC2T, Inc., d/b/a Spartan Mosquito,** | **:** | |
| | **:** | **Civil Action** |
| **Plaintiff,** | **:** | **Case no. 2:19-cv-05946-RBS** |
| | **:** | |
| **v.** | **:** | **Jury Trial Demanded** |
| | **:** | |
| **Colin Purrington,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |
| | **:** | |

### PLAINTIFF'S RESPONSE TO MOTION TO COMPEL

### I.       Summary.

The Court should deny the motion to compel because the Defendant completely ignores proportionality, disregarding the 2015 amendment to Fed. R. Civ. P. 26(b).  "The 2015 amendments to the Federal Rules of Civil Procedure added a proportionality requirement to discovery.  It is now no longer sufficient that the requested material be technically relevant, it must also be proportional to the needs of the case." *Jones v. Ne. Treatment Ctrs.*, 2020 U.S. Dist. LEXIS 195967, at 10 (E.D. Pa. Oct. 21, 2020).

This is a two-count defamation case.  The Defendants' defamatory posts stated that the Defendant's allegations were already supported by his own experimentation and his correspondence "with over 100 scientists and public health officials who all agree …"

The Defendant asks for every document exchanged with any customer who ever asked for help operating the product; every document the Plaintiff ever exchanged with any of 50 state regulatory agencies; every non-disclosure agreement; every document broadly concerning the "operation of the product"; every version of Spartan's website (of which there are some 25,000, since making even a minor edit constitutes a new page); everything sent to any distributor or supplier; and incorporation documents for corporations that are not even mentioned in the pleadings.

The Defendant never once addresses how his requests are proportional in this case – even though the Plaintiff's most common objection was that some of the requests were so broad that the Plaintiff could not realistically gather all of the documentation.  The Court should deny the motion to compel.  Instead, the Court should direct the Defendant to consider what he actually needs for his defenses and to serve narrower requests.

2

## II.     Facts.

This case arises out of a series of defamatory statements by the Defendant about Spartan

Mosquito and one of its products, the Spartan Mosquito Eradicator, which is a mosquito control

product.  First Am. Compl., ¶ 5.  Among the defamatory statements are:

- The holes in the product are too small for mosquitoes to fit inside and drink the

  solution.  First Am. Compl., Exs. A and K.

- The product puts people at risk of contracting diseases.  Id., Exs. A and B

- The Plaintiff violates federal law.  Id., Exs. C and F.

- The Plaintiff lies to government agencies.  Id., Ex. G.

- The Plaintiff scams customers.  Id., Exs. A, B, H, I, J, and K.

- The product spreads invasive species.  Id., Exs. D and E.

In discovery, the Plaintiff produced (among other documents) ten minutes of video

showing mosquitoes walking into and out of the holes of the product.  The video displays time

stamps at the beginning, so that the Defendant can see for himself – down to the minute and

second – several mosquitoes going into the Eradicator over that ten minutes.  The Defendant's

statements that "the holes are too small", "there's not a single photograph of a mosquito coming

through one of those holes", etc., are not true – the proof is literally on camera.

The Defendant has not yet filed his Answer.  However, the Defendant's motion implies

that the Defendant will attempt to prove that his statements were true.

Importantly, the Defendant, a former biology professor, claims that he has already

performed his own scientific experimentation to validate his allegations.  E.g., First Am. Compl.,

Ex. A ("I'm a scientist and have evaluated them carefully").  Moreover, the Defendant claims

that his allegations are supported by his correspondence "with over 100 scientists and public

health officials who all agree …"  Id.

The Defendant's defamatory statements claimed he already had his own experimentation

and the support of "over 100 scientists and public health officials" to back up his allegations.

Despite that, the Defendant seeks every document exchanged with any customer who ever asked

for help operating the product; every document the Plaintiff ever exchanged with any of 50 state

regulatory agencies; every non-disclosure agreement; every document broadly concerning the

"operation of the product"; every version of Spartan's website; everything sent to any distributor

or supplier; and incorporation documents for corporations that are not even mentioned in the

pleadings.

## III.    Argument.

Rule 26(b) defines the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to
> any party's claim or defense and proportional to the needs of the case, considering
> the importance of the issues at stake in the action, the amount in controversy, the
> parties' relative access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Although Rule 26 is broad, it is not unlimited.  *Nat'l Retail Sys. v. Markel Ins. Co.*, 2018

U.S. Dist. LEXIS 69891, at 5 (E.D. Pa. Apr. 25, 2018).  Under Rule 26(b)(1), "the parties are not

authorized to engage in fishing expeditions." *Jones v. Ne. Treatment Ctrs., Inc.*, 2020 U.S. Dist.

LEXIS 195967, at 4 (E.D. Pa. Oct. 21, 2020).  Rule 26(b)(1) imposes two content-based

limitations on discovery:  privilege and relevance.  *Nat'l Retail Sys. v. Markel*, 2018 U.S. Dist.

LEXIS 69891 at 5.  Furthermore, Rule 26(b)(2)(C) provides that the Court, on motion or its own

initiative, may impose limitations if it determines that "the discovery sought is unreasonably

cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or that "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *Id.* (quoting Fed. R. Civ. P. 26(b)(2)(C)).

The 2015 amendments to the Federal Rules of Civil Procedures added a proportionality requirement to discovery. *Jones v. Ne. Treatment Ctrs., Inc.*, 2020 U.S. Dist. LEXIS 195967, at 10 (E.D. Pa. Oct. 21, 2020). "It is now no longer sufficient that the requested material be technically relevant, it must also be proportional to the needs of the case." *Id.* To determine proportionality, the courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden of the proposed discovery outweighs its likely benefit." *Id.* (quoting Fed. R. Civ. P. 26(b)(1)).

Here, the Defendant entirely ignores the proportionality requirements. To take an example, the Defendant repeatedly alleges that mosquitoes cannot fit into the Spartan Mosquito Eradicator, thereby rendering it ineffective at controlling mosquitoes. E.g., Complaint Ex. A ("the holes are too small"), Ex. J ("there's not a single photograph of a mosquito coming through one of those holes. It's all a fiction to get gullible people to buy it.").

The Defendant's statements are obviously false – the Plaintiff has produced video to prove it. The video simply shows mosquitoes entering and leaving the product. This disproves the Defendant's claim by showing the opposite on camera.

The Plaintiff has not hours, but days of such video. The defense complained about the quantity of video and demanded all of it. The Plaintiff proposed 30 minutes instead of ten, then an hour, and then two hours, in order to avoid the costs of producing days' worth of video. Once the defense has an hour of video showing mosquitoes going in and out of the product, there is no

additional benefit to watching days more of the same thing.  The Defendant's claims are clearly

false, and he should retract them.  Instead, he continues to press for discovery solely to increase

the cost to the Plaintiff.

Defense request 4 asks for every non-disclosure and confidentiality agreement that

Spartan has entered.  To begin with, this request does not ask for anything related to the

defamation claim.  Confidentiality agreements and non-disclosure agreements are not part of the

defamatory statements.  If the Plaintiff has such agreements, they do not make the Defendant's

statements any more or less true.  The request literally defines what it is looking for by the fact

that a document is confidential, not by the fact that the document has any relevance to the case.

Again, the request is specifically targeted at confidential information because, by its own terms,

the request defines the material sought as anything that is confidential.

Defense request 5 asks for every document regarding the operation of the product.

Request 7 is similar, requesting all correspondence between employees about the operation of the

product.  This would cover hundreds of thousands of pages.  Moreover, the Plaintiff cannot

realistically locate each document that fits into so broad a request.  As a compromise, the

Plaintiff has offered to produce documentation showing efficacy data and testing of the product.

This narrower category appears to be what the Defendant would be seeking, while lessening the

expense to the Plaintiff.

Defense request 8 asks for all correspondence with any state regulatory agency.  The

Defendant accuses the Plaintiff of violating federal law.  (Complaint Ex. C).  Yet, request 8

targets approval by state agencies.  Locating and producing these documents would be an

enormous expense.  Some states require annual submissions, and each application may involve a

back-and-forth with the agency.  This discovery is not helpful in resolving the issues, particularly

where the Defendant claimed he already had evidence to support his statements.  He should not

be able to compel the Plaintiff to gather and produce an enormous amount of files simply

because he alleges with no evidence that it will retroactively prove his claims.

Defense request 11 asks for any prior version of the Plaintiff's website.  The Plaintiff

investigated how feasible this would be, and the result is that there are about 25,000 prior

versions (the reason being that even a minor revision results in a new document).  The Plaintiff

has offered that if the Defendant can describe something he saw on the website but no longer can

find, the Plaintiff would be willing to locate prior versions with the missing content.

Request 12 asks for all communications between the Plaintiff and any supplier.  This

request would not be possible for the Plaintiff to complete.  This would cover hundreds of

thousands of pages, and there is no way to identify each and every one.  This is not proportional

because the request covers an extraordinary amount of documents, and there is no indication that

the documents would be helpful in resolving any of the issues in this case.

Request 15 asks for all communications between the Plaintiff and a business service and

marketing firm, Think Webstore.  The Plaintiff approximates that this request would cover over a

million pages.  Moreover, the Plaintiff does not have a feasible way to identify each such

document.  There is no indication that any of the documents covered by this request would be

helpful in resolving the issues in this case, and the large amount of documentation is not

proportional to the issues at stake.

Request 20 asks for incorporation documents – not of the Plaintiff, but of another

company that is not even a party to this case.  The Defendant's only basis is:  "This organization

has been involved in distributing Spartan products and information concerning its founding is

therefore relevant to Spartan's marketing efforts, which are at issue in this litigation."  But

7

distributing products is not the same thing as marketing.  And even if another company was involved in Spartan's marketing, there is no reason why that company's formation documents would have anything to do with this case.

Request 25 asks for every communication between Spartan and a product reviewer who received complimentary products.  The Plaintiff often donates its product for charitable causes, thus giving the recipient complimentary product.  The Plaintiff is not necessarily aware which of the many recipients have ended up reviewing the product after receiving complimentary boxes. For this reason, the Plaintiff does not have a feasible way to comply with this request.

Request 28 asks for every troubleshooting communication Spartan has ever had with a customer.  The Plaintiff has sold millions of boxes of its product.  Even a tiny percentage of product defects or installation errors would yield a large amount of correspondence. Troubleshooting dialogues frequently involve the customer's personal identifying information, such as name and home address.  This request is not proportional to the needs of this case, particularly where the Defendants' defamatory posts stated that he already had scientific experimentation and the support of over a hundred scientists and public officials to support his claims.

## IV.  Conclusion.

The Defendant's discovery requests are not proportional to the needs of the case, and many are not relevant to the claims or defenses.  For these reasons, the Defendant's Motion should be denied.  The Court should direct the Defendant to serve narrower requests that are proportional to the needs of this case.

Respectfully submitted,


 /s/ Evan L. Frank
Evan L. Frank, Esq.
Alan L. Frank Law Associates, P.C.
PA Bar No. 311994
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
efrank@alflaw.net
Counsel for Plaintiff

December 9, 2020

9