IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AC2T, INC. *d/b/a* | : | |
| SPARTAN MOSQUITO | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 19-5946 |
| COLIN PURRINGTON | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                            **MAY 10, 2021**

      Plaintiff AC2T, Inc. manufactures the Spartan Mosquito Eradicator, a device used to decrease mosquito populations. Defendant is a former professor with strong opinions about the Spartan Mosquito product. Plaintiff contends that Defendant made over 150 defamatory comments about Plaintiff's product on various websites and social media and to state regulatory agencies asking them to revoke their approval of Plaintiff's product. Defendant's criticism of the Spartan Mosquito Eradicator includes comments that the product puts customers at risk for contracting disease, contributes to spread and not the containment of mosquitos, and is not government-regulated, among others. Plaintiff brought claims of defamation and commercial disparagement against Defendant. Presently before the Court is Defendant's Motion to Dismiss Count II of the Amended Complaint. (ECF No. 16.) Defendant seeks dismissal of the commercial disparagement claim. For the reasons that follow, the Motion will be denied.

**I.    BACKGROUND**

      This is Defendant's second motion to dismiss. In the first one, Defendant sought to dismiss both the defamation and commercial disparagement claims. (*See* ECF No. 6.) In a Memorandum and Order dated October 22, 2020, we denied the motion as to Plaintiff's

defamation claim and granted the motion as to Plaintiff's commercial disparagement claim. (Oct. 22 Mem., ECF No. 12; Oct. 22 Order, ECF No. 13.) We concluded that Plaintiff failed to allege facts sufficient to state the damages element of its commercial disparagement claim. We permitted Plaintiff the opportunity to amend the complaint to cure these deficiencies.

The relevant facts of this matter can be found in our October 22 Memorandum.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. A motion under Rule 12(b)(6) tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler*, 578 F.3d at 211. Courts need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements. . . ." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679. This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation

that discovery will reveal evidence of' the necessary element." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

When considering a motion to dismiss, the Court must accept as true all factual allegations in the plaintiff's complaint and construe the facts alleged in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

## III.   DISCUSSION

Defendant contends that Plaintiff failed to cure the deficiencies in its Amended Complaint as to the damages element of its commercial disparagement claim. A claim of commercial disparagement under Pennsylvania law consists of the following four elements:

1. the statement is false;
2. the publisher either intends the publication to cause pecuniary loss or reasonably should recognize that publication will result in pecuniary loss;
3. pecuniary loss does in fact result; and
4. the publisher either knows that the statement is false or acts in reckless disregard of its truth or falsity.

*Zerpol Corp. v. DMP Corp.*, 561 F. Supp. 404, 409 (E.D. Pa. 1983). Defendant disputes only the third element, i.e., that Plaintiff suffered any pecuniary loss, since the Complaint lacks any allegation of specific financial damages that resulted from Defendant's comments. In our October 22 Memorandum, we concluded that Plaintiff failed to plead the requisite pecuniary loss. (Oct. 22 Mem. 10.)

We have reviewed the Complaint and the Amended Complaint. The only difference between the Complaint and the Amended Complaint is the addition of one paragraph. It states:

> Many of the Defendants' statements rise to the level of defamatory per se because they accuse the Plaintiff of acting improperly or committing misconduct with regards to its business; others accuse the Plaintiff of spreading diseases. For

3

> example, the statement in Exhibit A accuses the Plaintiff of putting customers "and their families" at risk of contracting diseases, and that the product does not do anything about mosquitoes. Similarly, Exhibit A states that the product is a scam, which attacks the honesty and integrity of the Plaintiff. Exhibit E accuses the Plaintiff of spreading an invasive species. Exhibit F states, "It's a successful scheme." In a follow-up message, the Defendant then wrote that it is "marketed to folks who are predisposed to believe the name is truthful." Exhibit B includes the language, "putting people's health at risk," and also contains the accusation of a scam. Exhibit C accuses the Plaintiff of violating federal law.

(Am. Compl. ¶ 36, ECF No. 15.)

Plaintiff argues that because many of Defendant's statements were per se defamatory, it need not allege pecuniary loss with specificity. It is true that "[a]s to the third element, 'Pennsylvania law requires that a plaintiff claiming commercial disparagement plead damages with considerable specificity' by setting out in its complaint the names of the customers lost and financial loss resulting from the tort." *Am. Bd. of Internal Med. v. Von Muller*, No. 10-2680, 2011 WL 857337, at *7 (E.D. Pa. Mar. 10, 2011), *aff'd* (Sept. 12, 2013) (quoting *Bro-Tech Corp. v. Thermax*, Inc., 651 F. Supp. 2d 378, 416 (E.D. Pa. 2009)). However, "[t]his requirement is relaxed where the disparagement claimed rises to the level of defamation per se, through publication which 'imputes to another conduct, characteristics, or a condition that would adversely affect her in her lawful business or trade.'" *Id*. (quoting *Bro-Tech Corp.*, 651 F. Supp. 2d at 416). Instead of proving pecuniary loss with specificity, a plaintiff "need only prove "general damages," i.e., 'proof that one's reputation was actually affected by the slander, or that she suffered personal humiliation or both.'" *Id*. (quoting *Franklin Prescriptions, Inc. v. New York Times Co.*, 424 F.3d 336, 343 (3d Cir. 2005); *see also Bro-Tech Corp.*, 651 F. Supp. 2d at 416.

At this early stage of the litigation, we will not dismiss the commercial disparagement claim. We must accept the factual allegations in the Amended Complaint as true. The

commercial disparagement claim is certainly plausible based on the facts alleged. In particular, the statements made by Defendant may rise to the level of defamatory per se. Defendant stated that the Spartan Mosquito product would harm families who used the product because it would cause diseases. He also said that the product was a "scam" and that Plaintiff violated federal law by marketing the product to the public. Defendant made these statements on the internet and to regulatory authorities. These statements "impute[] to" Plaintiff "conduct, characteristics, or a condition that would adversely affect [it] in lawful business or trade." *Patel v. Patel*, No. 14-2949, 2015 WL 6735958, at *5 (E.D. Pa. Nov. 4, 2015). We are satisfied that these statements have the potential to adversely affect Plaintiff's business and cause reputation damages. *See Von Muller*, 2011 WL 857337, at *7 (denying motion to dismiss commercial disparagement counterclaim because the defendant's disparaging comments could arguably be defamatory per se). Plaintiff alleges damages as a result of the defamatory comments. Accordingly, the Motion will be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Count II of the Amended Complaint will be denied.

An appropriate Order follows.

                                      **BY THE COURT:**

                                      */s/ R. Barclay Surrick*
                                      **R. BARCLAY SURRICK, J.**