**Evan L. Frank, Esq.**
**Alan L. Frank Law Associates, P.C.**
**PA Bar No. 311994**
**135 Old York Road**
**Jenkintown, PA 19046**
**215-935-1000**
**215-935-1110 (fax)**
**efrank@alflaw.net**
**Counsel for Plaintiff**

<div style="text-align:center">

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

</div>

| | | |
|---|---|---|
| **AC2T, Inc., d/b/a Spartan Mosquito,** | : | |
| | : | **Civil Action** |
| **Plaintiff,** | : | **Case Number: 2:19-cv-05946-RBS** |
| | : | |
| v. | : | **Jury Trial Demanded** |
| | : | |
| **Colin Purrington,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM FOR ABUSE OF PROCESS**

**I.     Summary.**

The Defendant's Answer includes a seven-paragraph counterclaim for abuse of process, alleging that this lawsuit itself constitutes an abuse of process.  Answer, ¶¶ 101 – 107.  However, there is no liability for abuse of process where a party "… has done nothing more than carry out the process to its authorized conclusion..."  *Shaffer v. Stewart*, 473 A.2d 1017, 1019 (Pa. Super. 1984).  Here, the underlying case is a defamation suit arising out of hundreds of false statements to the Plaintiff's customers on the internet by the Defendant.  "The purpose underlying defamation law is to compensate an individual for pecuniary harm to one's reputation inflicted by a defamatory statement."  *Mzamane v. Winfrey*, 693 F. Supp. 2d 442, 471 (E.D. Pa. 2010).  The Plaintiff is entitled to seek redress in court for the multiple false and defamatory statements the

Defendant has made, and it is no abuse of process to do so. With these principles in mind, the Court should dismiss the counterclaim for failure to state a claim for two reasons:

First, the claim is not ripe for adjudication because it alleges that this entire litigation supports an abuse of process claim. "The assertion, by way of a counterclaim, that the underlying litigation as a whole constitutes an abuse of process fails to state a claim which is ripe for adjudication. By definition, a lawsuit in its entirety cannot constitute an abuse of process when it has not yet been concluded." *United States ex rel. Magid v. Barry Wilderman, M.D., P.C.*, 2005 U.S. Dist. LEXIS 2926, at 11 (E.D. Pa. Feb. 28, 2005) (quoting *Access Fin. v. Keystone State Mortg.*, 1996 U.S. Dist. LEXIS 14073, at 12-13 (W.D. Pa. Sep. 4, 1996)). Here, the Defendant alleges that the Plaintiff committed abuse of process by making the allegations in the Plaintiff's pleadings, conducting discovery, and surviving the Defendant's two motions to dismiss. Answer, ¶ 101(a) – (d). That constitutes literally everything that has happened so far in this case. Since the Defendant asserts "by way of a counterclaim, that the underlying litigation as a whole constitutes an abuse of process", he "fails to state a claim which is ripe for adjudication." *Magid*, 2005 U.S. Dist. LEXIS 2926 at 11.

Second, the claim fails to allege an unlawful purpose, the second element of an abuse of process claim. "[A]ssertions that a party had bad or malicious intentions or that it acted from spite or with an ulterior motive in filing litigation insufficient to establish abuse of process…" *Magid*, 2005 U.S. Dist. LEXIS 2926 at 11. Instead, the claimant must allege "an act or threat not authorized by the process" or "an illegitimate aim such as extortion, blackmail, or to coerce or compel the plaintiff to take some collateral action." *Id.* at 11-12. The Defendant does not allege any illegitimate aim such as "extortion" or "blackmail", and he does not allege any act or threat not authorized by the process. The seven paragraphs of the counterclaim do not identify any

concrete thing that the Plaintiff did.  Answer, ¶¶ 101 – 107.  Instead, the counterclaim speaks in generalities such as "over-the-top lengths of Spartan to attempt to silence him [Mr. Purrington]", "improper attempt to financially punish Mr. Purrington for refusing to settle…", "the subsequent proceedings in this action are now being weaponized by Spartan to imply financial disaster" and "Spartan is promoting the survival of its knowingly false statements in its Complaint to undermine or ostracize Mr. Purrington."  Id., ¶¶ 102 and 105 – 107.  Since the Defendant only alleges that the Plaintiff has bad intentions, and not that the Plaintiff actually did something unlawful, he has not pleaded the second element of a claim for abuse of process.

## II.     Facts.

This is a defamation case.  First Am. Compl, ¶¶ 5 – 8.  The Plaintiff makes a product called the Spartan Mosquito Eradicator, a mosquito control system.  Id. ¶ 5.  The Defendant has been communicating to the Plaintiff's customers through hundreds of messages about the product on the internet, including on Amazon, Twitter, Facebook, and his own personal website.  Id., ¶ 6.  The Plaintiff alleges that these statements are false and defamatory.  ¶ 8.  Among the defamatory allegations are that the Plaintiff is scamming customers, the Plaintiff lies to government agencies, the product helps spread invasive species, the product puts customers and their families at risk of contracting diseases, and mosquitoes cannot fit inside the holes in the product to drink the solution.  Id., ¶ 5.

The Plaintiff asserts claims for defamation and commercial disparagement.  Id., ¶¶ 28 – 40.  Both claims have survived the motion to dismiss stage, following two motions by the Defendant (ECF 6 and 16) and two decisions by the Court (ECF 12 and 22).

The Defendant's Answer asserts one counterclaim for abuse of process, which consists of seven paragraphs.  Answer, ¶¶ 101 – 107.  The Defendant alleges that the Plaintiff's pleadings

make false or misleading statements, id., ¶ 101(a); the Plaintiff refuses some of the Defendant's discovery requests, id., ¶ 101(b); the Plaintiff sought the Defendant's deposition around the middle of July, id.; the Plaintiff sought voluminous discovery, id., ¶ 101(c); and the Plaintiff "is actively using the survival of their claim from the Motion to Dismiss to intimidate and chill the speech of other individual scientists, organizations, and the like from publishing prior-completed or future studies…", id., ¶ 101(d).  The Defendant alleges that the lawsuit has caused him financial harm in that he has had to pay his counsel's fees.  Id., ¶¶ 102 – 103.

The counterclaim does not allege any concrete acts by the Plaintiff.  Instead, the counterclaim makes generalized allegations such as "over-the-top lengths of Spartan to attempt to silence him [Mr. Purrington]" and "improper attempt to financially punish Mr. Purrington for refusing to settle…".  Id., ¶¶ 102 and 105.

### III. Argument.

#### A. Standard.

Counterclaims must satisfy the same standard as claims in complaints.  *RAH Color Techs. LLC v. Ricoh USA, Inc.*, 194 F. Supp. 3d 346, 348 (E.D. Pa. 2016).  To survive a 12(b) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  A complaint "does not need detailed factual allegations," but "requires more than labels and conclusions, and a formulaic recitation of the elements…"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

#### B. The counterclaim is not ripe because the Defendant alleges that the entire action is an abuse of process.

This Court has held that "a claim that a plaintiff has perverted the purpose of the entire action, when alleged in the first pleading after the filing of the Complaint, is not a claim ripe for

adjudication." *United States ex rel. Magid v. Barry Wilderman, M.D., P.C.*, 2005 U.S. Dist. LEXIS 2926, at 11 (E.D. Pa. Feb. 28, 2005).  "The assertion, by way of a counterclaim, that the underlying litigation as a whole constitutes an abuse of process fails to state a claim which is ripe for adjudication.  By definition, a lawsuit in its entirety cannot constitute an abuse of process when it has not yet been concluded." *Id.* (quoting *Access Fin. v. Keystone State Mortg.,* 1996 U.S. Dist. LEXIS 14073, at 12-13 (W.D. Pa. Sep. 4, 1996)).

Paragraph 101 of the counterclaim lists the aspects of this case which the Defendant claims support an abuse of process claim.  Answer, ¶ 101.  He generally lists the allegations in the Plaintiff's pleading, conducting discovery, and the survival of the Plaintiff's claims over his 12(b) motions.  Id., ¶ 101(a) – (d).  The Defendant's description of his claim is so broad and generalized that it encompasses every aspect of the case up to this point.  The parties have not done anything other than file pleadings, conduct discovery, and brief two motions to dismiss.  A counterclaim that the litigation as a whole is an abuse of process fails to state a claim because "by definition, a lawsuit in its entirety cannot constitute and abuse of process when it has not yet been concluded." *Magid*, 2005 U.S. Dist. LEXIS 2926 at 11.  Since the Defendant alleges that every part of this case supports his abuse of process claim, he has not stated a claim which is ripe for adjudication.

      **C.**      **The Defendant fails to allege the second element of an abuse of process claim, an unlawful act or purpose.**

The Defendant fails to allege the second element of abuse of process, an unlawful act or purpose.  A claim for abuse of process has three elements:  1) the defendant used a legal process against the plaintiff, 2) primarily to accomplish a purpose for which the process was not designed, 3) causing harm to the plaintiff.  *Lerner v. Lerner*, 954 A.2d 1229, 1238 (Pa. Super. 2008).

With regard to the second element, it is not enough to allege that the opposing party had bad intentions.  "A cause of action for abuse of process requires some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process … there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Shaffer v. Stewart*, 473 A.2d 1017, 1019 (Pa. Super. 1984) (cleaned up).

The Defendant alleges that there were "over-the-top lengths of Spartan to attempt to silence him [the Defendant]."  Answer, ¶ 105.  However, the Defendant does not allege a single example of Spartan's "over-the-top lengths" to silence him.  This conclusory statement, without any facts backing it up, cannot sustain a claim.

The Defendant also alleges that "Spartan is promoting the survival of its knowingly false statements in its Complaint to undermine or ostracize Mr. Purrington."  Answer, ¶ 107.  The term "survival" probably refers to the Court's decision to deny the Defendant's two motions to dismiss and allow the Plaintiff's claims to move forward.  Again, this generalized statement is not supported by any facts in the counterclaim – what did the Plaintiff do to promote the survival of its claims, and how did the Plaintiff undermine or ostracize the Defendant.  Moreover, the Court's decisions are already public – there is no reason why a party cannot publicize a decision in its favor.  There is a "common law right to inspect and copy public records and documents, including judicial records and documents." *Leucadia, Inc. v. Applied Extrusion Techs.*, 998 F.2d 157, 161 (3d Cir. 1993) (cleaned up).  This right "antedates the Constitution" and "is now beyond dispute." *Id.*  "The public's exercise of its common law access right in civil cases promotes public confidence in the judicial system …" *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988).

The Defendant makes a similar allegation at paragraph 106: "… subsequent proceedings in this action are now being weaponized by Spartan to imply financial disaster …" Answer, ¶ 106.  Again, no facts are alleged to support the conclusory allegation that the proceedings are "weaponized."

The Defendant alleges nothing more than that the Plaintiff filed a Complaint, pursued discovery, objected to some of the Defendant's discovery, and defeated his 12(b) motions.  That describes every civil case that survives a motion to dismiss.  "[T]here is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Di Sante v. Russ Fin.*, 380 A.2d 439, 441 (Pa. Super. 1977).  Setting aside the conclusory allegations of bad intent, the only facts alleged are that the Plaintiff filed and litigated a defamation case.

The Defendant has not alleged the requisite facts to establish element two of an abuse of process claim.  For these reasons, the counterclaim must be dismissed.

**IV.   Conclusion.**

The Defendant has not alleged a claim which is ripe for adjudication.  The Defendant also failed to allege the second element of an abuse of process claim.  For these reasons, the counterclaim should be dismissed.

                                                Respectfully submitted,

                                                _/s/ Evan L. Frank_____
                                                Evan L. Frank, Esq.  (PA #311994)
                                                Alan L. Frank Law Associates, P.C.
                                                135 Old York Road
                                                Jenkintown, PA 19046
                                                215-935-1000/ 215-935-1110 (fax)
                                                afrank@alflaw.net
                                                Counsel for Plaintiff

July 28, 2020