UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**AC2T, Inc., d/b/a**
**Spartan Mosquito,**

       **Plaintiff**

  v.

**Colin Purrington,**

       **Defendant**

Case No. 2:19-cv-5946-RBS

### DEFENDANT'S REPLY TO THE MOTION TO DISMISS THE COUNTERCLAIM OF THE DEFENDANT COLIN PURRINGTON

Defendant Colin Purrington, PhD., by and through his attorney, Trevor C. Serine, Esquire, files this Reply to the Motion to Dismiss the Counterclaim of the Defendant, Spartan, pleading as follows:

**FACTS:**

This Counterclaim arises as a result of a defamation action filed against Defendant Colin Purrington by Ac2t Inc., d/b/a Spartan Mosquito. Counterclaim Plaintiff has alleged that Spartan has sought to use the discovery process etal to inflict maximum financial and reputation harm to Colin Purrington, including:

    a. failing or refusing to remove knowingly false or misleading statements from amended pleadings, causing needless legal responses;

    b. refusing to provide requested discovery (despite being the initiator of the lawsuit), necessitating the costs and expenses for a Motion to Compel, yet repeatedly is seeking to schedule the deposition of Mr. Purrington, currently seeking a date certain;

    c. seeking voluminous and time-consuming discovery from Mr. Purrington, much of which was merely a fishing expedition, and yet required attorney review, furthering Spartan's goal of inflicting immediate financial harm; and,

   d. is actively using the survival of their claim from the Motion to Dismiss to intimidate and chill the speech of other individual scientists, organizations, and the like from publishing prior-completed or future studies on the product – including studies which directly refute the public claims of Spartan regarding its "Eradicator."

Counterclaim Plaintiff went on to state that, "All of these actions subsequent to the filing of the Complaint were intentionally designed to cause needless, excess expense to Mr. Purrington, in an improper attempt to financially punish Mr. Purrington for refusing to settle the Complaint immediately after filing in compliance with its demands that he remove, retract, and apologize for his comments, in addition to paying damages." P. 102 of the Counterclaim.

  Further, Counterclaim Plaintiff alleged that the subsequent proceedings in this action are now being weaponized by Spartan to imply financial disaster to any individual or small organization which would consider publicly supporting or publishing evidence to undermine or ostracize Mr. Purrington. It is specifically alleged that at least one non-profit organization refused to publish a study and statement condemning the "Eradicator" once they discovered the substantial financial losses that were accruing by Mr. Purrington during the abusive discovery process by Spartan. Spartan's threats to weaponize and abuse the discovery process against those individuals/organizations or potential witnesses also undermines Mr. Purrington's ability to present a defense.

**ISSUE:**

1. Should this Court deny with prejudice the Motion to Dismiss the Counterclaim of Defendant Colin Purrington as he has adequately stated a claim for relief under the common law abuse of process doctrine, and has sufficiently stated acts subsequent to the filing of the action which, if taken as true pursuant to the long-standing legal jurisprudence governing Counterclaims, support a claim for common law abuse of process?

Suggested Answer: **YES**.

**DISCUSSION:**

**Counterclaim Adequately States a Claim of Common Law Abuse of Process**

Under Pennsylvania law, a common law abuse of process claim remains distinct from a Dragonetti Act action, because it requires a party to plead different requisite elements. Longman v. Keystone Nat'l Bank & Trust Co., 672 F. Supp. 2d 691, 699-701 (E.D. Pa. 2009). Counterclaim Plaintiff has adequately stated a cause of action for common law abuse of process, and does not allege any Dragonetti Act claim, and it is well settled that any such Dragonetti Act action is premature.

The Pennsylvania Supreme Court has stated that "[t]he gist of an action for [common law] abuse of process is the improper use of the process after it has been issued, that is, a perversion of it." Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 304 (3d Cir. 2003) (citation and internal quotations omitted); see also Horizon House Dev. Servs. Inc. v. Twp. Of Upper Southampton, No. 89-2243, 1990 WL 151795, *2 (E.D. Pa. Oct. 4, 1990) (applying Pennsylvania substantive law and holding "[A] claim for [common law] abuse of process... must be made on allegations of improper use of process 'after' the suit has been initiated.").

To establish a common law abuse of process claim, the moving party must show that nonmoving party "(1) used a legal process against the [moving party], (2) primarily to accomplish a purpose for which the process was not designed, and (3) harm has been caused to the [moving party]." Lerner v. Lerner, 954 A.2d 1229, 1238 (Pa. Super. Ct. 2008), quoting Shiner v. Moriarty, 706 A.2d 1228, 1236 (Pa. Super. Ct. 1998), appeal denied, 729 A.2d 1130 (Pa. 1998). "[A] litigant need not always wait until the termination of an action to bring a claim for abuse of process." Giordano v. Claudio, 714 F. Supp. 2d 508, 533 (E.D. Pa. 2010), citing Rosen v. Am. Bank of Rolla, 627 A.2d 190, 192 (Pa. Super. Ct. 1993).

Here, the Counterclaim Plaintiff, Colin Purrington, has stated all three requisite factors, and has alleged specific actions taken by Counterclaim Defendants subsequent to the initiation of the action which fall under the common law abuse of process claim. See P. 101 (a) – (d) of the Counterclaim of Plaintiff. Counterclaim Plaintiff specifically alleges, contrary to the assertions of Counterclaim Defendants, bad and malicious intent by Spartan, via its abuse of the discovery and litigation processes, and using the discovery proceedings to cow not only the Counterclaim Plaintiff, but also other individual scientists, organizations, and the like from publishing evidence or studies which would undermine the position of Spartan. Further, Counterclaim Plaintiff has alleged real and specific harms, including the silencing or the chilling of speech of potential witnesses or organizations which undermines the ability of the Counterclaim Plaintiff to present his defense.  Indeed, Counterclaim Plaintiff has knowledge of at least one non-profit which refused to publish their own analysis of the Spartan product due specifically to the ongoing machinations of the Counterclaim Defendants within this case, subsequent to the initiation of the action.

The Counterclaim, having the same standard as an initial Complaint, does not require detailed factual allegations; rather, the Counterclaim merely needs to state a claim to relief which, accepting all allegations within same as true, is plausible. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  This low bar to a Motion to Dismiss is easily hurdled by the Counterclaim. See also, F.R.C.P. 8. Indeed, accepting all facts and allegations as true, the Counterclaim states a claim for common law abuse of process.

**CONCLUSION:**

In light of the proper assertions by Counterclaim Plaintiff, Colin Purrington, of the three elements of the common law abuse of process claim, as well as specific references to discrete actions taken by the Counterclaim Defendants after the initiation of the lawsuit, the Motion to Dismiss the Counterclaim must be denied with prejudice.

Respectfully submitted,

_____

**TREVOR C. SERINE, ESQUIRE**
PA ATTORNEY ID NO.: 316805
SERINE LAW
30 WEST THIRD STREET
MEDIA, PA 19063
P: 4844486426
TCS@SERINELAW.COM

5