IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AC2T, INC. *d/b/a* SPARTAN MOSQUITO : : : CIVIL ACTION v. : : NO. 19-5946 COLIN PURRINGTON : | |

# O R D E R

**AND NOW**, this 22nd day of September 2021, upon consideration of Plaintiff's Motion to Dismiss Counterclaim for Abuse of Process (ECF No. 27), and Defendant's Response thereto (ECF No. 28), it is **ORDERED** that the Motion is **GRANTED**.[1]

**IT IS SO ORDERED.**

BY THE COURT:

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**

---

[1] Plaintiff AC2T, Inc. manufactures the Spartan Mosquito Eradicator, a device used to decrease mosquito populations.  Purrington is a former professor who allegedly made defamatory comments about AC2T's product on various websites and on social media and to state regulatory agencies asking them to revoke their approval of Plaintiff's product.  AC2T asserts defamation and commercial disparagement claims against Purrington.  Purrington's request to dismiss these two claims was denied.  *See AC2T, Inc. v. Purrington*, No. 19-5946, 2020 WL 6203573 (E.D. Pa. Oct. 22, 2020); *AC2T, Inc. v. Purrington*, No. 19-5946, 2021 WL 1853354 (E.D. Pa. May 10, 2021).  Purrington filed an Answer on June 24, 2021.  (ECF No. 25.)

In its Answer, Purrington asserts a counterclaim against AC2T for abuse of process.  He contends that certain discovery tactics AC2T used after filing the Complaint were intended "to inflict maximum financial and reputation harm" to Purrington. (Answer at 37.)  Purrington alleges that the improper discovery tactics included:  refusing the remove false or misleading statements from amended pleadings; refusing to respond to discovery requests; and seeking voluminous and time-consuming discovery from Purrington.  (*Id*. at 37-38.)

In this Motion, AC2T seeks to dismiss Purrington's counterclaim for abuse of process. AC2T contends that the claim should be dismissed because (1) it is not ripe for adjudication, and (2) it does not allege an unlawful purpose.

Rule 12(b)(6) provides for the dismissal of a counterclaim, in whole or in part, for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a [claim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

"The common law tort of abuse of process is defined as 'the perversion of legal process after it has begun primarily to accomplish a purpose for which it is not designed.'" *Ciolli v. Iravani*, 625 F. Supp. 2d 276, 296 (E.D. Pa. 2009) (quoting *Werner v. Plater-Zyberk*, 799 A.2d 776, 785 (Pa. Super. Ct. 2002)). To establish a claim for abuse of process, Purrington must show that AC2T (1) used a legal process against him, (2) primarily to accomplish a purpose for which the process was not designed; and that (3) harm was caused to Purrington. *Lerner v. Lerner*, 954 A.2d 1229, 1238 (Pa. Super. Ct. 2008) (citation omitted).

We will address AC2T's ripeness argument first. It is true that "an abuse of process claim alleging that the underlying litigation *as a whole* constitutes an abuse of process fails to state a claim which is ripe for adjudication." *Luo v. Owen J. Roberts Sch. Dist.*, No. 14-6354, 2016 WL 6962547, at *2 (E.D. Pa. Nov. 28, 2016) (citation and internal quotation marks omitted) (emphasis in original). However, here, Purrington's counterclaim for abuse of process does not allege that AC2T used the litigation *as a whole* to accomplish an improper purpose. Instead, Defendant alleges that AC2T engaged in specific discovery tactics to harass, punish, and cause financial and reputational harm to Purrington. Purrington's counterclaim is based on AC2T conduct that has already occurred. "[A] litigant need not always wait until the termination of an action to bring a claim for abuse of process." *Giordano v. Claudio*, 714 F. Supp. 2d 508, 533 (E.D. Pa. 2010). Rather, "the allegedly abusive process that forms the basis for an abuse of process claim must be completed before a litigant may bring an abuse of process claim." *Id*. Purrington has done that here.

Even though Purrington's allegations are ripe, they fail to state a plausible counterclaim for abuse of process. In particular, Purrington fail to establish the second element: that the abusive process was used primarily to accomplish a purpose for which the process was not designed.

To satisfy this "perversion of process" element, Purrington must show "[s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process." *Hart v. O'Malley*, 647 A.2d 542, 552 (Pa. Super. Ct. 1994), aff'd, 676 A.2d 222 (1996). Furthermore, "there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Id.*; see also *Taliaferro v. Darby Twp. Zoning Bd.*, No. 03-3554, 2008 WL 2078992, at *8 (E.D. Pa. May 15, 2008).

Purrington alleges that Plaintiff's discovery tactics were designed to cause financial and reputational harm. The discovery tactics alleged are nothing more than aggressive attempts by

AC2T to prove its claims. Even if AC2T's discovery strategy was intended to harass Purrington, we note that "incidental motive of spite or an ulterior purpose of benefit," is not enough to state a claim. *Rosen v. Am. Bank of Rolla*, 627 A.2d 190, 192 (Pa. Super. Ct. 1993). Purrington fails to allege that the *primary* purpose of AC2T's discovery conduct was for an improper purpose. *See Avaya, Inc. v. Cisco Sys., Inc.*, No. 10-5881, 2012 WL 2065536, at *6 (D.N.J. June 7, 2012) (dismissing abuse of process claim where the defendant alleged improper and oppressive discovery tactics, however, failed to allege an "oppressive act performed to perve the actual process itself"); *Breslin v. Dickinson Twp.*, No. 09- 1396, 2011 WL 13344691, at *6 (M.D. Pa. Dec. 5, 2011) (concluding that discovery matters were not basis for abuse of process claim). Purrington has other remedies available to him to if he finds AC2T's discovery tactics oppressive. He can seek Court intervention or sanctions, if warranted.