## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**AC2T, Inc., d/b/a**
**Spartan Mosquito,**

        Plaintiff

**Case No. 2:19-cv-5946-RBS**

   v.

**Colin Purrington,**

        Defendant

## MOTION FOR SANCTIONS

Defendant Colin Purrington petitions this Court to issue sanctions against Plaintiff AC2T, Inc., and its attorneys, Alan L. Frank Law Associates, PC pursuant to F.R.C.P. 26 & 37, 28 U.S.C. Section 1927, Local Eastern District Rule 83.6 (IV), Pa. Rule of Professional Conduct 3.5, and pursuant to the court's inherent power to issue sanctions and control its affairs, pleading as follows:

## RELEVANT FACTS

1. On August 24, 2021, Evan L. Frank, Esquire, the lawyer for the Plaintiff, sent an *ex-parte* letter to this Court, namely to Hon. R. Barclay Surrick.

2. Within that August 24, 2021 correspondence, the lawyer for the Plaintiff supplied misleading information about the state of discovery and requested the Court to "order the Defendant to comply." [A true and correct copy of the 8/24/21 correspondence is attached hereto at Exhibit "A"]

3. Further, he stated, "A proposed order is attached" and submitted a substantive order to the Court. [A true and correct copy of the so-called proposed order is attached hereto at Exhibit "B"]

4. The August 24, 2021 correspondence constituted an unethical *ex-parte* communication to this court, seeking impermissible substantive relief for an alleged discovery dispute. *See, e.g.,* Pa. Rule of Professional Conduct 3.5; F.R.C.P. 26 & 37; EDPA Local Rule 83.6 (IV).

5. On August 25, 2021 counsel for the Defendant supplied to Evan L. Frank, Esquire correspondence which objected to the 8/24/21 letter, and stated unequivocally that Mr. Frank was in direct violation of the Rules of Civil Procedure, as well as the relevant Rules of Professional Conduct, and instructed him to cease and desist from engaging in such unethical, inappropriate, and impermissible actions in this litigation. [A true and correct copy of the 8/25/21 correspondence is attached hereto at Exhibit "C"]

6. Despite the notice and warning supplied by counsel for the Defendant, Evan L. Frank, Esquire, disregarded the 8/25/21 letter, and on October 4, 2021, Evan L. Frank, Esquire, sent a subsequent *ex-parte* correspondence to the Court, again supplying misleading information, and stated, "**we therefore request the court rule on our discovery letter**." [Emphasis supplied] [A true and correct copy of the 10/4/21 correspondence is attached hereto at Exhibit "D"]

7. Not only did the Plaintiff and his attorney supply the original unethical correspondence to this Court, which requested an inappropriate act from Court and supplied a substantive order (attempting to deprive the Defendant any opportunity to respond), he then doubled-down on his substantive request via his demand within the 10/4/21 correspondence. [See Exhibits "A," "B," and "D"]

8. These substantive requests, submitted in an unethical and inappropriate manner, are highly prejudicial to the Defendant.

9. Moreover, the Plaintiff has unclean hands, in that it has refused to provide discovery to the Defendant for the better part of two (2) years, and which ultimately necessitated a Motion to

Compel and a subsequent Order from this Court to comply (which, to date, it has failed to do so).

10. Pennsylvania Rule of Professional Conduct 3.5 states that a lawyer shall not: "seek to influence a judge… by means prohibited by law; communicate ex parte with such a person during the proceedings unless authorized to do so by law or court order; or, engage in conduct intended to disrupt a tribunal." *See* Pa. R.P.C. 3.5.

11. Further, Federal Courts are empowered to "'protect the administration of justice by levying sanctions in response to abusive litigation practices.'" *Kovilic Const. Co., v. Missbrenner,* 106 F.3d 768, 772-73 (7th Cir. 1997); *Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.,* 771 F.2d 5, 11 (1st Cir. 1985), *cert. denied,* 475 U.S. 1018 (1986), *quoting Penthouse Int'l, Ltd. v. Playboy Enters.,* 663 F.2d 371, 386 (2d Cir. 1981).

12. A court's inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.,* 370 U.S. 626, 630-631 (1962).

13. The imposition of inherent power sanctions is appropriate where the offender has willfully abused judicial process or otherwise conducted litigation in bad faith. *See, e.g.*, *In re Itel Sec. Litig.*, 791 F.2d 672, 675 (9th Cir. 1986); 370 U.S. at 675.

14. Additionally, 28 U.S.C. Section 1927 authorizes this Court to impose monetary sanctions upon the law firm and the party for attorney's fees, expenses, and the like, for conduct that is inappropriate and/or unethical. *See* 28 U.S.C. Section 1927; S*tate Indus. V. Mor-Flo Indus.,* 948 F.2d 1573 (Fed. Cir. 1991) (Section 1927 applies to all cases "in any court of the United States, including the courts of appeals.")

15. Fed. R.C.P. 26 and 37 authorize this Court to impose sanctions upon a party and its lawyer(s) for improper discovery and for violations of the Rules of Civil Procedure or for the Local Rules or norms of this Court. *See, e.g.,* Fed. R.C.P. 26 & 37.

16. Finally, Local Eastern District Rule 83.6 (IV) of Disciplinary Enforcement dictates that certain standards of professional conduct be adhered; the failure to adhere to the Rules of Professional Conduct, with good cause shown, subjects an attorney to reprimand, suspension from practice in front of this Court, or be subjected to such other disciplinary action as the circumstances warrant. Rule 83.6(IV)(B) states specifically, "acts or omissions by an attorney admitted to practice before this court..which violate the Rules of Professional Conduct adopted by this Court **shall constitute misconduct** and **shall be grounds for discipline**…". [emphasis supplied] *See* EDPA Local Rule 83.6 (IV).

17. The Lawyers for the Plaintiff have repeatedly, willfully, and directly violated a Rule of Professional Conduct, and must be subject to discipline. Rule 83.6(IV)(B).

## **CONCLUSION**

The violations of the applicable Rules of Civil Procedure, the Rules of Professional Conduct, and the like, along with the substantial prejudice to the Defendant, necessitate that this Court issue monetary sanctions and/or disciplinary proceedings against the Plaintiff and its lawyers, Alan L. Frank Law Associates, PC, in order to prevent further unethical activities and prevent further prejudice to the Defendant.

**WHEREFORE**, Defendant respectfully requests that this Court grant its Motion for Sanctions and issue monetary sanctions for attorney's fees and expenses against the Plaintiff and its lawyers, Alan L. Frank Law Associates, PC, in the amount of $5,000.00 for the repeated, willful violations of the Rules of Civil Procedure, the Rules of Professional Conduct; and further, issue such other sanctions and/or discipline as appropriate.

        Respectfully submitted,

        _____
        **TREVOR C. SERINE, ESQUIRE**
        PA ATTORNEY ID NO.: 316805
        SERINE LAW
        30 WEST THIRD STREET
        MEDIA, PA 19063
        P: 4844486426
        TCS@SERINELAW.COM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AC2T, Inc., d/b/a Spartan Mosquito,**<br><br>    **Plaintiff**<br> v.<br><br>**Colin Purrington,**<br><br>    **Defendant** | **Case No. 2:19-cv-5946-RBS** |

### CERTIFICATE OF SERVICE

I, Trevor C. Serine, Esquire, attorney for Defendant Colin Purrington, hereby certify that I served a true and correct copy of the Motion upon the following parties in the manner indicated on 10/5/2021. I further certify that I have attempted to resolve this issue with opposing counsel, without success.

**VIA ELECTRONIC FILING NOTICE**
AC2T, Inc., d/b/a
Spartan Mosquito
c/o Evan L. Frank, Esquire
Alan L. Frank Law Associates, P.C
135 Old York Road
Jenkintown, PA 19046
efrank@alflaw.net

        By: _____
           **Trevor C. Serine, Esquire**
           Serine Law
           30 West Third Street, First Floor
           Media, PA 19063
           484-448-6426
           TCS@SERINELAW.COM