**Evan L. Frank, Esq.**
**Alan L. Frank Law Associates, P.C.**
**PA Bar No. 311994**
**135 Old York Road**
**Jenkintown, PA 19046**
**215-935-1000**
**215-935-1110 (fax)**
**efrank@alflaw.net**
**Counsel for Plaintiff**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| AC2T, Inc., d/b/a Spartan Mosquito, | : | |
| | : | Civil Action |
| Plaintiff, | : | Case Number: 2:19-cv-05946-RBS |
| | : | |
| v. | : | Jury Trial Demanded |
| | : | |
| Colin Purrington, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## PLAINTIFF'S RESPONSE TO MOTION FOR SANCTIONS

Defense counsel is mistaken – no ex parte communications were sent. Defense counsel was copied on every single communication. Defendant is mistaken about what "ex parte" means.[1]

To be clear, **Defendant was copied on all correspondence. There were no ex parte communications. Defendant thinks that "ex parte" means something else.**

Defendant argues that Plaintiff's August 24 letter was ex parte. However, Defendant is copied on the correspondence:

"cc: [defense counsel] Trevor C. Serine, Esq. (e-mail: tcs@serinelaw.com)".

---

[1] Defense counsel's letter (Ex. A) states, "The fact that I am copied on the correspondence is irrelevant", just after he claims that the correspondence is ex parte. Ex. A, page 1. By definition, the fact that defense counsel was copied on the correspondence, means that the correspondence was not ex parte. *Winn-Dixie Stores, Inc. v. E. Mushroom Mktg.*, 2019 U.S. Dist. LEXIS 80667, at 13 (E.D. Pa. May 14, 2019) (citing Black's Law Dictionary).

Ex. B, Letter 8-24-21, page 2.

Defendant was also copied on the same e-mail that sent the letter to the Court:

"cc:  … [defense counsel] tcs@serinelaw.com".
Ex. C, E-mail 8-24-21, page 1.

Defense counsel even responded to that e-mail by clicking "Reply All" and sending his own letter to the Court.  Ex. D, E-mail 8-25-21.  This can be seen below the body of the e-mail, where defense counsel's e-mail includes the text of Plaintiff's paralegal's e-mail from the day before.  The subject of defense counsel's e-mail also begins "Re:", followed by the subject of Plaintiff's e-mail, indicating that defense counsel's e-mail was a response to Plaintiff's e-mail: "**Re:** AC2T, Inc. v. …."

Defendant also argues that Plaintiff's October 4 e-mail was ex parte.  However, defense counsel is also copied on this e-mail.

"cc: … [Defense counsel] Trevor C. Serine, Esq."
Ex. E, E-mail 10-4-21.

Furthermore, this e-mail was prompted by the Court Deputy's own e-mail to all counsel asking whether the dispute had been resolved.  Id., page 2.

"An *ex parte* communication has been defined as [a] communication between counsel and the court when opposing counsel is not present." *Winn-Dixie Stores, Inc. v. E. Mushroom Mktg.*, 2019 U.S. Dist. LEXIS 80667, at 13 (E.D. Pa. May 14, 2019) (citing Black's Law Dictionary).

However, Defendant was included on every single communication.  By definition, they cannot be ex parte.

From context, Defendant probably thinks "ex parte" means any letter to the Court instead of a formal motion.  This is because Defendant's own letter states that "… you are well aware

that you are required to file a Motion for an Order for relief", and the Motion itself keeps emphasizing the fact that Plaintiff sent a letter, as if that alone were an offense.

Sending a letter instead of a formal motion is clearly not against the rules since **the Court's Policies literally say on the front page that counsel should "send Judge Surrick a letter" about discovery disputes.** Judge Surrick Policies and Procedures, page 1: "… Judge Surrick will handle disputes concerning discovery … **send Judge Surrick a letter setting forth his or her position and the position of opposing counsel.**"

Again, there were no ex parte communications.  Defense counsel was copied on every single communication.  Moreover, Plaintiff was following the procedure that is literally on the **first page** of the Court's policies, which directs counsel to send the Court a letter about discovery disputes.  For these reasons, the motion should be denied.

Respectfully submitted,

 /s/ Evan L. Frank_____
Evan L. Frank, Esq.  (PA #311994)
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
215-935-1000/ 215-935-1110 (fax)
afrank@alflaw.net
Counsel for Plaintiff

October 5, 2021