UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**AC2T, Inc., d/b/a**
**Spartan Mosquito,**

          **Plaintiff**

   v.

**Colin Purrington,**

          **Defendant**

Case No. 2:19-cv-5946-RBS

## ORDER

And now, on this _____ of _____, 2021, upon review of the Motion for Protective Order of the Plaintiff and the opposition thereto filed by the Defendant, it is **ORDERED** and **DECREED** that said Motion is **DENIED**, without prejudice.

BY THE COURT:

_____
                                          J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**AC2T, Inc., d/b/a Spartan Mosquito,**

   **Plaintiff**

 v.

**Colin Purrington,**

   **Defendant**

Case No. 2:19-cv-5946-RBS

## DEFENDANT'S REPLY TO THE MOTION OF THE PLAINTIFF FOR GENERAL PROTECTIVE ORDER

  Defendant Colin Purrington, PhD., by and through his attorney, Trevor C. Serine, Esquire, files this Reply in opposition to the Motion of the Plaintiff, AC2T ("Spartan") for a general protective Order, pleading as follows:

  Plaintiff, Spartan, is apparently seeking a prophylactic, general, and overly expansive protective order from this Court. Spartan has not identified any confidential, nonpublic, or trade secret information necessitating an Order of protection at this time. Spartan has also not shown any cause, let alone good cause, for such an expansive Order to be entertained or otherwise entered by this Court. Indeed, to the Defendant's knowledge, there are no disputed documents or other information which require an Order of protection at this time. *See Fed. R.C.P. 26(c).*

  Spartan appears to be, essentially, requesting that this Court force the Defendant to enter into a Confidentiality Agreement, by couching it as a general, prophylactic Order for "protection." It is axiomatic that the Court cannot force a party to enter into a Confidentiality Agreement.

  Further, said Order, if entered as suggested by Spartan, would cause an undue burden upon the Defendant as it is not narrowly tailored to any specific set of information or the like, which likely would introduce further discovery delays and/or motion practice if the protective Order is entered by this Court. Defendant asserts that this Order would be used to shield relevant disclosures from Plaintiff

which are essential to the defense of the Defendant. For example, in this action, so-called "confidential" research or development regarding the "Eradicator" product is likely necessary and relevant to the underlying defamation claims; if the same is restricted via a broad Order of protection, it would create an undue burden upon the Defendant. It is not in the interest of judicial economy to continually run back to the Court for a decision regarding the applicability, or lack thereof, of any prophylactic, general Order of protection. Indeed, the Plaintiff is a multi-million dollar company, whereas the Defendant is an individual with significantly more limited resources; and a prophylactic, general Order of protection would, in effect, operate only to the benefit of the Plaintiff and would be prejudicial to the Defendant.

Moreover, the "Eradicator" product at issue herein is neither confidential nor secret – its ingredients, the percentage "mix," and the container are public information readily available on the Spartan website as well as the packaging itself.

Finally, the Eastern District Local Rules and the Pennsylvania Supreme Court Rules governing disclosures already require that the parties remove or redact any "personal identifiers," and therefore there are no issues to resolve with a protective Order regarding any personal identifiers of executives, management, customers, bank accounts, etc.

It is the position of the Defendant that protective Orders must be narrowly tailored to specifically-identified information and where there is good cause shown for same, pursuant to Fed. R.C.P. 26(c). Here, no such specific information or cause is provided by Plaintiff.

        Respectfully submitted,

        _____
        **TREVOR C. SERINE, ESQUIRE**
        PA ATTORNEY ID NO.: 316805
        SERINE LAW
        30 WEST THIRD STREET
        MEDIA, PA 19063
        P: 4844486426
        TCS@SERINELAW.COM