IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AC2T, INC. *d/b/a* SPARTAN MOSQUITO : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 19-5946 |
| COLIN PURRINGTON : | |

**O R D E R**

**AND NOW**, this 14th day of January 2022, upon consideration of Defendant's Motion For Sanctions (ECF No. 31), and Plaintiff's response thereto (ECF No. 32), it is **ORDERED** that the Motion is **DENIED**.[1]

**IT IS SO ORDERED.**

BY THE COURT:

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**

---

[1] In this defamation action, Defendant Purrington filed a Motion For Sanctions against Plaintiff Spartan's counsel for allegedly having ex parte contact with this Court. No such contact occurred. We will deny Defendant's motion.

On two occasions, Plaintiff's counsel sent an email to our chambers alleging that Defendant failed to comply with discovery requests and schedule depositions. Plaintiff requested either that we schedule a conference or enter an order requiring that Defendant fulfill his discovery obligations. Plaintiff's counsel "carbon copied" (CCed) Defendant's counsel on both occasions. Defendant's counsel acknowledges they were sent and does not deny receiving them. These letters were not ex parte communication.

Ex parte communication is communication that is "[d]one or made at the instance and for the benefit of one party only, and without notice to, or argument by, anyone having an adverse interest; of, relating to, or involving court action taken or received by one party without notice to the other." EX PARTE, Black's Law Dictionary (11th ed. 2019). Defendant's counsel was provided with the letters and could have sent a response if he wished. There was adequate notice. We find nothing improper about Plaintiff's counsel's conduct. Therefore, we will deny Defendant's Motion For Sanctions.