IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AC2T, INC. *d/b/a* SPARTAN MOSQUITO : | |
| : | CIVIL ACTION |
| v.   : | |
| : | NO. 19-5946 |
| COLIN PURRINGTON : | |

**O R D E R**

**AND NOW**, this 14th day of January 2022, upon consideration of Plaintiff's Motion For Order Governing Exchange Of Confidential Documents And Information In Discovery (ECF No. 34), and Defendant's response thereto (ECF No. 35), it is **ORDERED** that the Motion is **GRANTED**.[1] The following provisions shall govern claims of confidentiality in these proceedings:

1. The following documents and information may be designated as "Confidential":

    a. Confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, customer lists, financial data, and production data.
    b. Personal identifiers and financial information.

2. A party producing confidential documents may designate documents or parts thereof as such by stamping "Confidential" on each page, and/or, if such documents are produced in electronic format, labeling the folder containing the documents "Confidential."

3. At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate specific portions of the transcript as "Confidential" if they meet the definition set forth in paragraph 1 above.

4. Confidential documents, or the confidential parts of documents that are so designated, shall be shown only to the parties, their counsel, their experts, and court personnel. Confidential discovery material produced in this litigation may only be used in connection with this litigation.

5. Inadvertent disclosure of a confidential document shall not be deemed a waiver, and a party realizing that there has been an inadvertent disclosure of a document that should be

"Confidential" may so designate by apprising all parties in writing, and thereafter such documents shall be treated as "Confidential."

6. If a party believes that a document designated "Confidential" does not warrant such designation, counsel shall first make a good-faith effort to resolve the dispute. If the dispute cannot be resolved, either party may apply to the Court for a determination as to whether the "Confidential" designation is appropriate.

7. A party may file "Confidential" documents or "Confidential" parts thereof under seal, and if a filing describes the contents of a "Confidential" document, then that part of the filing shall be redacted and filed under seal.

8. Within a reasonable time following this litigation (including any appeal), a party who received confidential documents shall return them to the producing party or destroy all confidential documents it has received.

**IT IS SO ORDERED.**

                  **BY THE COURT:**

                  */s/ R. Barclay Surrick*
                  **R. BARCLAY SURRICK, J.**

---

[1] In this defamation action, Plaintiff Spartan filed this Motion For Order Governing Exchange Of Confidential Documents And Information In Discovery against Defendant Purrington. Plaintiff requests that confidential documents—particularly those involving testing and research on proprietary products—provided during discovery be marked as such, and that sealing and/or redacting may be required if a party files a confidential document or describes it in a filing. Defendant objects, claiming the request is overbroad and covers some publicly available information.

  Federal Rule of Civil Procedure 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Information within this scope of discovery need not be admissible in evidence to be discoverable."

  However, a court may enter a protective order to shield a party "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). It is well established that the party wishing to obtain a protective order has the burden of demonstrating that "good cause" exists for the order. *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994). "'Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity.'. . . 'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." *Pansy,* 23 F.3d at 786 (internal citations omitted).

  The Third Circuit has adopted a balancing test to determine whether good cause exists as follows:

(1) whether disclosure will violate any privacy interests;
(2) whether the information is being sought for a legitimate purpose or for an improper purpose;
(3) whether disclosure of the information will cause a party embarrassment;
(4) whether confidentiality is being sought over information important to public health and safety;
(5) whether the sharing of information among litigants will promote fairness and efficiency;
(6) whether a party benefitting from the order of confidentiality is a public entity or official; and
(7) whether the case involves issues important to the public.

*See id.* at 787-91; *see also In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019); *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).

Courts are given broad discretion in evaluating the competing interests in discovery disputes so that they have the necessary flexibility to "justly and properly consider the factors of each case." *Id.* at 789. Most commonly, courts limit discovery of confidential documents by preventing the party obtaining the documents from sharing the document with others and by using that documents for anything, other than the present litigation. *Id.*

Here, neither party is a public entity or official, and Plaintiff has a strong, legitimate interest in protecting proprietary information involving testing and research on its product. *J Morita Mfg. Corp. v. Dental Imaging Techs. Corp.*, No. CV 21-0663-KSM, 2021 WL 4078036, at *1 (E.D. Pa. June 1, 2021) (entering confidentiality order to govern proprietary information and trade secrets that were not relevant to health and public safety). In addition, our order is tailored to prevent abuse: If the parties dispute "Confidential" designations and cannot resolve the matter themselves, the court will determine whether the documents are, in fact, confidential.

For the reasons stated, Plaintiff's Motion will be granted.