UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AC2T, Inc., d/b/a Spartan Mosquito,** <br><br> Plaintiff <br> v. <br><br> **Colin Purrington** <br><br> Defendant | Case No. 2:19-cv-5946-RBS |

**Motion for Hearing to Determine Immunity Pursuant to the Participation in Environmental Law or Regulation Act**

Defendant Colin Purrington petitions this Court for a determination of Immunity as a matter of law via Hearing to determine Immunity pursuant to the Participation in Environmental Law or Regulation Act, 27 Pa. C.S.A. § 8301, *et seq.*("the Act") and for attorneys fees and costs pursuant to 27 Pa. C.S § 7707, pleading as follows:

In the underlying action, the Plaintiff has sought to portray the Defendant's strenuous appeals to various state and federal environmental regulators and officials as defamatory and false statements. The Civil Action Complaint and the Answer and New Matter thereto is incorporated herein as though the same were set forth at length. The Defendant's statements at issue in the underlying action were written communications to the government (or to relevant third parties[1]) in connection with the enforcement or implementation of an environmental law or regulation, which are protected pursuant to the Act. *See § 8302; Penllyn Greene Assocs., L.P. v. Clouser,* 890 A.2d 424, 434 (Pa. Commw. Ct. 2005). The statements of the Defendant all directly relate to procuring favorable governmental action, which was ultimately obtained.

The Act defines "enforcement" as: "activity relating to the identification and elimination of

---

[1] "Immunity is triggered… regardless of whether the communication is made directly to the government or to third parties." *Penllyn Greene Assocs., L.P. v. Clouser*, 890 A.2d 424, 434 (Pa. Commw. Ct. 2005).

1

violations of environmental laws and regulations, including investigations of alleged violations, inspections of activities subject to regulation under environmental law and regulations and responses taken to produce correction of the violation." *27 Pa. C.S.A. § 8301.* Thus, the Act specifically protects communications discussing actions/inactions or responses taken by a party regarding alleged violations of environmental law and regulations. Further, the Act defines "implementation" as: "activity relating to the development and administration of environmental programs developed under environmental law and regulations." *27 Pa. C.S.A. § 8301.*

Under the Act, communications to the government that relate to enforcement or implementation of environmental law or regulation are granted absolute immunity without the need for further determination, and are not subject to any exceptions contained in the Act at § 8302(b)(1)-(3). *Pennsbury Vill. Assocs. v. McIntyre,* 608 Pa. 309, 11 A.3d 906, 961-62 (2011); *Penllyn Greene Assocs., L.P. v. Clouser,* 890 A.2d 424, 434 (Pa. Comwth. Ct. 2005).

A defendant, therefore, only loses immunity pursuant to the Act if the communications were not relevant to the enforcement or implementation of an environmental law *and* one of the exceptions contained in § 8302(b)(1)-(3) applies. *11 A.3d at 916* [i.e., the statement was knowingly false or malicious; made for the sole purpose of interfering with business relationships; or, a wrongful use of process]. Here, the Defendant's statements were aimed at procuring favorable governmental action (which was ultimately obtained), and no legal process was initiated by the Defendant, therefore Exceptions (2) and (3) are not applicable.

The following statements or tweets of the Defendant are immune, as they are directly written to the government, a scientific NGO, or a relevant third-party (like the general public considering purchasing the Eradicator via a commercial distributor like Amazon or Lowes) seeking enforcement, implementation, or solicitation of public petition, for a violation of an environmental law or regulation:

Exhibit B  "**The reason citizens and organizations should write to their state officials now** is because Spartan Mosquito must reapply to each state by Dec 31 for permission to sell. **Please send your input today.** Contact info…" "**why should states issue 'stop sell' orders** on… the Spartan Mosquito Eradicator? Because such devices are putting people's health at risk. **The Association of American Pesticide Control Officials has detailed guidance for state regulators here**: [link provided]…" [emphasis supplied]

Exhibit C  "**Amazon has stopped selling Spartan Mosquito Eradicators...this might be related to the efforts by @EPA and @amazon to remove items that violate the Federal Insecticide, Fungicide & Rodenticide Act. Spartan Mosquito and its distributors often make health claims e.g., which violate the FIFRA 25(b) exemption it enjoys…**" [emphasis supplied]

Exhibit D  "**Spartan Mosquito Eradicators provide ideal habitat...for larvae of spotted-wing drosophila, an invasive pest** of berries and soft-skinned fruit trees… drosophila probably inflicts $1billion in damage each year too, a**nd plenty of losses in Mississippi, (right @MSBugBlues)…**" [emphasis supplied]

Exhibit E  [responding to follow-up inquires regarding solicitations for public comments to government officials], stating: "here is a [video clip taken by Defendant] of the insects that ARE trapped inside a Spartan Mosquito Eradicator. Yes there are larvae inside. Alive."

Exhibit F  [in direct response to a person requesting more information on the environmental regulation of Spartan Eradicator], stating: "Eradicator operates in a regulator loophole, though, because it **doesn't** contain a regulated pesticide [pursuant to its exception under 25(b)]. If it had actual insecticide it would absolutely need to convince regulators that the device killed mosquitoes."

Exhibit G  Defendant listed a copy of the warning label on the box of the Spartan Eradicator, and stated directly to Multiple EPA and government authorities: "**claim suggests Spartan Mosquito misled states in @eparegion2, @eparegion3, @USEPASoutheast, @EPAregion6, @EPAregion7, @EPAregion8, @EPAregion9, and @EPAnorthwest, when it declared sodium chloride is the active ingredient that kills mosquitoes…**" [emphasis supplied]

Exhibit H  **The American Mosquito Control Association (AMCA) reached out to Defendant requesting information on the Spartan Eradicator,** to which the Defendant responded: "**...this might be a nice way to communicate to public the ineffectiveness of Spartan Mosquito Eradicators**… **It would be great to get the word out to the public** so that people don't try to protect themselves from mosquito-borne diseases with Spartan Mosquito Eradicators. I don't think the [stores] are going to inform customers [that the Eradicator was pulled]." [emphasis supplied]

Exhibit I  [Responding to a public comment/review by a third-party purchaser who claimed that the product is three common household ingredients and just a cheap knockoff of larger

        mosquito traps], to which the Defendant replied, "a word of caution about adding the ingredients yourself. It still will not work. **The design is flawed…**"

Exhibit J  [Responding to a public purchaser and to a distributor of the Eradicator who was requesting information to alleviate their confusion on how the Eradicator actually worked], stating: "I've never seen a mosquito inside my Spartan Mosquito Eradicator, and I've also never seen a mosquito near it or on it…"

Exhibit K  [Two public reviewers commented that the Eradicator contents was a few cents of ingredients, and seeking the company to issue them a refund. The second commented that he agreed, concluding it was a "rip off."] Defendant implored these two reviewers to "contact Amazon" to report "deceptive advertising and that the product doesn't work."

      A "knowingly false or malicious" standard is a fundamental component of the exceptions pursuant to § 8302(b); conversely, statements which are true, or reasonably believed to be true, are still entitled to immunity under the Act. *See, e.g., Pennsbury, supra, 11 A.3d at 916.* Further, the environmental actions that the Defendant sought - i.e., the removal or banning of Eradicator and/or the revision of its ads, marketing, and public comments on health benefits – were actually obtained, as, upon information and belief, the Spartan Eradicator is no longer legally permitted to be sold in the Commonwealth of Pennsylvania, or many other states.

      Moreover, following the repeated petitions to environmental agencies by the Defendant, Plaintiff did <u>substantially</u> alter their marketing pitches, website, online marketing platforms, and its advertising, to remove numerous violations of federal environmental law and regulations. It is believed by Defendant that the Plaintiff's dramatic alteration of its marketing pitches and advertising, its cessation of claiming health benefits to families and protection against the Zika virus, and the eventual removal of the product from the market, was the direct and indirect result of the serious, truthful, and substantive issues he raised with the dozens of government or environmental agencies and NGOs regarding the Spartan Mosquito Eradicator. Moreover, upon information and belief, numerous state environmental agencies opened independent investigations against Spartan and the Eradicator,

ultimately resulting the in the removal of the product from the general market. Plaintiff also ceased making wild, untrue health claims to the public, such as the claim that the **Eradicator was the "most successful response to Zika anywhere in the world on record"** or that the product was **"better than sprays, repellents, candles, and repellent services."** [emphasis supplied].

It is averred then, that the Plaintiff was unable to show those investigating government agencies that its dramatic claims regarding the Eradicator were scientifically-supported; and to date, Defendant is not aware of a single, published, independent study or test which demonstrate the effectiveness of any claim made by the Plaintiff regarding the Eradicator. In fact the opposite is true - numerous studies, which have been submitted as part of the record by the Defendant, show conclusively that the Eradicator was utterly ineffective at best, and potentially hazardous at worst, if supplied to areas hit by infectious diseases with mosquito vectors and used as the only form of control.

Thus, Defendant's statements are true (or substantially true), independently-verifiable facts, and were specifically designed to prompt environmental action/regulation from a governmental agency, or to encourage the public to petition their state and federal environmental regulators to investigate the claims made by Spartan, and the same also protected and justified pursuant to 42 Pa. C.S.A. § 8342. Other ancillary statements or colloquial phrases are the opinion of the Defendant developed from his personal examination and experimentation which form the basis of the Defendant's statements regarding the Eradicator.

Defendant is therefore entitled to a full and complete dismissal of all claims related to each statement supplied in the Complaint, i.e. Exhibits A – K, as they were issued by him to seek general enforcement or implementation of an environmental law and none of the exceptions (i.e., made where knowingly false or malicious) contained in § 8302(b) applies, or otherwise entitled to the suspension of discovery and a hearing to determine the preliminary issue of Immunity under the Act. 27 Pa. C.S.A. §

8303.

WHEREFORE, Defendant requests a Hearing and judgment in his favor, with an award of costs and expenses, including attorneys fees, pursuant to 27 Pa. C.S. § 8301, *et seq.,* and 27 Pa. C.S § 7707, and the doctrine established by *Penllyn Greene Associates, LP v. Clouser,* 890 A.2d 424 (Pa. Cmwth. 2005) and *Pennsbury Vill. Assocs. v. McIntyre,* 608 Pa. 309, 11 A.3d 906, 961-62 (2011), and requests the dismissal of the entire action with prejudice; or, in the alternative, judgment in his favor in accord with the aforementioned exhibits, and dismissal of the relevant counts, charges, and evidence, with prejudice.

Respectfully submitted,

_____
TREVOR C. SERINE, ESQUIRE
PA ATTORNEY ID NO.: 316805
SERINE LAW
30 WEST THIRD STREET
MEDIA, PA 19063
P: 4844486426
TCS@SERINELAW.COM