**Evan L. Frank, Esq.**
**Alan L. Frank Law Associates, P.C.**
**PA Bar No. 311994**
**135 Old York Road**
**Jenkintown, PA 19046**
**215-935-1000**
**215-935-1110 (fax)**
**efrank@alflaw.net**
**Counsel for Plaintiff**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AC2T, Inc., d/b/a Spartan Mosquito,** | Civil Action |
| Plaintiff, | Case Number: 2:19-cv-05946-RBS |
| v. | Jury Trial Demanded |
| **Colin Purrington,** | |
| Defendant. | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR HEARING

**I.  Summary.**

The Court must deny Defendant's Motion (ECF 38) to have a state-court procedure in federal court for the following reasons:

1.  State statutes allowing special motions for defamation claims do not apply in federal diversity cases because they contradict the Federal Rules of Civil Procedure.  *Abbas v. Foreign Policy Grp.*, 783 F.3d 1328, 1333 (D.C. Cir. 2015) (Kavanaugh, J.).  There are two and only two rules allowing pretrial judgment:  Rule 12 and Rule 56.  *Id.*  A motion that is not authorized by Rule 12 or Rule 56 is not permissible in federal court, even if it would be permissible in state court.  *Id.*

2. The state-court procedure does not apply in federal court for another reason: the Seventh Amendment right to a jury. A federal court cannot weigh evidence or determine credibility at a pretrial hearing in a defamation case, even if that hearing is authorized by state law. *Hi-Tech Pharm. v. Cohen*, 208 F. Supp. 3d 350, 355 (D. Mass. 2016). The U.S. Supreme Court held in *Byrd v. Blue Ridge* that in a diversity case the court must **not** follow state law on which issues are delegated to the judge or the jury because of the "strong federal policy against allowing state rules to disrupt the judge-jury relationship in the federal courts." *Byrd v. Blue Ridge*, 356 U.S. 525, 538-39 (1958). This Court cannot hold an evidentiary hearing – even if one would be permissible in state court – because this Court is obligated to follow the Supreme Court's holding in *Byrd v. Blue Ridge* and allow all issues of fact and credibility to be determined by a jury.

3. Defendant's claim of immunity also fails on the merits. Defendant does not point to any pending matter before a governmental agency at the time his statements were made, which is fatal to his argument because of the statute's requirement that the statements be made "before a legislative, executive or judicial proceeding" or "an issue under consideration by a legislative, executive or judicial body…" 27 Pa. C.S. § 8301. The Commonwealth Court in *Penllyn Greene* applied this requirement strictly. *Penllyn Greene*, 890 A.2d at 434. There must actually be a pending "legislative, executive or judicial proceeding" or an issue presently "under consideration by a legislative, executive or judicial body." 27 Pa. C.S. § 8301. Defendant does cite any environmental law or regulation that he was attempting to enforce. Finally, Defendant ignores the statute's exception for statements where "(1) the allegation in the action or communication is knowingly false, deliberately misleading or made with malicious and reckless disregard for the

truth or falsity;" or "(2) the allegation in the action or communication is made for the sole purpose of interfering with existing or proposed business relationships". 27 Pa. C.S. § 8302(b).

**II.     Argument.**

    **A.     State statutes authorizing pretrial motions do not apply in federal court because pretrial judgments are exclusively governed by Rules 12 and 56.**

Federal courts cannot apply special state-court procedures in defamation cases because federal courts must follow the Federal Rules of Civil Procedure. In another defamation case, then-Judge Kavanaugh explained that state law procedures for early dismissal of defamation claims do not apply in diversity cases because they contradict Rules 12 and 56:

> The first issue before the Court is whether a federal court exercising diversity jurisdiction may apply the D.C. Anti-SLAPP Act's special motion to dismiss provision. The answer is no. Federal Rules of Civil Procedure 12 and 56 establish the standards for granting pre-trial judgment to defendants in cases in federal court. A federal court must apply those Federal Rules instead of the D.C. Anti-SLAPP Act's special motion to dismiss provision.

*Abbas v. Foreign Policy Grp.*, 783 F.3d 1328, 1333 (D.C. Cir. 2015).

*Abbas* is far from the only federal court to reach this conclusion. In *Johnson & Johnson*, the District of New Jersey refused to apply a statute allowing a special motion in a diversity case because it contradicted Rules 12 and 56. *In re Johnson & Johnson*, 2021 U.S. Dist. Lexis 117343, at 920 n.4 (D.N.J. 2021). In *Los Lobos v. AmeriCulture*, another defamation case in federal court, the District Court refused to apply a state statute allowing a special motion to dismiss defamation claims because it contradicted Rules 12 and 56. *Los Lobos Renewable Power v. AmeriCulture, Inc.*, 2016 U.S. Dist. Lexis 193460, at 10-13 (D.N.M. 2016). In *Intercon v. Basel*, yet another defamation case in federal court, the District Court refused to apply a state statute allowing a special motion to dismiss defamation claims because it

contradicted Rules 12 and 56.  *Intercon Sols., Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1047-48 (N.D. Ill. 2013).

Defendant's own brief does not cite *any* federal case.  *See generally*, ECF 38.  The Court should follow the holdings of these cases and not allow Defendant to apply state procedures in federal court.

> B.   **The Court cannot weigh evidence and judge credibility at a pretrial hearing because doing so would violate the Seventh Amendment and the Supreme Court's holding in *Byrd v. Blue Ridge.***

The Court cannot weight evidence or determine credibility at Defendant's proposed hearing because it would violate the Seventh Amendment and the Supreme Court's holding in *Byrd v. Blue Ridge*.  In *Byrd v. Blue Ridge*, the Supreme Court held that in a diversity case the court must **not** follow state law on which issues are delegated to the judge or the jury because of the "strong federal policy against allowing state rules to disrupt the judge-jury relationship in the federal courts."  *Byrd v. Blue Ridge*, 356 U.S. 525, 538-39 (1958).  This Court cannot hold an evidentiary hearing – even if one would be permissible in state court – because this Court is obligated to follow the Supreme Court's holding in *Byrd v. Blue Ridge* and allow all issues of fact and credibility to be determined by a jury.

In *Hi-Tech Pharm. v. Cohen*, a District Court presided over a defamation claim under Massachusetts law.  *Hi-Tech Pharm. v. Cohen*, 208 F. Supp. 3d 350, 355 (D. Mass. 2016).  The question before the court was to what extent the court should apply a state law allowing a special hearing and motion to dismiss defamation claims.  At the outset, the court explained that "this case tests our commitment to the Seventh Amendment and America's civil juries – our constitutional guarantee that factual adjudication is reserved to the people themselves in all cases save for wholly admiralty and equity cases and those regulatory proceedings seeking regulatory

4

orders." *Id.* at 351. The District Court held that it could not weigh evidence or determine credibility because "it would require this Court to make factual findings and credibility determinations that the Constitution reserves to a properly constituted jury of the people." *Hi-Tech Pharm. v. Cohen*, 208 F. Supp. 3d 350, 355 (D. Mass. 2016).

In *Palin v. N.Y. Times*, the Second Circuit reversed when the District Court held a pretrial evidentiary hearing to determine whether there was sufficient evidence of malice. *Palin v. N.Y. Times Co.*, 940 F.3d 804, 812-13 (2d Cir. 2019). Likewise, the court emphasized that the District Court's procedure was neither a motion to dismiss nor a motion for summary judgment. *Id.* In addition, the District Court "relied on credibility determinations not permissible at any stage before trial." *Id.* at 813.

Again, Defendant fails to cite *any* federal case showing that his proposed hearing would comply with the Seventh Amendment or *Byrd v. Blue Ridge*. The Court should hold that this state procedure does not apply in a federal diversity case.

> **C.   Defendant's argument fails on the merits. Defendant does not mention a single law or regulation he was attempting to enforce. The statements attached to the Complaint were not communications to government entities.**

Defendant quotes out-of-context the Commonwealth Court's opinion in *Penllyn Greene v. Clouster* to make it appear that section 8302 has an expansive scope. In fact, the defendant-appellants in that case ***lost*** their appeal, the Commonwealth Court held that their statements were ***not immune***, and the court interpreted section 8302 narrowly. *Penllyn Greene Assocs., L.P. v. Clouser*, 890 A.2d 424, 434 (Pa. Commw. Ct. 2005). The court held that "the Act does not perfunctorily immunize all communications merely because they concern an environmental issue under consideration or review by a governmental body." *Id.* at 433. Moreover, "the immunity authorized by the Act is restricted to those persons who petition the government or make any

statement reasonably likely to encourage consideration or review of an environmental issue by a legislative, executive, or judicial body or in any official proceeding in an effort to effect such consideration." *Id.* at 434.

Finally, the Act requires that defendant's statements must be "before a legislative, executive or judicial proceeding" or "an issue under consideration by a legislative, executive or judicial body…" 27 Pa. C.S. § 8301. The Commonwealth Court in *Penllyn Greene* applied this requirement strictly. *Penllyn Greene*, 890 A.2d at 434. There must actually be a pending "legislative, executive or judicial proceeding" or an issue presently "under consideration by a legislative, executive or judicial body." 27 Pa. C.S. § 8301. That requirement was fatal to the appellants claims in that case because when the statements were made, "the [Department of Environmental Protection] had issued its Act 2 clearances…" and therefore the statements were made "long after the government has conducted its review of the issue." *Id.* at 434. In *Penllyn Greene*, there was a matter under agency review – yet the appellants were still not protected because the agency had concluded its review before the statements were made. *Id.*

Defendant does not point to any judicial proceeding, any legislative proceeding, any executive proceeding, or any matter under review by a governmental agency. Defendant must show that his statements were in connection with such a proceeding that was still pending at the time he made his statements. *Id.*

The act only protects someone who "files an action in the courts of this Commonwealth to enforce an environmental law or regulation or that makes oral or written communication to a governmental agency relating to enforcement of an environmental law or regulation…" 27 Pa. C.S. § 8302(a). "Communication to the government" is defined as "before a legislative, executive or judicial proceeding…; in connection with an issue under consideration by a

6

legislative, executive or judicial body…; to a government agency in connection with the implementation and enforcement of environmental law and regulations." 27 Pa. C.S. § 8301.

Defendant has not "file[d] an action in the courts of this Commonwealth…" 27 Pa. C.S. § 8302(a). None of the statements are "communication to a governmental agency." Id. The defamatory statements are posts on social media – Twitter, Facebook, etc. – and Defendant's personal website. There is no "legislative, executive or judicial proceeding" or "an issue under consideration by a legislative, executive or judicial body…"

Defendant has not even shown that the issues he complains about are environmental at all. Case law on section 8302 concerns issues such as "contamination", "development of a wetland", etc. *Penllyn Greene*, 890 A.2d at 433 n.11. It is a stretch to say that Defendant's obsessive defamation of a company that makes mosquito product is really about "environmental law."

Finally, Defendant ignores the statute's exception for statements where "(1) the allegation in the action or communication is knowingly false, deliberately misleading or made with malicious and reckless disregard for the truth or falsity;" or "(2) the allegation in the action or communication is made for the sole purpose of interfering with existing or proposed business relationships". 27 Pa. C.S. § 8302(b). Plaintiff has alleged that Defendants' statements fall into this category, and Plaintiff should have its day in court to prove it.

**III.   Conclusion.**

For these reasons, the Court must deny Defendant's motion.

                                             Respectfully submitted,

                                             _/s/ Evan L. Frank_____
                                             Evan L. Frank, Esq.  (PA #311994)
                                             Alan L. Frank Law Associates, P.C.
                                             135 Old York Road
                                             Jenkintown, PA 19046
                                             215-935-1000/ 215-935-1110 (fax)
                                             afrank@alflaw.net
                                             Counsel for Plaintiff

March 8, 2022