**Evan L. Frank, Esq.**
**Alan L. Frank Law Associates, P.C.**
**PA Bar No. 311994**
**135 Old York Road**
**Jenkintown, PA 19046**
**215-935-1000**
**215-935-1110 (fax)**
**efrank@alflaw.net**
**Counsel for Plaintiff**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AC2T, Inc., d/b/a Spartan Mosquito,** : | |
| : | Civil Action |
| **Plaintiff,** : | Case Number: 2:19-cv-05946-RBS |
| : | |
| v. : | Jury Trial Demanded |
| : | |
| **Colin Purrington,** : | |
| : | |
| **Defendant.** : | |
| : | |

### MOTION TO COMPEL DEFENDANT'S DEPOSITION;
### MOTION TO COMPEL DEFENDANT TO PRODUCE DOCUMENTS

The Court should compel Defendant to (1) attend his deposition (Ex. A) and (2) produce documents in response to Plaintiff's requests (Ex. B).

1. Defendant has evaded his deposition (Ex. A) for nearly a year, since Plaintiff first requested it in April 2021. Defense counsel most recently stated that he is refusing the deposition until he is satisfied with Plaintiff's document production. This tactic is explicitly prohibited because "discovery by one party does not require any other party to delay its discovery" and "methods of discovery may be used in any sequence". F.R.C.P. 26(d)(3). Federal courts have held that this rule means a party may not delay a deposition by claiming it is unsatisfied with the other party's document production. *Cornelius v. Eberstein & Witherite,*

2014 U.S. Dist. Lexis 132751, at 11 (N.D. Tex. 2014) ("… absent a court order providing otherwise or a binding stipulation that prevents a deposition from being conducted before Plaintiffs respond to Defendants' discovery requests, Rule 26(d)(2) dictates that Plaintiffs may seek Ms. Weir's deposition now …"); *Century Jets v. Alchemist Jet*, 2011 U.S. Dist. Lexis 20540, at 6-7 (S.D.N.Y. Feb. 7, 2011) ("It is unclear why [defendant] believed it needed to wait until the completion of document discovery to depose witnesses. Fed. R. Civ. P. 26(d)(2) provides that, unless the court orders otherwise, 'methods of discovery may be used in any sequence' and 'discovery by one party does not require any other party to delay its discovery.'"); *Carman v. Bayer Corp.*, 2009 U.S. Dist. Lexis 57023, at 5 (N.D.W. Va. 2009) ("Under the federal rules, there is no rule of discovery priority… Any party may choose any sequence it chooses in the absence of a specific prohibition.").

In any event, Plaintiff has complied with its discovery obligations. Plaintiff produced documents most recently in October of 2021. Defendant raised no issue about Plaintiff's document production for the next five months, and only alleged a deficiency in March 2022 when the Court's deputy notified counsel that the issue of Defendant's deposition was being brought before the Court.

Plaintiff has tried repeatedly to resolve this with defense counsel – however, defense counsel has been nonresponsive since June 2021:

On April 6, 2021, Plaintiff noticed Defendant's deposition for the first time. Ex. C. Defendant's counsel did not respond.

Defendant requested and received an extension (ECF 24) to file his answer – therefore Plaintiff began requesting deposition dates that would fall after the new deadline to answer.

2

On June 10, 2021, Plaintiff requested deposition dates – this time to Defendant's current counsel, Mr. Serine, who had replaced previous counsel.  Ex. D.  Defense counsel requested that, for personal reasons, the deposition be scheduled for the end of July 2021.  Id.

Plaintiff agreed to defense counsel's request to hold the deposition at the end of July 2021.  Id.  However, from this point on through October of 2021, defense counsel stopped communicating about discovery.

On June 15, 2021, Plaintiff again requested deposition dates in the time-frame originally suggested by defense counsel.  Id.  Defense counsel did not respond.

On June 23, 2021, Plaintiff again requested deposition dates.  Id.  Defense counsel did not respond.

On August 16, 2021, Plaintiff again requested deposition dates.  Ex. E.  Defense counsel did not respond.

On August 18, 2021, Plaintiff unilaterally noticed Defendant's deposition.  Ex. A.  Defense counsel did not respond.

On August 24, 2021, Plaintiff sent a letter to the Court, with a copy to defense counsel, complaining that defense counsel had refused to even communicate about discovery for the past several months.  Ex. F.  Plaintiff attached a copy of the most recent deposition notice, thus providing it to defense counsel yet again.  Id.

On October 1, 2021, Plaintiff again asked about the deposition.  Ex. G.  Defense counsel still refused to allow the deposition.

Plaintiff has been requesting Defendant's deposition for nearly a year.  A party may not delay its deposition by alleging the other party's discovery is deficient since "discovery by one party does not require any other party to delay its discovery."  F.R.C.P. 26(d)(3).  Furthermore,

3

Defendant has no basis to claim that Plaintiff's discovery is deficient. For these reasons, the Court should compel Defendant's deposition.

2. Plaintiff served a set of document requests on January 22, 2021 (Ex. B). Defendant has still not served responses, not served objections, and not produced the documents themselves. His responses are now over one year late.

Any objection has long since been waived because "the party to whom the request is directed must respond in writing within 30 days". F.R.C.P. 34(b)(2)(A). Defendant has waived his objections because "[f]ailure to make timely objections constitutes a waiver of any objections defendant might have had." *Daumer v. Allstate Ins.*, 1992 U.S. Dist. Lexis 16184, at 3 (E.D. Pa. Oct. 1, 1992). "Because [Defendant] did not object to the Requests within 30 days… [Defendant] waived his ability to object pursuant to Fed. R. Civ. P. 33(b)." *Nat'l Grange Mut. v. Sharp Equip.*, 2002 U.S. Dist. Lexis 4096, at 9 (E.D. Pa. Mar. 1, 2002); *Usery v. Chef Italia*, 540 F. Supp. 587, 592 n.13. (E.D. Pa. 1982) ("any other valid objection to the discovery requests has been waived by the respondent since it failed to answer the request within the permissible time").

Defendant has not served objections – but even if he had, each request would still be proper. Each request seeks non-privileged information that is relevant to this case. Requests 15, 16, 17, and 19 all ask for communications between Defendant and others concerning Plaintiff or Plaintiff's product. Requests 15, 16, 17, and 19 state:

> 15. All communications you made to or received from any attorney or law firm (other than your own counsel), including without limitation to Burser & Fisher, P.A. and Yitzchak Kopel, Esq., concerning AC2T, Inc., Spartan Mosquito, Jeremy Hirsch, or the product at issue in this case.
>
> 16. All communications you made to or received from the Mosquito Illness Alliance or Sharon Simms concerning AC2T, Inc., Spartan Mosquito, Jeremy Hirsch, or the product at issue in this case.

>17. All communications you made to or received from the Mississippi Department of Health or Wendy Varnado concerning AC2T, Inc., Spartan Mosquito, Jeremy Hirsch, or the product at issue in this case.
>…
>19. All communications (including without limitation e-mails, letters, flyers or social media posts) you made to or received from any distributor, reseller or retailer of Spartan Mosquito products concerning AC2T, Inc., Spartan Mosquito, Jeremy Hirsch, or the products of Spartan Mosquito.

Each request is defined as Defendant's communications concerning AC2T, Inc. (the Plaintiff), Spartan Mosquito (Plaintiff's d/b/a), Jeremy Hirsch (Plaintiff's founder), or the product at issue in this case.  This is a defamation case – so Defendant's statements to others about Plaintiff are necessarily relevant, and possibly a fact at issue if they are themselves defamatory.  This is also a commercial disparagement case, so Defendant's communications about the product itself are relevant.  It should be noted that although request 15 mentions an attorney, that individual is **not** Defendant's own attorney.  Plaintiff does not request communications with Defendant's own attorney, and request 15 makes that clear by stating "other than your own counsel."

Requests 18 and 20 concern whether Defendant received compensation in exchange for his defamatory communications.  Requests 18 and 20 state:

>18. All documentation reflecting whether you have received compensation from any person or entity with respect to your statements about mosquito control products.
>…
>20. Provide a list of any and all companies, corporations, trusts, individuals, relatives, or other person or entity from whom you have received compensation or consideration directly or indirectly in the last five (5) years in exchange for evaluating any pest control product or making any public statement about any pest control product or pest control company, including without limitation any payments made to you or to a trust, account, fund, entity or banking institution on your behalf along with a description of the services you provided in exchange for this compensation or consideration.

5

This is relevant because section 8302(b)(2) creates an exception for communications intending to interfere with business relationships. 27 Pa. C.S. § 8302(b)(2). Defendant raises this statute as a defense (ECF 38), so exceptions under that statute are necessarily relevant to the case.

Evidence of Defendant's financial motive is also relevant because Defendant has pleaded that "Plaintiff is a public figure …" Answer, ¶ 88. Financial motive "is a relevant factor bearing on the actual malice inquiry." *Suzuki Motor Corp. v. Consumers Union, Inc.*, 330 F.3d 1110, 1136 (9th Cir. 2003). If Defendant persuades the Court that Plaintiff is a public figure, as Defendant alleges in his Answer, then this evidence is relevant to prove actual malice. *Id.*

Financial motive is also relevant in this specific context because some of the defamatory statements include claims that Defendant has personally tested the product. E.g., First Am. Compl., Ex. A ("… I'm a scientist and have evaluated them carefully. I found that …"). When the defamatory statement itself includes an allegation that the statement is based on scientific testing, evidence of financial motive can be used to cast doubt on the veracity of the scientific testing. "The evidence of financial motive dovetails with the evidence of test-rigging described above." *Suzuki Motor Corp.*, 330 F.3d 1110 at 1136.

Plaintiff has served these same document requests at least four times, including three times to Defendant's current counsel, Mr. Serine. Defendant has still not served responses, not served objections, and not produced the documents.

On January 22, 2021, Plaintiff served a second set of requests for production of documents. Ex. B. Under F.R.C.P. 34(b)(2)(A), the original deadline to respond and/or object was over a year ago, February 22, 2021.

On June 23, 2021, Plaintiff sent the requests a **second time** – this time directly to Defendant's current counsel, Mr. Serine, who had replaced previous counsel. Ex. D. ("I'm attaching them again …"). Defendant still did not serve objections, did not serve responses, and did not produce the documents themselves.

On August 16, 2021, Plaintiff sent the document requests a **third time** – again to Defendant's current counsel, Mr. Serine. Ex. E. ("… these document requests attached are from January, so they are way overdue. …") Defendant still did not serve objections, did not serve responses, and did not produce the documents themselves.

On August 24, 2021, Plaintiff sent a letter to the Court, with a copy to defense counsel, complaining that defense counsel was nonresponsive about discovery requests. Ex. F. The letter attached a copy of the document requests, thus providing them to Defendant a **fourth time**. Defendant still did not serve objections, did not serve responses, and did not produce the documents themselves.

On October 1, 2021, Plaintiff again contacted defense counsel about the document requests. Ex. G ("Why have you ignored all my correspondence about this the past eight months?" …). Defendant still did not serve the documents themselves, or responses, or objections.

For these reasons, the Court should order Defendant to produce the requested documents and testify at his deposition.

                                          Respectfully submitted,

                                          _/s/ Evan L. Frank_____
                                          Evan L. Frank, Esq.  (PA #311994)
                                          Alan L. Frank Law Associates, P.C.
                                          135 Old York Road
                                          Jenkintown, PA 19046
                                          215-935-1000/ 215-935-1110 (fax)
                                          afrank@alflaw.net
                                          Counsel for Plaintiff

March 21, 2022

## **CERTIFICATION**

      Counsel attempted to resolve these discovery disputes, which efforts are described in the time lines above.

                                        Respectfully submitted,

                                          _/s/ Evan L. Frank_____
                                          Evan L. Frank, Esq.  (PA #311994)
                                          Alan L. Frank Law Associates, P.C.
                                          135 Old York Road
                                          Jenkintown, PA 19046
                                          215-935-1000/ 215-935-1110 (fax)
                                          afrank@alflaw.net
                                          Counsel for Plaintiff

March 21, 2022