**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **AC2T, Inc., d/b/a Spartan Mosquito,**<br><br>    Plaintiff<br>    v.<br><br>**Colin Purrington,**<br><br>    Defendant | **Case No. 2:19-cv-5946-RBS** |

## MOTION FOR SANCTIONS AND PRECLUSION

Defendant Colin Purrington petitions this Court to issue sanctions against Plaintiff AC2T, Inc., or its attorneys, Alan L. Frank Law Associates, PC, for its repeated failure to produce documents in violation of the Rules of Civil Procedure and an Order of this Court, its gross and knowing spoliation of evidence, seeking to preclude discovery not turned over to Defendant and for the dismissal of the Plaintiff's action with prejudice, pursuant to F.R.C.P. 1, 26 & 37, 28 U.S.C. Section 1927, pleading as follows:

The underlying action, filed in 2019, has seen the Plaintiff repeatedly act in bad faith and refuse to provide discovery and relevant evidence, impermissibly 'doctor' evidence that was supplied (including videos which they were under a Court Order to produce in their entirety), and willfully violate an Order of this Court which ordered the Plaintiff to produce numerous documents and responses; and in addition, the Plaintiff has knowingly permitted the spoliation of evidence.

Most disconcertingly, the Plaintiff has had approximately **three (3) years** to provide documents, records, or reports demonstrating any financial loss allegedly as a result of the Defendant's comments, yet they have failed or refused to do so, despite being obligated under the Rules of Civil Procedure, an Order of this Court, and which evidence is purportedly the primary basis for their claims. These gross discovery violations are in bad faith, and have now resulted in extreme prejudice to the Defendant, and

1

which warrants the most serious of sanctions, i.e., the preclusion of all evidence not supplied to date, the dismissal of the action with prejudice, and monetary penalties for the gross spoliation of evidence.

## Standard of Review

The imposition of inherent power sanctions is appropriate where the offender has willfully abused judicial process or otherwise conducted litigation in bad faith. *See, e.g., In re Itel Sec. Litig.*, 791 F.2d 672, 675 (9th Cir. 1986); F.R.C.P. 26, 37. This discretionary and inherent power authorizes the Court to take any measures as determined by the Court, including the dismissal of an action with prejudice. *See, e.g., Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 78 (3rd. Cir. 1994). Further, this power may arise from the authority granted by the Federal Rules of Civil Procedure or via state law. *See, e.g., Mensch v. Bic Corp.*, 1992 WL 236965; *Shultz v. Barko Hydraulics, Inc.*, 832 F.Supp. 142, 146 (W.D. Pa. 1993) (where the facts surrounding spoliation are sufficiently clear, dismissal is appropriate).

Further, a party who has disobeyed an Order by the Court to provide evidence via willful refusal, bad faith, or fault, is subject to the dismissal of the action or a rendering of judgment by default. *See, e.g., Societe Internationale v. Rogers*, 357 U.S. 197, 212 (1958); *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976) (after a finding of bad faith, the dismissal of the action is appropriate sanction for the failure to comply with a discovery order of the Court).

Where material evidence is within the party's control, but not disclosed or is otherwise altered by the Plaintiff, and the claims rely upon that evidence, the Defendant suffers extreme prejudice and the appropriate measure is dismissal of the Plaintiff's action with prejudice. *See, e.g., Bull v. UPS, Inc.*, 665 F.3d 68, 73 (3rd. Cir. 2012); *Goins v. Newark Housing Authority*, No. 15-2195 (KM) 2020 WL 1244576 at *10 (D.N.J. 13, Mar 2020).

Indeed, spoliation of evidence occurs where evidence is destroyed or altered, not produced, or when a party fails to preserve evidence in instances where litigation is pending or reasonably foreseeable. B*rewer v. Quaker State Oil Refining Corp.,* 72 F.3d 326, 334 (3rd. Cir. 1994); *Bull v. UPS, Inc.,* 665 F.3d 68, 73 (3rd. Cir. 2012) (nonproduction of evidence is rightfully characterized as spoliation); *see also, e.g., Micron Technology Inc. v. Rambus Inc.,* 645 F.3d 1311, 1320 (Fed. Cir. 2011); *AMG Nat'l Trust Bank v. Ries,* Nos. 06-4339, 09-3061, 2011 WL 3099629 at *4 (E.D. Pa. July 22, 2011).

Additionally, 28 U.S.C. Section 1927 authorizes this Court to impose monetary sanctions upon the law firm and the party for attorney's fees, expenses, and the like, for conduct that is inappropriate and/or unethical. *See* 28 U.S.C. Section 1927; S*tate Indus. V. Mor-Flo Indus.*, 948 F.2d 1573 (Fed. Cir. 1991) (Section 1927 applies to all cases "in any court of the United States, including the courts of appeals."). Fed. R.C.P. 1, 26, and 37 authorize this Court to impose sanctions upon a party and its lawyer(s) for improper discovery and for violations of the Rules of Civil Procedure or for the Local Rules or norms of this Court. *See, e.g.,* Fed. R.C.P. 1, 26 & 37;  28 U.S.C. Section 1927.

**<u>Willful, bad faith failures of the Plaintiff to comply with the 9/24/21 Order</u>**

In the underlying defamation action, there are very few facts which are actually in dispute. Defendant filed a Motion to Compel on or about December 9, 2020. An Order dated September 24, 2021 was entered by this Court instructing the Plaintiff to produce numerous documents and responses within thirty (30) days thereof. [A copy of the order is attached hereto at Exhibit "A"]

Plaintiff was instructed to provide responses to Interrogatories Nos. 5 and 7, and provide documents in response to Requests Nos. 2, 3, 6, 8, 9, 11, 13, 14, 16, 21, 22, 23, 26, 28, 31, and 32, and provide the contact information for individuals who conducted experiments on the Eradicator (Request No. 4) and the "full video" pursuant to Document Request 30. These responses and documents were due October 24, 2021.

3

In the six (6) months since the Order was in effect, Plaintiff has produced almost none of the documents and information, other than to supply portions of a video which it claims is somehow the "entire video," despite the fact that metadata and audio have been stripped out of the videos, and the videos supplied have been substantially edited. The "raw video" in its original resolution and uncropped was omitted. Moreover, within the videos, there are clearly visible notebooks, records and lab sheets, communications, and other details of the experiments, none of which have been produced, and which apparently cover testing from 2015 - present. Indeed, the set-up of the experiments (including the names and contact information of the external researchers and employees, the actual placement of the product & control methods, photos taken, testing methods, and proper standards followed) is highly relevant and under Order to be produced in an unredacted format.

Similarly, no notebooks, logs, journals, location information, operator information, or the like have been produced for any other third party tests commissioned by the Plaintiff. Moreover, there have been no documents, video, test prep information, or data supplied, **to date,** regarding the "field trial" of the Eradicator, which is a primary basis of the more outlandish claims of the Plaintiff regarding the Eradicator's effectiveness. No data was provided whatsoever which formed the basis of the "chart" used by Spartan for its claim of 95% mosquito elimination by the Eradicator. Plaintiff has not provided any data showing mosquitoes enter the product in real-world or "outdoor" settings. Plaintiff has also failed or refused to supply relevant text messages which describe these experiments. There is no acceptable excuse for the Plaintiff to continue to withhold this highly relevant data and records, despite being compelled to do so by this Court some six (6) months previously.

Regarding other document requests to which the Plaintiff has refused to supply:

> **#2** – Plaintiff was ordered to produce all documents (including emails, texts, and information on testers) regarding the tests and the design, and how the formula within the product actually enticed, attract, or kill mosquitoes, which it has refused or

4

otherwise failed to produce. No privilege logs of any kind were supplied to explain the redactions.

**3#** - Plaintiff was ordered to produce all data from tests, including the design, how the formula within the product actually enticed, attract, or kill mosquitoes, etc. which it has refused or otherwise failed to produce.

**#4** - Plaintiff redacted testing information, communications, and contact information in the documents which it did supply – again, despite being under a Court Order to produce same.

**#6** - Plaintiff has failed or refused to produce key marketing documents regarding its marketing material, including specific material which described the Eradicator's effectiveness in controlling disease, and the "How it Works" sections.

**#8** - Plaintiff has redacted numerous communications with state regulatory agencies in violation of the Order of this Court, and which are highly relevant as to the truth as a defense herein. Some of these documents or communications are referenced within other documents previously produced, but have never been supplied to the Plaintiff. These records are essential to show that any alleged decline in sales was due to state and federal regulators refusal to authorize the Eradicator, and not due to any statements by the Defendant.

**#9** – Plaintiff has failed to provide a "Notice of Warning" sent by the EPA on August 18, 2018, as well as the associated communications (emails, text messages, etc.) regarding same. This document is referenced in other documents previously produced. These records are essential to show that any alleged decline in sales was due to state and federal regulators refusal to authorize the Eradicator, and not due to any statements by the Defendant.

**#11** – Plaintiff has still failed or refused to provide the numerous prior-versions of its website, and has supplied only a few sample pages from the Wayback Machine. All versions must be produced as ordered by the Court, as they directly relate to the claims and defenses herein. These are absolutely relevant as the Plaintiff has deleted or removed numerous suspect claims, including claims regarding health benefits (or anti-disease benefits) and the like.

**#16** – Plaintiff has failed or refused to produce text messages with Wendy Varnado. It is known that the Plaintiff CEO, Mr. Hirsch, communicates primarily via text message. Plaintiff is under order to produce these records.

**#21** - Plaintiff has failed or refused to produce text messages with WEEP and Recover. It is known that the Plaintiff CEO, Mr. Hirsch, communicates primarily via text message. These are relevant because WEEP is apparently a "non-profit" but which was operated only for the benefit of the Plaintiff (which is illegal per Mississippi law) and because the Defendant claims that this organization was formed solely to lend weight to the outlandish marketing statements of the Plaintiff.

**#22** – No communications, emails, text messages, or the like have been provided regarding retailers and the operation of the Eradicator. The only documents provided were the Plaintiff sending a marketing brochure to the suppliers, in violation of the Order.

**#26** – Press releases by the Plaintiff have not been produced.

**#28** – Communications (including facebook messages, emails, texts, etc.) between unsatisfied customers and Plaintiff have not been produced, despite being ordered to produce same.

**#30** – Plaintiff has altered the video to remove metadata and sound and has not provided the "raw" video. This data is highly relevant and is under order to be produced, in its entirety – a video missing essential data is clearly and unequivocally not "full."

**#31** – Plaintiff has not provided, to date, any documents relating to lost sales allegedly caused by the Defendant's statements. These records are absolutely essential to the claim of the Plaintiff and the underlying action itself, and Plaintiff is under order to produce them. The withholding of these records can only be intentional, willful, and in bad faith. Indeed, without these documents, the Plaintiff cannot prove its case – thus, the fact that the Plaintiff continues to refuse to provide these documents suggests that the Plaintiff has no cause of action, and its action is brought in bad faith as a "strategic lawsuit against public participation" (SLAPP). It is respectfully suggested that if Plaintiff cannot produce these documents immediately, then they never existed, and the Defendant is entitled to have these documents, or any similar documents, precluded from evidence as sanction.

**#32** - Plaintiff has not provided, to date, any documents or records relating to damages sought allegedly caused by the Defendant's statements. These documents are absolutely essential to the claim of the Plaintiff and the underlying action itself, and Plaintiff is under order to produce them. The withholding of these documents can only be intentional, willful, and in bad faith. Indeed, without these documents, the Plaintiff cannot prove its case – thus, the fact that the Plaintiff continues to refuse to provide these documents suggests that the Plaintiff has no cause of action, and its action is brought in bad faith as a "strategic lawsuit against public participation." It is respectfully suggested that if Plaintiff cannot supply these documents immediately,

>then they never existed, and the Defendant is entitled to have these documents, or any similar records, precluded from evidence as sanction.

There is no acceptable excuse for the Plaintiff to continue to withhold this highly relevant data and records, despite being compelled to do so by this Court some six (6) months previously. Further, there is no acceptable excuse for the Plaintiff failing to supply financial documents and records showing damages or lost profits as a result of the Defendant, since the inception of its action in **2019**. As noted herein, the willful or bad faith refusal to comply with an Order of this Court subjects the Plaintiff to a dismissal of its action with prejudice. *See, e.g., Societe Internationale,* Supra, 357 U.S. at 212; *National Hockey League v. Metropolitan Hockey Club, Inc.,* Supra, 427 U.S. at 642-43 (after a finding of bad faith, the dismissal of the action is appropriate sanction for the failure to comply with a discovery order of the Court).

## **Spoliation of Evidence by Plaintiff Requires Preclusion and Dismissal**

As noted herein, the failure or refusal to supply discovery is properly deemed spoliation of evidence. *Bull, Supra,* 665 F.3d at 73. Here, the Plaintiff filed suit and therefore there is absolutely no rational excuse for the failure of the Plaintiff to supply financial records, documents, and information relating to its claims of damages or lost profits. The Plaintiff is the only entity with these records in its possession, and they are fundamental and material to its action – therefore, the failure or refusal to provide same is spoliation, and highly prejudicial. Without the financial records, the Defendant cannot prove his defense nor can the Plaintiff prove his case. Indeed, the financial records, in combination with numerous state and federal regulators' denial of the product registration, are essential to demonstrate that any alleged decline in sales was due to state and federal regulators refusal to authorize/reauthorize the Eradicator, and not due to any statements by the Defendant. At this point in the litigation, the Defendant can only assume there are **no such records** or documents. Indeed, the only acceptable action for the years-long failure to supply these records, and the six (6) month failure after

8

being ordered by this Court to provide same, is preclusion of that evidence and the dismissal of the action with prejudice.

Similarly, the repeated failure or refusal of the Plaintiff to supply the proper testing records and data, and the submission of 'doctored' documents and videos to the Defendant, can only be in bad faith and to undermine the defenses of the Defendant and cause needless costs and expenses relating to obtaining same. Without these records, the Defendant cannot prove his case. Indeed, the only acceptable action for the years-long failure to supply these records, and the six (6) month failure after being ordered by this Court to provide same, is preclusion of that evidence and the dismissal of the action with prejudice.

Finally, it is averred by the Defendant that the Plaintiff has these records available, as it is currently subject to voluminous discovery within the Class Action filed against the Plaintiff regarding false claims for the Eradicator. That action is currently pending. If the Plaintiff did disclose some of the aforementioned records and documents within the Class Action filed against it for its Eradicator, then the failure to provide any of these documents must necessarily be in bad faith.

## Conclusion

In light of the nature of the Plaintiff's strategic litigation against public participation (SLAPP) action against Defendant, the fundamental evidence (financial records and documents, communications, documents, records, reports, metadata, testing data, logs, warnings from the EPA and state regulators) which, **to date,** the Plaintiff has refused to supply (or has 'doctored') is critical, essential, and material to the defense of the Defendant. The prejudice to the Defendant is profound and will not be alleviated by any additional order from this Court, as the Plaintiff has demonstrated conclusively that it will not comply (or will only nominally comply) with the Rules of Civil Procedure 1 or 26 and Orders of this Court, and therefore sanctions are appropriate pursuant to Rule 37 and the relevant caselaw. Further, the Plaintiff should be precluded from entering into evidence any documents,

9

argument, or testimony related to the financial documents or losses, as the years-long failure to produce same is utterly unacceptable. Indeed, the financial records, in combination with numerous state and federal regulators' denial of the product registration, are essential to demonstrate that any alleged decline in sales was due to state and federal regulators refusal to authorize/reauthorize the Eradicator, and not due to any statements by the Defendant.

In addition, the clear spoliation of evidence by the Plaintiff, in bad faith, subjects it to further sanctions over and above the willful disregard of an Order of this Court.  As demonstrated within the seminal cases above, the appropriate remedy in state or federal court is the dismissal of its action with prejudice for the repeated, gross failures and refusals of the Plaintiff to provide critical evidence.

                                        Respectfully submitted,

                                        _____

**TREVOR C. SERINE, ESQUIRE**
PA ATTORNEY ID NO.: 316805
SERINE LAW
30 WEST THIRD STREET
MEDIA, PA 19063
P: 4844486426
TCS@SERINELAW.COM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AC2T, Inc., d/b/a Spartan Mosquito,**<br><br>**Plaintiff**<br><br>v.<br><br>**Colin Purrington,**<br><br>**Defendant** | **Case No. 2:19-cv-5946-RBS** |

## CERTIFICATE OF SERVICE

I, Trevor C. Serine, Esquire, attorney for Defendant Colin Purrington, hereby certify that I served a true and correct copy of the Motion upon the following parties in the manner indicated on 3/21/2022. I further certify that I have attempted to resolve this issue with opposing counsel, without success.

**VIA ELECTRONIC FILING NOTICE**
AC2T, Inc., d/b/a
Spartan Mosquito
c/o Evan L. Frank, Esquire
Alan L. Frank Law Associates, P.C
135 Old York Road
Jenkintown, PA 19046
efrank@alflaw.net

By: _____
**Trevor C. Serine, Esquire**
Serine Law
30 West Third Street, First Floor
Media, PA 19063
484-448-6426
TCS@S<small>ERINE</small>L<small>AW</small>.<small>COM</small>