# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AC2T, INC. *d/b/a* | : | |
| SPARTAN MOSQUITO | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 19-5946 |
| COLIN PURRINGTON | : | |

# O R D E R

**AND NOW**, this 24th day of September 2021, upon consideration of Defendant's Motion to Compel (ECF No. 17), and Plaintiff's response thereto (ECF No. 19), it is **ORDERED** that the Motion is **GRANTED** in part and **DENIED** in part, as follows:[1]

1. If it has not done so already, within 30 days of the date of this Order, Plaintiff must: (A) respond to Defendant's Interrogatory Request Nos. 5 and 7; and (B) produce documents responsive to Document Request Nos. 2, 3, 6, 9, 13, 14, 16, 21, 22, 23, 26, 31, and 32.

2. Within 30 days of the date of this Order, Plaintiff must produce:
   a. documents responsive to Document Request Nos. 8, 11, and 28.
   b. the contact information for individuals who conducted experiments on the Spartan Mosquito Eradicator (the "Product") (Document Request No. 4).
   c. the full video pursuant to Document Request No. 30.

3. Defendant's Motion to Compel is **DENIED without prejudice** as to Document Request Nos. 5, 7, 12, 15, 20, and 25.

**IT IS SO ORDERED.**

BY THE COURT:

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**

---

[1] In this defamation action, Defendant Collin Purrington filed this Motion to Compel, seeking the Court's assistance on discovery matters. "It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court." *Marroquin-Manriques v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983). Pursuant to Federal Rule of Civil Procedure 26, parties

may obtain discovery regarding: "[A]ny nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). While the scope of discovery under the Federal Rules is broad, it is not unlimited. *See Bayer AG v. Betachem, Inc*., 173 F.3d 188, 191 (3d Cir. 1999).

      Pursuant to Rule 37, a party who has received evasive or incomplete answers to discovery requests may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(1), (4). A party moving to compel discovery bears the initial burden of establishing the relevance of the requested information. *Morrison v. Phila. Hous. Auth*., 203 F.R.D. 195, 196 (E.D. Pa. 2001). The burden then shifts to the party resisting disclosure to show that "the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *First Sealord Sur. v. Durkin & Devries Ins. Agency*, 918 F. Supp. 2d 362, 383 (E.D. Pa. 2013).

      In this Motion to Compel, Defendant contends that Plaintiff AC2T has not answered certain interrogatories and has failed to produce responsive documents. Defendant seeks the Court's assistance in obtaining answers from AC2T with respect to Interrogatory Request Nos. 5 and 10, and to obtain documents from AC2T in response to Document Request Nos. 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 20, 21, 22, 23, 25, 26, 30, 31, and 32.

      AC2T filed a response in opposition to Defendant's Motion to Compel. AC2T does not respond at all to Defendant's arguments regarding Interrogatory responses. In addition, AC2T responds to Defendant's arguments only as to certain Document Requests. We assume therefore that AC2T has no objection to the discovery requests for which it did not provide responses. Accordingly, AC2T must produce responses to Interrogatory Numbers 5 and 7, and must produce documents responsive to Document Request Nos. 2, 3, 6, 9, 13, 14, 16, 21, 22, 23, 26, 31, and 32.

      We will now address those specific Document Requests to which AC2T raises objections:

Document Request No. 4. Defendant seeks copies of all non-disclosure or confidentiality agreements entered into between AC2T and any person doing experiments on the Spartan Mosquito Eradicator (the "Product"). The names of individuals doing experiments is relevant to the claims and defenses raised in this case. However, the agreements themselves provide limited relevance. AC2T must produce names and contact information for any individual that conducted experiments on the Product.

Document Request Nos. 5 and 7. Defendant seeks documents about the operation of the Product, and all communications among ACT2's employees concerning operation of the Product. This request is vague—especially the use of "operation"—and as such, potentially seeks information that goes well beyond the scope of relevance to these claims. Defendant's request as to these Document requests is denied.

Document Request No. 8. Defendant requests all correspondence between AC2T and state regulatory agencies concerning regulatory compliance of the Product. Defendant contends that regulatory compliance of the Product is relevant because truth is a defense to defamation. We

agree. Any correspondence with state regulatory agencies about the regulatory compliance of the Product is relevant and discoverable.

Document Request No. 11. Defendant requests all prior versions of AC2T's website. AC2T contends that there are approximately 25,000 prior versions. ACT2 does not dispute the relevance of this request. Instead, AC2T states without explanation that production would be burdensome. Without any description of the extent of that burden, AC2T has not met his burden in opposing the discovery request.

Document Request No. 12. Defendant seeks all correspondence between AC2T and any supplier or distributor concerning operation of the Product. AC2T states that this is overly burdensome. Defendant's request about information concerning "operation of the product" is again overly vague. Defendant may renew his request if he wishes to obtain a more specific subset of documents.

Document Request No. 15. Defendant requests all correspondence between AC2T and Think Webstore concerning marketing materials for the product. AC2T responds that this could cover over one million pages of documents. Defendant's request for all correspondence with the company is overly broad. If there is something more specific that he is looking for, he can make a more specific request narrowly tailored to discoverable material.

Document Request No. 20. Defendant seeks all documents concerning the creation and organization of the West Nile Education, Eradication, Prevention, and Recovery Organization. Defendant contends that the organization distributes products for AC2T and thus documents on how it was incorporated is relevant to marketing efforts. We do not agree. Defendant has not demonstrated how these documents are at all relevant to his defense.

Document Request No. 25. Defendant requests all correspondence between AC2T and any product reviewers who have received complimentary Products from AC2T. AC2T objects based on impossibility. It states that there is no way to tell which reviews were written by buying customers and which reviews were written by customers who received the Product for free. Defendant has not articulated why the difference is important. The request is denied.

Document Request No. 28. Defendant seeks all communications with customers who were unsatisfied with the Product and whose Facebook reviews and comments were deleted by AC2T. AC2T states that the request is not proportional to the case. We disagree. This request directly relates to Defendant's defense. AC2T must produce this information and redact the personal identifying information of customers.

Document Request No. 30. Finally, Defendant seeks a copy of the full video depicting mosquitoes entering the holes in the Product. AC2T has offered no justification as to why this cannot be produced, only stating that it provided excerpts. AC2T must provide the full video.