**Evan L. Frank, Esq.**
**Alan L. Frank Law Associates, P.C.**
**PA Bar No. 311994**
**135 Old York Road**
**Jenkintown, PA 19046**
**215-935-1000**
**215-935-1110 (fax)**
**efrank@alflaw.net**
**Counsel for Plaintiff**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AC2T, Inc., d/b/a Spartan Mosquito,** | : | |
| | : | Civil Action |
| **Plaintiff,** | : | Case Number: 2:19-cv-05946-RBS |
| | : | |
| v. | : | Jury Trial Demanded |
| | : | |
| **Colin Purrington,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND MOTION FOR SANCTIONS

Defendant's second motion for sanctions in this case (the first was denied at ECF 36) again makes vague but inflammatory attacks against Plaintiff and Plaintiff's counsel, such as "gross and knowing spoliation of evidence", "repeatedly act in bad faith", and "extreme prejudice". Def. Mot., page 1. However, Defendant's motion attaches no evidence and cites no evidence. If there were any truth to these allegations, one would expect Defendant to attach *even one page* of evidence to his motion.

The motion for sanctions must be denied because Defendant fails to cite "a shred of evidence to support his motion other than his own assertions and conclusions." *Felix v. Albert Einstein Healthcare Network*, 2012 U.S. Dist. Lexis 20705, at 29 (E.D. Pa. 2012). A motion under Rule 37 must be denied when it is based on "bald, unsupported assertions" and fails to

include "a shred of evidence of [opposing party's] motivation". *Eisenband v. Pine Belt Auto.,* 2020 U.S. Dist. Lexis 53369, at 24 n.11 (D.N.J. 2020).

In October 2021, Plaintiff produced nearly 1.5 *terabytes* of data, including literally *days* of video showing experimentation on the product along with documentation of testing, data obtained from testing, communications, and other documents responsive to Defendant's discovery requests. The allegations in Defendant's motion are false, which can be shown by counter-examples cited by Plaintiff below.

Defendant's motion also violates Local Rule 26.1(f) and F.R.C.P. 37 by failing to include a "certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Local Civil Rule 26.1(f). Relatedly, this is Defendant's second baseless motion for sanctions in this case. In the first, at ECF 31, Defendant accused Plaintiff's counsel of ex parte communications, even though defense counsel was carbon copied (CC'ed) on the communications. The Court denied the motion at ECF 36, since "Plaintiff's counsel 'carbon copied' (CCed) Defendant's counsel" who "does not deny receiving them. These letters were not ex parte communication." Order 1-14-22 (ECF 36). In this case, "Defendant's counsel has chosen as his weapon of choice the frivolous motion for sanctions. Counsel's conduct neither serves his client well, nor fosters the just, speedy, and inexpensive determination of this action." *Cannon v. Cherry Hill Toyota*, 190 F.R.D. 147, 149 (D.N.J. 1999) (citation omitted). The Court should not allow this tactic to succeed, particularly since Defendant is unable to cite any evidence in support of his motion. The Court should deny the motion and instruct Defendant not to file further motions for sanctions without leave of Court.

**A.    Defendant has not pointed to any evidence of a violation.  The Court should not grant a "Motion for Sanctions…" based on bald, unsupported assertions without a shred of evidence.**

Defendant's motion for sanctions must be denied because Defendant fails to cite "a shred of evidence to support his motion other than his own assertions and conclusions." *Felix v. Albert Einstein Healthcare Network*, 2012 U.S. Dist. Lexis 20705, at 29 (E.D. Pa. 2012).  A motion under Rule 37 must be denied when it is based on "bald, unsupported assertions" and fails to include "a shred of evidence of [opposing party's] motivation".  *Eisenband v. Pine Belt Auto.,* 2020 U.S. Dist. Lexis 53369, at 24 n.11 (D.N.J. 2020).  Discovery may not be "based on the party's mere suspicion or speculation." *Barry v. Medtronic, Inc.*, 2016 U.S. Dist. Lexis 34373, at 3 (E.D. Pa. 2016).  Therefore, "discovery may be denied where, in the court's judgment, the inquiry lies in a speculative area." *Saller v. QVC, Inc.*, 2016 U.S. Dist. Lexis 82895, at 12-13 (E.D. Pa. 2016).

Defendant makes a multitude of unrelated and disjointed allegations against Plaintiff without citing evidence, attempting to leave it to Plaintiff to do the work of disproving them.  However, several examples illustrate that Defendant's allegations are not consistent with the discovery Plaintiff has produced.

Defendant alleges that Plaintiff "refused or otherwise failed to produce" documents "regarding the tests and the design" and "data from tests".  Def. Mot., page 4-5.  Defendant's allegation is false, which can be proven by several counter-examples submitted with this Brief.  An example of many such documents showing product testing is at Plaintiff's document production 543-557.  (Ex. A, to be filed under seal).

Two examples of many such documents showing data obtained from product testing are at Plaintiff's document production 398-401 and 526-532.  (Ex. B, to be filed under seal)

3

(Documentation showing product testing and data generally appears at 366-759, although there are a few documents responsive to other requests interspersed in that range.)  Not only does Defendant's motion fail to cite any supporting evidence, it is in fact false as shown by these counter-examples.

Defendant alleges Plaintiff failed to produce marketing materials.  Again, Defendant cites no evidence in support of this allegation.  This allegation is also false, which can be shown by a counter-example, such as Plaintiff 191-192.  (Ex. C, to be filed under seal).

Defendant alleges that communications with retailers and the EPA have not been produced. Def. Mot., 5-6.  This is false, and Plaintiff alerted Defendant to these documents by literally labeling part of the production, "EPA and Communications to Retailers".

Defendant simply makes a string a baseless allegations, without any reference to Plaintiff's actual document production and without citing any proof.  The Court cannot grant Defendant's motion, much less sanction the opposing party, based solely on "bald, unsupported assertions."  *Eisenband v. Pine Belt Auto.,* 2020 U.S. Dist. Lexis 53369, at 24 n.11 (D.N.J. 2020).  For these reasons, the motion must be denied.

**B.     Defendant fails to show he is entitled to the relief requested.**

Defendant has failed to show any violation – but even if he had succeeded, he failed to show that he is entitled to the relief requested.  The extreme remedies requested by the Defendant would require the Court to consider several factors:  "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of

the claim or defense." *Goldrich v. City of Jersey City*, 2018 U.S. Dist. Lexis 162044, at 9 (D.N.J. July 25, 2018) (quoting *Poulis v. State Farm*, 747 F.2d 863 (3d Cir. 1984)).

To begin with, Defendant has not even established the threshold issue of a violation, that would necessitate the Court weighing factors on the appropriate remedy.  Plaintiff produced nearly 1.5 terabytes of data, including literally days of video of showing experimentation of the product.  While Defendant alleges "gross and knowing spoliation", "bad faith", and the like, he has failed to meet the threshold burden to show there was a violation in the first place.

As to the first factor, Defendant cites no evidence and attaches no exhibit supporting the motion.  Defendant cannot show a violation to begin with, much less "personal responsibility" for some unknown violation.  Instead, Defendant simply uses phrases like "bad faith" and "gross and knowing spoliation", (Def. Mot., page 1), without any evidence to back them up.

As to the second factor, Defendant does not explain how he is prejudiced.  Instead, Defendant simply claims there is "extreme prejudice".  Def. Mot., page 1.  Again, Defendant cites no evidence whatsoever and instead asks the Court to speculate.

As to the third factor, there is no history of dilatoriness.  Plaintiff has complied and has produced an enormous amount of documentation and other evidence requested by Defendant.  Again, as with every other factor, Defendant cites no evidence and attaches no supporting exhibits, instead asking the Court to speculate.

As to the fourth factor, Defendant cites no evidence of Plaintiff's intent.  Again, Defendant cites no evidence and attaches no supporting exhibits.  Defendant instead "ask[s] the Court to draw speculative inferences about the Plaintiff's subjective intent." *Fuhs v. McLachlan Drilling Co.*, 2018 U.S. Dist. Lexis 184264, at 44 (W.D. Pa. Oct. 26, 2018).

As to the fifth factor, Defendant has not shown that any part of Plaintiff's production is lacking – but if he had, the simple solution would be to simply point out what he believes is missing and ask Plaintiff to supplement its production.  Again, Defendant cites no evidence and simply asks the Court to speculate.

As to the meritoriousness of the claims, Defendant again fails to cite any evidence.  Here, Defendant's defamatory statements clearly have a defamatory character:  they accuse Plaintiff of being dishonest in its business dealings, breaking the law, engaging in a "scam", "putting people's health at risk", and similar allegations.  Many of the allegations rise to the level of defamatory per se.  Plaintiff has produced evidence of its scientific testing of the product, along with video which definitively proves false Defendant's often-repeated claim that "the holes are too small" for mosquitoes to fit through.

Defendant fails to cite any evidence to back up his accusations, much less sufficient evidence to meet his burden.  The Court must therefore deny the motion.

**C.     Defendant's motion violates Local Rule 26.1(f) and F.R.C.P. 37(a)(1) by failing to include a certification.**

Defendant's motion must also be denied because it does not include "a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute."  Local Civil Rule 26.1(f).  Local Rule 26.1(f) provides:  "No motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute."  Local Civil Rule 26.1(f).  Federal Rule of Civil Procedure 37 also requires:  "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  F.R.C.P. 37(a)(1).

"[T]he language of Local Rule 26.1(f) is broader than that of Federal Rule 37(b) because it applies generally to discovery motions and applications." *Naviant Mktg. v. Larry Tucker, Inc.*, 339 F.3d 180, 187 (3d Cir. 2003). Therefore, the certification is required both for an ordinary discovery motion and for a motion for sanctions. *Id.* at 182 ("At no time did plaintiff's counsel confer with defense counsel in good faith prior to a motion to compel discovery, or motion for contempt or sanctions. Accordingly, we reverse …"). The Court must deny the motion under Local Rule 26.1(f) and F.R.C.P. 37(a)(1) because "[z]ealous advocacy on behalf of one's client does not excuse a belligerent and uncompromising approach to the discovery process." *Id.*, 339 F.3d at 182.

This is the *second* baseless motion for sanctions filed by Defendant in this case. In the first, at ECF 31, Defendant accused Plaintiff's counsel of ex parte communications, even though defense counsel was carbon copied (CC'ed) on the communications. The Court denied the motion at ECF 36, since "Plaintiff's counsel 'carbon copied' (CCed) Defendant's counsel" who "does not deny receiving them. These letters were not ex parte communication." Order 1-14-22 (ECF 36). In this case, "Defendant's counsel has chosen as his weapon of choice the frivolous motion for sanctions. Counsel's conduct neither serves his client well, nor fosters the just, speedy, and inexpensive determination of this action." *Cannon v. Cherry Hill Toyota*, 190 F.R.D. 147, 149 (D.N.J. 1999) (citation omitted).

**D.     Conclusion.**

Defendant's motion cites no evidence to support its allegation of "gross and knowing spoliation", "bad faith", or "extreme prejudice". Defendant's allegations are in fact proven false by the counter-examples attached to this Response. Defendant's motion also violates Local Civil Rule 26.1(f) and F.R.C.P. 37(a)(1) by failing to include a certification of counsel's efforts to

7

resolve the dispute without the Court's intervention. For these reasons, the motion must be denied.

                Respectfully submitted,

                _/s/ Evan L. Frank_____
                Evan L. Frank, Esq.  (PA #311994)
                Alan L. Frank Law Associates, P.C.
                135 Old York Road
                Jenkintown, PA 19046
                215-935-1000/ 215-935-1110 (fax)
                afrank@alflaw.net
                Counsel for Plaintiff

March 29, 2022