## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

**AC2T, Inc., d/b/a**
**Spartan Mosquito,**                                    **Case No. 2:19-cv-5946-RBS**
        Plaintiff
    **v.**

**Colin Purrington,**
      Defendant

### <u>REPLY OF DEFENDANT TO MOTION TO COMPEL</u>

Defendant Colin Purrington files this opposition to the Motion to Compel of Plaintiff for the production of documents related to Requests for Production Set II and for the Deposition of Defendant, and to correct the record regarding statements made by Plaintiff within its Motion, responding as follows:

First and foremost, the Defendant supplied full and complete discovery to the Plaintiff's Interrogatories – Set I and the Requests for Production – Set I, on **June 5, 2020,** <u>with the noted objections,</u> supplied by prior counsel for the Defendant. [See attached transmittal letter at Exhibit "A"] This is despite the fact that, to date, the Plaintiff has failed or refused to fully comply with the applicable Discovery Rules and an Order of this Court to produce documents, videos, and information. The Plaintiff has yet to even supply the Defendant with financial records demonstrating any basis for its claims; which at this point, shows that there are either no such documents showing any losses somehow attributable to the Defendant (in which case their claim is brought without any good faith basis for same) or they are so damaging to the claim of the Plaintiff that they have simply refused to produce them.

Second, the Plaintiff's current fishing expedition, i.e., the so-called Set II of the Requests for Production of the Plaintiff, were subject to the same objections supplied by prior counsel for Defendant on June 5, 2020, not to mention the Requests Set II themselves are utterly irrelevant, duplicative, and

without any basis or connection to its allegations of defamation or business interference. Indeed, the Requests seek private communications between the Defendant and a law firm(s); between the Defendant and a non-profit, the Mosquito Illness Alliance; between the Defendant and the Mississippi Department of Health, and the like. None of these organizations have any business relationship with the Plaintiff whatsoever, and the same are irrelevant, duplicative, and without basis.

Further, the Set II almost entirely contains duplicative requests from numerous Requests contained in Set I, as evidenced below. Set I requests included:

#2 "your current resume, CV, and list of publications."

#4 "All communications you made to state or federal officials concerning Spartan or its Eradicator product."

#7 "All documents that were part of your correspondence with over 100 scientists and public health officials."

#14 "all written communications you have made with any person other than your counsel about Spartan Mosquito or any of its products."

[A true and correct copy of the responses and objections of the Defendant served on June 5, 2020 is attached hereto at Exhibit "B"]

It is axiomatic that the Plaintiff is not entitled to some magic eraser to wipe off the Defendant's responses and objections, simply by submitting a so-called "second set" of document requests which are duplicative of prior requests containing objections and responses, and which in of themselves are overbroad and irrelevant. The specific requests at issue identified by the Plaintiff within its Motion, Requests Nos 15-19, request "communications between Defendant and other concerning Plaintiff or Plaintiff's product."  *See, e.g., Fed. R.Civ. P. 26(b)(2).* There can be no reasonable dispute that these Requests are duplicative of #14 of Set I – and therefore its inclusion is in-of-itself is merely to harass and cause undue burden and increase discovery expenses to the Defendant – retaliatory financial injury is the primary goal of the Plaintiff; and here, the blatantly duplicative requests and application to this

Court on faulty premises, is in furtherance of that goal. The only request which may be even remotely relevant to any claim of the Plaintiff is Request #18 seeking "all communications made or received from...any distributor, reseller, or retailer of Spartan" – and even assuming the Request was made in good faith, Request #18 is still duplicative of Request #14 in Set 1. The Plaintiff has all the information it needs, and rightfully can seek at this time, to resolve the claim of defamation.

Further, Requests regarding "compensation in exchange for his defamatory communications," i.e., Requests 18 and 20, are absurdly overbroad, irrelevant, without any basis in fact or law, and cannot be supported by any documentation or response provided by the Plaintiff. Indeed, Defendant has stated that he was not compensated for his statements by any person or organization and there is no record of any such compensation on any CV, resume, publications or other documents whatsoever – what more does the Plaintiff possibly want, other than to increase the financial expense to the Defendant with needless and duplicative discovery requests?

Third, the Plaintiff flat out misstates the delay of the Deposition of the Defendant and studiously omits their own failings in obtaining same. Defendant maintained, and explicitly stated on October 1, 2021, that, as a result of the Answer and New Matter with a Counterclaim against the Plaintiff filed on June 24, 2021 that no depositions should be conducted unless/until the pleadings had closed, which naturally includes the Counterclaim. The Counterclaim was dismissed, after application to this Court by Plaintiff on July 28, 2021, by Order dated September 22, 2021, and no Amended Counterclaim was filed by Defendant; thus, it is beyond a peradventure that the pleadings stage closed on October 22, 2021.

No deposition requests were made or noticed and no dates were supplied by the Plaintiff whatsoever since August of 2021, i.e., at no time subsequent to the close of the pleadings stage. There is no rule or law of Court where a Plaintiff is entitled to an Order for a deposition of the Defendant due to its own delay or simple failure to properly notice same. These deposition issues have little to do with

the "exchange of documents" - other than the fact that the Defendant cannot depose any Plaintiff or witnesses without essential and material records which have yet to be provided by Plaintiff.

Further, despite the statement that Defendant's counsel has not communicated, counsel for the Defendant did communicate to Plaintiff's counsel on October 1, 2021 as well as again on October 22, 2021 to coordinate a Protective Order regarding trade secrets, etc., and again on October 25, 2021 providing a courtesy extension of time to the Plaintiff to comply with the prior discovery Order of this Court (these responses, however, were woefully inadequate). Again, no deposition dates or notices were supplied by the Plaintiff. [See the October 1, October 22, and the October 25, 2022 emails from Defendant attached hereto at Exhibit "C"]

The only subsequent contact with Plaintiff's counsel or any attempt to even discuss a deposition of the Defendant was Plaintiff's counsel re-submitting to this Court by email dated February 9, 2022 an old, outdated and inaccurate letter dated August 24, 2021, complaining about the lack of a deposition. No context or any of the above-facts were provided to the Court, and the Defendant objected to the letter and the contents therein (the original of which precipitated the Defendant's first motion for sanctions).

In light of the above, the Court should not permit this needless fishing expedition, and the Motion should be denied with prejudice as to the Requests, and denied without prejudice as to the Deposition request, as the Plaintiff has not supplied a proper and agreed-upon Notice of Deposition.

Respectfully submitted,

**TREVOR C. SERINE, ESQUIRE**
PA ATTORNEY ID NO.: 316805
SERINE LAW
30 WEST THIRD STREET
MEDIA, PA 19063
P: 4844486426
TCS@SERINELAW.COM

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AC2T, Inc., d/b/a** **Spartan Mosquito,** **Plaintiff** **v.** **Colin Purrington,** **Defendant** | **Case No. 2:19-cv-5946-RBS** |

**CERTIFICATE OF SERVICE AND RESOLUTION**

I, Trevor C. Serine, Esquire, attorney for Defendant Colin Purrington, hereby certify that I served a true and correct copy of the Motion upon the following parties in the manner indicated on 3/21/2022. I further certify that I have attempted to resolve this issue with opposing counsel, without success.

**VIA ELECTRONIC FILING NOTICE**
AC2T, Inc., d/b/a
Spartan Mosquito
c/o Evan L. Frank, Esquire
Alan L. Frank Law Associates, P.C
135 Old York Road
Jenkintown, PA 19046
efrank@alflaw.net

By:  _____

**Trevor C. Serine, Esquire**
Serine Law
30 West Third Street, First Floor
Media, PA 19063
484-448-6426
TCS@SERINELAW.COM

# EXHIBIT "A"



**KLEHR HARRISON HARVEY BRANZBURG** LLP

Paige M. Willan
Direct Dial: (215) 569-4283
Email: pwillan@klehr.com

June 5, 2020

**VIA EMAIL**
Evan L. Frank, Esq.
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA  19046
efrank@alflaw.net

Re:    *AC2T, Inc. d/b/a Spartan Mosquito v. Colin Purrington,*
       **No. 2:19-cv-5946-RBS (E.D. Pa.)**

Dear Mr. Frank:

As you know, we represent defendant Colin Purrington in the above-referenced action.  Enclosed are Mr. Purrington's responses and objections to Plaintiff's First Set of Interrogatories and to Plaintiff's First Requests for Production of Documents.

Mr. Purrington's initial document production can be accessed via secure file transfer site at the following link: https://klehr.sharefile.com/d-s157d5a8f6304c1b8.  This production consists of documents bearing Bates Numbers CP_000001 through CP_002971.  Mr. Purrington has gathered additional responsive documents which we are in the process of reviewing and preparing for production.  We anticipate completing our production within the next two weeks.

Should you have any questions, please feel free to reach out to me.

Sincerely,

*/s/ Paige M. Willan*

Paige M. Willan

PMW:lm
Enclosures
cc:    Alan L. Frank
       Douglas F. Schleicher

1835 MARKET STREET   |   SUITE 1400   |   PHILADELPHIA, PA 19103   |   t 215.569.2700   |   f 215.568.6603   |   www.klehr.com

PENNSYLVANIA   |   NEW JERSEY   |   DELAWARE

PHIL1 8942314v.1

# EXHIBIT "B"

**KLEHR, HARRISON,**
**HARVEY, BRANZBURG LLP**
By: Douglas F. Schleicher and Paige M. Willan
PA. Id. Nos. 44078 and 313117
1835 Market Street
Philadelphia, PA 19103
 (215) 569-2700
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AC2T, INC. d/b/a SPARTAN MOSQUITO, | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action |
| | : Case No. 2:19-cv-05946-RBS |
| COLIN PURRINGTON, | : |
| Defendant. | : |

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF AC2T, INC. D/B/A**
**SPARTAN MOSQUITO'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant Colin Purrington ("Purrington") hereby responds and objects to Plaintiff AC2T,

Inc. d/b/a Spartan Mosquito's ("Spartan") First Requests for Production of Documents

("Document Requests") as follows:

**GENERAL OBJECTIONS**

1.      Purrington objects to the Document Requests on the grounds, and to the extent, that

they purport to impose obligations over and above those imposed by the Federal Rules of Civil

Procedure.  Purrington will respond to the Document Requests in compliance with the Federal

Rules of Civil Procedure.

2.      Purrington objects to the Document Requests on the grounds, and to the extent, that

they call for information or documents protected by the attorney-client privilege, the work product

doctrine, or any other applicable privilege under state, federal, or common law. Purrington will produce a log identifying any documents withheld on the grounds of any privilege.

3.      Purrington objects to the Document Requests to the extent that they call for the production of documents or information already known by, publicly available to, or otherwise readily available to Spartan from another source that is more convenient, less burdensome, or less expensive.

4.      Purrington objects to the Document Requests on the grounds, and to the extent, that they contain no time limitation. Unless otherwise indicated in a particular response, Purrington will respond to the Document Requests with documents created, altered, or applicable to the period beginning on January 1, 2019 to present.

5.      Purrington objects to the lack of definitions provided in the Document Requests.

## REQUESTS FOR PRODUCTION

1.      All documents you relied on in answering the Interrogatories.

**RESPONSE:**

Subject to the General Objections, Purrington will produce documents responsive to this Request in his possession, custody, or control.

2.      Your current resume, CV, and list of publications.

**RESPONSE:**

Subject to the General Objections, Purrington will produce documents responsive to this Request.

PHIL1 8934844v.3

3.     All documents related to your personal evaluation of the Spartan Mosquito Eradicator.

**RESPONSE:**

Subject to the General Objections, Purrington will produce non-privileged documents responsive to this Request after a reasonable search of Purrington's records.

4.     All communications you made to state or federal officials concerning Spartan Mosquito or any of its products.

**RESPONSE:**

Subject to the General Objections, Purrington will produce non-privileged documents responsive to this Request, after a reasonable search of Purrington's records.

5.     All documents which you contend are evidence that Spartan's products put people's health at risk or put people at risk of contracting mosquito-borne diseases.

**RESPONSE:**

Purrington objects to this Request on the grounds, and to the extent, that it seeks documents that are not in his possession, custody, or control; Spartan Mosquito and other third parties have documents responsive to this Request in their possession, custody and control that are not available to Purrington. Subject to the foregoing objection, and to the General Objections, Purrington will produce non-privileged documents responsive to this Request, that are in his possession, custody, or control, after a reasonable search of Purrington's records.

3

6.      All documents showing that Spartan Mosquito or its distributors made a health claim about a Spartan product.

**RESPONSE:**

Purrington objects to this Request on the grounds, and to the extent, that it seeks documents that are not in his possession, custody, or control; Spartan Mosquito and other third parties have documents responsive to this Request in their possession, custody and control that are not available to Purrington. Subject to the foregoing objection, and to the General Objections, Purrington will produce non-privileged documents responsive to this Request, that are in his possession, custody, or control, after a reasonable search of Purrington's records.

7.      All documents that were part of your correspondence with over 100 scientists and public health officials (referenced in your post that is Exhibit A to the Complaint).

**RESPONSE:**

Subject to the General Objections, Purrington will produce non-privileged documents responsive to this Request, that are in his possession, custody, or control, after a reasonable search of Purrington's records.

8.      All documents which you contend are evidence that Spartan's product contributes to the spread of an invasive species.

**RESPONSE:**

Purrington objects to this Request on the grounds, and to the extent, that it seeks documents that are not in his possession, custody, or control; Spartan Mosquito and other third parties have documents responsive to this Request in their possession, custody and control that are not

4

available to Purrington. Subject to the foregoing objection, and to the General Objections, Purrington will produce non-privileged documents responsive to this Request, that are in his possession, custody, or control, after a reasonable search of Purrington's records.

9.   All documents which you contend are evidence that the Spartan Mosquito Eradicator is a scam or that that Spartan uses deceptive advertising.

**RESPONSE:**

Purrington objects to this Request on the grounds, and to the extent, that it seeks documents that are not in his possession, custody, or control; Spartan Mosquito and other third parties have documents responsive to this Request in their possession, custody and control that are not available to Purrington. Subject to the foregoing objection, and to the General Objections, Purrington will produce non-privileged documents responsive to this Request, that are in his possession, custody, or control, after a reasonable search of Purrington's records.

10.   All documents which you contend are evidence that Amazon concluded the Spartan Mosquito Eradicator is a scam and pulled the device.

**RESPONSE:**

Purrington objects to this Request on the grounds, and to the extent, that it seeks documents that are not in his possession, custody, or control; Spartan Mosquito and other third parties have documents responsive to this Request in their possession, custody and control that are not available to Purrington. Subject to the foregoing objection, and to the General Objections, Purrington will produce non-privileged documents responsive to this Request, that are in his possession, custody, or control, after a reasonable search of Purrington's records.

11.    All documents which you contend are evidence that mosquitoes cannot get inside the Spartan Mosquito Eradicator because the holes are too small.

**RESPONSE:**

Purrington objects to this Request on the grounds, and to the extent, that it seeks documents that are not in his possession, custody, or control; Spartan Mosquito and other third parties have documents responsive to this Request in their possession, custody and control that are not available to Purrington. Subject to the foregoing objection, and to the General Objections, Purrington will produce non-privileged documents responsive to this Request, that are in his possession, custody, or control, after a reasonable search of Purrington's records.

12.    All documents which you believe constitute deceptive advertising by Spartan.

**RESPONSE:**

Purrington objects to this Request on the grounds, and to the extent, that it seeks documents that are not in his possession, custody, or control; Spartan Mosquito and other third parties have documents responsive to this Request in their possession, custody and control that are not available to Purrington. Subject to the foregoing objection, and to the General Objections, Purrington will produce non-privileged documents responsive to this Request, that are in his possession, custody, or control, after a reasonable search of Purrington's records.

6

13.    All social media posts you have made about Spartan Mosquito or any of its products.

**RESPONSE:**

Subject to the General Objections, Purrington will produce non-privileged documents responsive to this Request, that are in his possession, custody, or control, after a reasonable search of Purrington's records.

14.    All written communications you have made with any person other than your counsel about Spartan Mosquito or any of its products.

**RESPONSE:**

Purrington objects to this Request on the grounds, and to the extent, that it is overbroad and unduly burdensome in that it seeks "all written communications" Purrington has had with any person other than counsel about Spartan Mosquito or its products, regardless of whether those written communications bear upon the matters at issue in this litigation. Subject to the foregoing objection, and to the General Objections, Purrington will produce non-privileged documents responsive to this Request, that are in his possession, custody, or control, after a reasonable search of Purrington's records.

PHIL1 8934844v.3

Dated: June 5, 2020

**KLEHR HARRISON HARVEY BRANZBURG LLP**

By:    _/s/ Paige M. Willan_____
Douglas F. Schleicher (I.D. No. 44078)
Paige M. Willan (I.D. No. 313117)
1835 Market Street
Philadelphia, PA 19103
(215) 569-2700
dschleicher@klehr.com
pwillan@klehr.com

*Attorneys for Defendant*

8

## <u>CERTIFICATE OF SERVICE</u>

I, Paige M. Willan, hereby certify that, on June 5, 2020, I caused a true and correct copy of the foregoing Defendant's Responses and Objections to Plaintiff AC2T, Inc. d/b/a Spartan Mosquito's First Requests for Production of Documents to be served on the below-listed counsel for Plaintiff via electronic mail:

> Evan L. Frank, Esq.
> Alan L. Frank Law Associates, P.C.
> 135 Old York Road
> Jenkintown, PA  19406
> efrank@alflaw.net
>
> *Attorneys for Plaintiff*
> *AC2T, Inc. d/b/a Spartan Mosquito*

> */s/ Paige M. Willan*
> Paige Willan

9

# EXHIBIT "C"

**Subject:** AC2T v. Purrington - Discovery
**From:** "Trevor C. Serine, Esq." <TCS@Serinelaw.com>
**Date:** 10/1/2021, 8:52 PM
**To:** Evan Frank <EFrank@alflaw.net>


Good afternoon Evan:

As previously indicated, once the pleadings stage is closed, we can discuss the depositions of the parties. It makes little sense to conduct depositions while the counts or areas of inquiry are still subject to modification.

Further, it is my understanding and information that prior counsel at Klehr Harrison prepared and supplied to your firm the Defendant's responses & objections to Interrogatories etc., sometime around September or October of 2020. If that is not the case, kindly let me know the status. Additionally, if you would like to schedule a confer, let me know.



Thank you,



--
Trevor C. Serine, Esq.
Serine Law
30 West Third Street
Media, PA 19063
Direct (Office): 4844486426
Mobile/Signal: 4842694088
Fax: 6108927412
Serinelaw.com


This e-mail, along with any files transmitted with it, is intended solely for the individual(
No part of this correspondence constitutes tax advice under IRS regulations unless specifical

**Subject:** RE: AC2T v. Purrington
**From:** Evan Frank <EFrank@alflaw.net>
**Date:** 10/28/2021, 4:14 PM
**To:** "Trevor C. Serine, Esq." <TCS@Serinelaw.com>

I have everything on an external hard drive that I'm going to send you.  Is it OK if this arrives at your office tomorrow?

---

**From:** Trevor C. Serine, Esq. <TCS@Serinelaw.com>
**Sent:** Monday, October 25, 2021 2:50 PM
**To:** Evan Frank <EFrank@alflaw.net>
**Subject:** Re: AC2T v. Purrington


Understood - Thursday is fine.

Thanks,

On 10/25/2021 5:44 PM, Evan Frank wrote:

> Thank you.  Can we have an extension until Thursday just for the video?  I can give you everything else today, but the video has so much data that I have to go through a few extra steps to give it to you.  Thanks

---

> **From:** Trevor C. Serine, Esq. <TCS@Serinelaw.com>
> **Sent:** Friday, October 22, 2021 3:22 PM
> **To:** Evan Frank <EFrank@alflaw.net>
> **Subject:** Re: AC2T v. Purrington


> Received - I also saw the motion filing. Will review.

> Generally we are not opposed to confidentiality regarding nonpublic information, but we may want to narrow the suggested order - if so, we will let you know and/or file a response to the motion, if any. For example, trade secret designations are fairly specific and there is no indication at this time that any trade secret is implicated. If none, then the Order should be specific to information to be supplied and not contain extraneous provisions which may induce additional litigation.

> Thanks,

> On 10/22/2021 3:21 AM, Evan Frank wrote:

>> We would like to submit an order such as the draft attached allowing parties to designate trade secrets, personal identifiers, etc as confidential if produced in discovery.  Please advise if you consent.  Thank you

```
--
Trevor C. Serine, Esq.
Serine Law
30 West Third Street
Media, PA 19063
Direct (Office): 4844486426
Mobile/Signal: 4842694088
```

Fax: 6108927412
Serinelaw.com


This e-mail, along with any files transmitted with it, is intended solely for the in
No part of this correspondence constitutes tax advice under IRS regulations unless s
--
Trevor C. Serine, Esq.
Serine Law
30 West Third Street
Media, PA 19063
Direct (Office): 4844486426
Mobile/Signal: 4842694088
Fax: 6108927412
Serinelaw.com


This e-mail, along with any files transmitted with it, is intended solely for the individ
No part of this correspondence constitutes tax advice under IRS regulations unless specif