UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

**AC2T, Inc., d/b/a**
**Spartan Mosquito,**                                                       Case No. 2:19-cv-5946-RBS
           Plaintiff
   **v.**

**Colin Purrington,**
           Defendant

---

### SUR-REPLY OF DEFENDANT TO PLAINTIFF RESPONSE TO THE SECOND MOTION FOR SANCTIONS OF THE DEFENDANT

    Defendant Colin Purrington submits this Sur-Reply in order to point out that, par for the course, the Plaintiff and/or his counsel continue to stonewall the discovery process and lacks candor to this Tribunal.

    First and foremost, contrary to the **patently false** statement that the Defendant "violated Local Rule 26.1(f)" regarding certification of counsel for motions, the Defendant included the Certification within his Second Motion for Sanctions. Clearly and unequivocally, on Page 11 of the Motion, it states: **"I further certify that I have attempted to resolve this issue with opposing counsel, without success."** *See Page 11 of Def. Second Motion for Sanctions.*

    Not only does that satisfy the obligation under Local Rule 26, but also, the parties had attended a Hearing presided over by the Court on or about March 8, 2022 regarding this exact discovery issue (and others). At the conclusion of the Hearing, the Court instructed each party for file their respective Discovery motions within ten (10) days of his Order. Even assuming, *arguendo,* that the Defendant didn't submit a Certification of Counsel (despite the clear fact he did), the purpose of the Certification is to attempt to have the resolve the issue prior to a Motion being filed – which, again, was the entire point of the March 8, 2022 Hearing. Since it could not be resolved, the Court ordered Motions to be filed. A Motion filed at the Order of the Court should not be removed or otherwise subjected to Local

1

Rule 26; regardless, the issue is moot – the Defendant supplied the Certification. Indeed, the Plaintiff and Defendant literally communicated about this issue in front of the Court.

The Plaintiff, feigning some sort of moral superiority, has submitted a knowing, <u>provably</u> <u>false</u> statement to this Court, apparently in the misguided hope that its years-long abuse of the discovery process and gross failures to provide necessary discovery is somehow shielded by a lack of Certification of Counsel. This argument regarding Local Rule 26 was included solely to impermissibly negatively influence the Court against the Defendant. In this dispute, the Defendant has routinely complied with discovery requests, while the Plaintiff, to date some two (2) years later, has yet to provide material documents to the Defendant showing any basis for its claims of financial injury.

Moreover, it is absurd to somehow "deem" the Plaintiff in compliance with the Rules concerning Discovery and the Order of this Court, just because they turned over *some* documents or responses. Indeed, without reiterating the Motion herein, the Defendant has specifically stated that the videos provided were doctored, that data and information visible within the videos was never provided, and identified dozens of other errors, omissions, or deceptive practices by the Plaintiff as detailed within the Second Motion for Sanctions of the Defendant.

Defendant has never stated that Plaintiff failed to supply *some* documents; rather, that Plaintiff has failed to turn over critical, material documents and information - information the Plaintiff desperately is attempting to not produce. Cherry-picking several large files or a handful of responses the Plaintiff *did* make is a red herring, and is <u>not even a denial</u> of the averments of the Defendant within his Second Motion for Sanctions.

Plaintiff's relief requests that this Court to somehow punish the Defendant for not being able to attach "discovery" to its Second Motion for Sanctions, i.e., discovery *which it does not have* and which has specifically been alleged to have been spoliated. Defendant supplied extensive supportive caselaw

2

on the topic. These averments by the Defendant are neither "bald" nor "baseless" or "speculation" and sufficient proof has been supplied.

For these reasons, and the reasons expounded upon within the Second Motion for Sanctions and those facts and evidence within the record, the Plaintiff should be precluded from introducing any evidence which has not been turned over to date; and further, its claims should be dismissed with prejudice due to the years-long abuse of the discovery process and these legal proceedings.

Respectfully submitted,

_____
**TREVOR C. SERINE, ESQUIRE**
PA ATTORNEY ID NO.: 316805
SERINE LAW
30 WEST THIRD STREET
MEDIA, PA 19063
P: 4844486426
TCS@SERINELAW.COM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AC2T, Inc., d/b/a Spartan Mosquito,**<br><br>   **Plaintiff**<br> v.<br><br>**Colin Purrington,**<br><br>   **Defendant** | **Case No. 2:19-cv-5946-RBS** |

### CERTIFICATE OF SERVICE AND RESOLUTION

 I, Trevor C. Serine, Esquire, attorney for Defendant Colin Purrington, hereby certify that I served a true and correct copy of the Motion upon the following parties in the manner indicated on 3/21/2022. I further certify that I have attempted to resolve this issue with opposing counsel, without success.

**VIA ELECTRONIC FILING NOTICE**
AC2T, Inc., d/b/a
Spartan Mosquito
c/o Evan L. Frank, Esquire
Alan L. Frank Law Associates, P.C
135 Old York Road
Jenkintown, PA 19046
efrank@alflaw.net

       By: _____
          **Trevor C. Serine, Esquire**
          Serine Law
          30 West Third Street, First Floor
          Media, PA 19063
          484-448-6426
          TCS@SerineLaw.com