UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**AC2T, Inc., d/b/a**
**Spartan Mosquito,**

        Plaintiff

   v.

**Colin Purrington,**

        Defendant

Case No. 2:19-cv-5946-RBS

## MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANT'S MOTION FOR RULING ON IMMUNITY AS A MATTER OF LAW

Defendant Colin Purrington files this Memorandum of law in rebuttal to Plaintiff's Opposition, noting that the Plaintiff's interpretation of the interplay between the Rules of Civil Procedure, *Byrd v. Blue Ridge*, and the 7th Amendment as applied herein are incorrect or misleading. Additionally, the Defendant's immunity under the Pennsylvania Statute is substantive, not procedural, as a matter of law, and his undisputed statements of fact directly reference enforcement of an environmental law/regulation.

### Plaintiff 7th Amendment Right is Not Violated

Defendant notes first that even if this Court grants the hearing herein, and determines that one or more of the undisputed statements are immune as a matter of law, it does not violate the Plaintiff's 7th Amendment right to a jury, nor does it automatically dismiss their defamation claim, as no "pre-trial judgment" would be issued. Further, the Commonwealth Statute is not a "special motion to dismiss." Moreover, the claim of losses due to some sort of damages from business interference - which to date has never been supported by a shred of evidence or any itemized damages from the Plaintiff - would also survive this Hearing.

In the underlying action, the Defendant has not necessarily suggested that *all* of his statements qualify for immunity, but that at least one or more do, as a matter of law. Thus, even if this Court

determines, *arguendo*, that each statement presented (Ex. B - K) by the Defendant in its Motion was fully subject to immunity, the defamation claim would still proceed to trial – just limited to the actual statements which contain genuine issues of material fact (and thus, appropriate for a jury). It is axiomatic that where there are no issues of material fact for a jury, a judicial ruling, such as summary judgment, is appropriate and valid.

The hearing requested herein is, essentially, an evidentiary hearing within which no credibility or testimony from either party is required to make a legal determination on one or more statements. Not even the Plaintiff can maintain, in good faith, that this Court is not able to restrict or prevent evidence from being presented to the jury on a particular claim. *See, e.g.,* <u>Luce v. United States</u>, *469 U.S. 38 (1984); Rule Of Civil Procedure 37; Federal Rules of Evidence generally.* Therefore, the Plaintiff cannot argue that this Hearing would dismiss its action, and its rights to a jury trial are not implicated by conducting this (or a like-kind) Hearing or issuing a determination on undisputed factual issues (either based upon the State Statute or the general application to the Court by a defendant).

### ***Byrd v. Blue Ridge* is not Implicated**

Further, the Plaintiff's interpretation of the Rules and the Supreme Court's holding in *Byrd v. Blue Ridge* is incorrect. Plaintiff suggests that there are only two Rules which permit the Court to dismiss an action prior to trial (Rule 12 and Rule 56); but that is incorrect on its face, as well as misleading as applied to this instant action. There are a number of other Rules which allow or permit this Court to modify or dismiss a claim or an action, such as Rules 1, 8, 26, and Rule 37; or, for example, Federal Rule of Evidence 104 (judge determines admissibility of evidence) or Rule 302 (Applying State Law to Presumptions in Civil Case). *See, e.g., F.R.C.P. 37; Federal Rules of Evidence 302 or 104* ("the Court must decide any preliminary questions about whether... evidence is admissible"). Thus, it is indisputable that this Court is authorized to limit, bar, or otherwise restrict

2

evidence at **almost any point prior-to or during trial**, which would then not be presented to the jury (even if the effect was such that a particular claim would fail), without causing a constitutional 'crisis.'

Plaintiff further contends that this Court cannot "hold an evidentiary hearing" because it is obligated to "follow the Supreme Court's holding in *Byrd*." This reasoning is incorrect. The Court can hold an "evidentiary Hearing" prior to the trial, and further, the Court is not constrained by the ruling in *Byrd* for issues that do not present a disputed factual question. In *Byrd*, the Supreme Court held that ***where there are genuine issues of material fact***, a party is entitled to his day in court on its claims. This holding is obviously highly-caveated by the discretion and other authority granted to the trial court (i.e., Rule 37 or Evidence Rule 104) as identified above. Indeed, the Supreme Court even specifically noted in *Byrd*, "The trial judge in the federal system has powers denied the judges of many States to comment on the weight of evidence and credibility of witnesses, and discretion to grant a new trial if the verdict appears to him to be against the weight of the evidence." *Byrd, 356 at 540*. Thus, the Plaintiff's interpretation of *Byrd* that "this Court is obligated...to allow **all** issues of fact and credibility to be determined by a jury" is patently incorrect. ECF 41 [emphasis supplied]

In the instant action, there is no genuine issue of material fact regarding at least some of the statements, and therefore any statement which does not have an issue of fact is ripe for this Court to determine as a matter of law. For example, it is indisputable that the statement (ex. B) by the Defendant, "the reason citizens and organizations should write to their state officials now is because Spartan Mosquito must reapply to each state by December 31 for permission to sell…," **directly involved** an "issue under consideration by a legislative, executive or judicial proceeding." *27 Pa. C.S. 8301*. Defendant, in other statements, specifically cited FIFRA 25(b) exception enjoyed temporarily by Spartan, and in direct communication with the EPA. These statements are not in dispute, do not turn on any further testimony or credibility determination, and are specifically subject to immunity under substantive state law, as a matter of law.

3

In the alternative, this Court conducting an evidentiary hearing upon a request of a defendant is well within the "essential character or function" of the federal court system, and nothing contained within the Commonwealth's Statute on Immunity overrides or encroaches on those powers. It is likely that the Statute was passed by the General Assembly to address the lack of the Commonwealth's judges ability to address immunity issues prior to the completion of a trial. In essence then, the Commonwealth Statute is substantive as well as instructional to the federal court - explaining that in specific circumstances enumerated therein, the Defendant is entitled to substantive immunity as a matter of law under the relevant state law claims. This Court is able to conduct its own evidentiary review of the Defendant's comments, irrespective of the Commonwealth's Statute authorizing a hearing, and still grant the relief requested by the Defendant, which is the determination of immunity for statements which have no actual factual dispute.

### Plaintiff Continues to Misquote or Mischaracterize Defendant and Misapply the Standards of State Law

Plaintiff has somehow claimed in its Reply that, "none of the statements are communications to a government agency." The EPA is a government agency, to which statements were directed by the Defendant (see, e.g., Ex. C, G of the Plaintiff Complaint) – yet apparently now, the Plaintiff maintains that no such government agency as the EPA exists.

Plaintiff claims in its Reply that, "Defendant has not even shown that the issues he complains about are environmental." Apparently, the Plaintiff maintains that the effectiveness of its disease-vectoring pest 'Eliminator' product (the Eradicator) which is governed by the Environmental Protection Agency and the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA) Regulation are somehow neither environmental nor regulatory.

Plaintiff claims that Defendant's Motion "ignores the statute's exception for statements [regarding knowingly false]…" Defendant, in its Motion, directly addresses the exception, and its lack

4

of applicability, repeatedly. *See the Motion of the Defendant at Paragraphs 2 and 3 of Page 2; Page 4; Page 5.*

There are no genuine issues of material fact regarding these statements, despite the Plaintiff attempting to re-frame the issue.

**Conclusion**

For the above reasons (or in the alternatives) this Court should hold a hearing to determine the substantive immunity afforded to the Defendant's statements – which does not bar their claims or implicate any constitutional rights, and is well within the authority of the Court under the Rules of Evidence (i.e., Rule 104) and comports to Rule 1 of Civil Procedure, that all trials be administered to effectuate just, speedy and inexpensive determination of each action.

Respectfully submitted,

By: _____

**Trevor C. Serine, Esquire**
Serine Law
30 West Third Street, First Floor
Media, PA 19063
484-448-6426
TCS@Serinelaw.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AC2T, Inc., d/b/a Spartan Mosquito,**<br><br>        **Plaintiff**<br>  v.<br><br>**Colin Purrington,**<br><br>        **Defendant** | **Case No. 2:19-cv-5946-RBS** |

## CERTIFICATE OF SERVICE

I, Trevor C. Serine, Esquire, attorney for Colin Purrington, hereby certify that I served a true and correct copy of the Motion upon the following parties in the manner indicated on 5/9/2022.

**VIA ELECTRONIC FILING NOTICE**
AC2T, Inc., d/b/a
Spartan Mosquito
c/o Evan L. Frank, Esquire
Alan L. Frank Law Associates, P.C
135 Old York Road
Jenkintown, PA 19046
efrank@alflaw.net

By: _____
**Trevor C. Serine, Esquire**
Serine Law
30 West Third Street, First Floor
Media, PA 19063
484-448-6426
TCS@Serinelaw.com