UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

AC2T, Inc., d/b/a
Spartan Mosquito,

        Plaintiff

  v.

Colin Purrington,

        Defendant

Case No. 2:19-cv-5946-RBS

## DEFENDANT'S REPLY TO THE MOTION OF THE PLAINTIFF FOR LEAVE TO FILE UNDER SEAL

Defendant Colin Purrington, by and through his attorney, Trevor C. Serine, Esquire, files this Reply in opposition to the Motion of the Plaintiff, AC2T ("Spartan") for leave to file certain documents under seal, responding as follows:

Plaintiff attempts to intimate to this Court that its ongoing abject failure to supply documents and evidence, is instead the opposite - that it has complied with the disclosure requirements and prior Order of this Court to supply discovery - simply because it produced a large volume (a terabyte+) of data. Defendant previously noted numerous, material faults with the data and discovery disclosures and incorporates all argument and the like from its Motion for Sanctions regarding same. The Plaintiff thus requests leave to file three (3) exhibits under seal, but the only explanation of those exhibits are that they are "counter-examples showing testing of Plaintiff's product and data derived from the tests." (ECF 49).

Plaintiff claims, without any basis whatsoever, that the tests and data are somehow "confidential" and/or "trade secrets." Not only is the information not confidential, but there is no possible argument to establish any trade secret protection whatsoever.

In exercising pendent jurisdiction over trade secrets claims, federal courts must apply state law. *Rohm and Haas Co. v. Adco Chemical Co*., 689 F.2d 424, 428-29 (3d Cir.1982); *Sims v. Mack*

1

*Truck Corp.*, 608 F.2d 87, 95 (3d Cir.1979), *cert. denied*, 445 U.S. 930, 100 S.Ct. 1319, 63 L.Ed.2d 764 (1980).

First and foremost, it is axiomatic that a trade secret is not granted simply because a Plaintiff claims it to be so, and that formulas that are susceptible to reverse-engineering are not protected as trade secrets because the information they contain is easily obtainable. *See, e.g., SI Handling Systems, Inc., v. Heisley*, 753 F.2d 1244, 1255 (3rd. Cir. 1985); *Fidelity Fund, Inc. v. Di Santo*, 500 A.2d 431, 438 (Pa. Super. 1985). Further, if a Trade Secret is ever disclosed, it is no longer a Trade Secret. *See, e.g., Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 476, 94 S.Ct. 1879, 1883, 40 L.Ed.2d 315 (1974)

It is clear beyond a peradventure that the exhibits claiming protection by Plaintiff are not trade secrets. The Plaintiff lists all ingredients on the product, and in the actual amounts per volume. There is no secret – there are only three inert ingredients in the Eradicator: salt, yeast, and sugar. Moreover, as stated by the Defendant and which statement is incorporated within the pleadings of this action, the Defendant reverse-engineered the contents of the Eradicator and provided instructions to people who wanted to make their own. Further, there is no trade secret protection for the plastic tube itself, as it is a simple piece of plastic with several holes in the top. Finally, Spartan publicly lists the ingredients, and specific mix, on its website and product packaging, has supplied these metrics to various other third parties and environmental regulators and state and federal agencies. This is certainly not something like the KFC secret recipe, where even the list of 11 herbs and spices is a so-called "trade secret." Thus, there is no portion of the Eradicator product, or testing procedure, that is a trade secret.

Second, the testing video itself cannot be confidential as a portion of the test video is publicly available on the Spartan website or otherwise available online, and is discussed at length by Jeremy Hirsch, the CEO of Plaintiff. Moreover, the alleged data derived from the video has also been publicly discussed or disclosed by Plaintiff, as well as submitted to numerous third-parties and state and federal regulators. Plaintiff is required to submit data to these regulators to support the claims made by Plaintiff

2

regarding its product. That information is thus available to the public under the respective state's freedom of information act and disclosed via the regulators, etc. The averment that the testing itself is somehow "proprietary" is laughable – the alleged test, as far as Defendant can tell, is that the Eradicator was placed into a sealed box and then someone simply recorded when the mosquitoes perish. The alleged "data" derived from this test is a point of contention as it has not been fully disclosed by Plaintiff. Not only is a test designed in such a manner wildly unscientific, without any meaningful controls or proper precautions, but also is the sole basis for the Plaintiff's applications to state and federal regulators and its marketing claims that the product can eliminate "95% of mosquitoes" for up to 90 days. The proper scientific method of testing, i.e., the set-up of the experiment, is essential to the claims of the Plaintiff, is in the public interest, and the same cannot be confidential.

Finally, the data derived from the alleged testing has been publicly discussed or disclosed by Plaintiff, as well as submitted to numerous third parties and state and federal regulators. This data is clearly in the public interest, and should not be subject to any Protective Order. *See, e.g., SI Handling Systems, Inc., v. Heisley*, 753 F.2d 1244, 1255 (3rd. Cir. 1985). Moreover, the data derived from the testing is "something that would be learned in any productive industry" and is not subject to confidentiality or trade secret protection. *See, e.g., Van Products Company v. General Welding and Fabricating Co.*, 419 Pa. 248, 261, 213 A.2d at 776 (1965). Moreover, the data has been marketed *extensively* by the Plaintiff, as it forms the only basis for the efficacy claims regarding the Eradicator, such as the claim that it was the most ***"successful response to Zika anywhere in the world,"*** and that the Eradicator was ***"better than sprays, repellents, candles, and repellent services."*** Widespread publication and marketing of data or the testing is fatal to the claim for protection. *Id at 268*. It must be noted that no protection exists for an "ability" or "experience" of a tester, only for a complied product or database derived from that ability. *See, SI Handling, Supra.*

Defendant has repeatedly provided independent, peer reviewed public studies which directly and completely contradict the claims of the Plaintiff and the data underlying the so-called testing performed by the Plaintiff. Defendant has also supplied public, peer-reviewed studies which conclusively prove the **scientific consensus** that CO2 bait traps do. Not. Work. The Answer with New Matter of the Defendant is incorporated in its entirety herein by reference.

Plaintiff has also, within its Answer and New Matter, identified the CEO of Spartan, and supplied his statement, admitting to the Indiana Office of Pesticide Registration that his product only produces CO2 for "a few days vs. just a few hours...with the addition of salt in specific quantities." This statement directly contradicts Plaintiff's claims regarding its testing and its data and the effectiveness of its product, the Eradicator. *See Answer and New Matter at P. 5.* Defendant, and the public at large, are entitled to this information without any restriction based on confidentiality or trade secret.

Wherefore, Defendant respectfully requests that the Motion of the Plaintiff for leave to file under seal be denied with prejudice.

    Respectfully submitted,

By: _____

**Trevor C. Serine, Esquire**
Serine Law
30 West Third Street, First Floor
Media, PA 19063
484-448-6426
TCS@Serinelaw.com

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**AC2T, Inc., d/b/a**
**Spartan Mosquito,**

**Case No. 2:19-cv-5946-RBS**

   **Plaintiff**

 v.

**Colin Purrington,**

   **Defendant**

**ORDER**

**AND NOW,** this _____ day of _____, 2022, upon consideration of the Motion of the Plaintiff for Leave to File under Seal, and the Defendant's opposition thereto, it is hereby **ORDERED** and **DECREED** that the Motion of the Plaintiff for Leave is **DENIED** with prejudice.

BY THE COURT:

_____
J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AC2T, Inc., d/b/a Spartan Mosquito,** <br><br> **Plaintiff** <br><br> v. <br><br> **Colin Purrington,** <br><br> **Defendant** | **Case No. 2:19-cv-5946-RBS** |

### CERTIFICATE OF SERVICE

I, Trevor C. Serine, Esquire, attorney for Colin Purrington, hereby certify that I served a true and correct copy of the Motion upon the following parties in the manner indicated on 5/17/2022.

**VIA ELECTRONIC FILING NOTICE**
AC2T, Inc., d/b/a
Spartan Mosquito
c/o Evan L. Frank, Esquire
Alan L. Frank Law Associates, P.C
135 Old York Road
Jenkintown, PA 19046
efrank@alflaw.net

By: _____
**Trevor C. Serine, Esquire**
Serine Law
30 West Third Street, First Floor
Media, PA 19063
484-448-6426
TCS@Serinelaw.com