**Evan L. Frank, Esq.**
**Alan L. Frank Law Associates, P.C.**
**PA Bar No. 311994**
**135 Old York Road**
**Jenkintown, PA 19046**
**215-935-1000**
**215-935-1110 (fax)**
**efrank@alflaw.net**
**Counsel for Plaintiff**

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AC2T, Inc., d/b/a Spartan Mosquito,** :  :  **Plaintiff,** :  : **v.** : : **Colin Purrington,** : : **Defendant.** : : | **Civil Action** **Case Number:  2:19-cv-05946-RBS** **Jury Trial Demanded** |

**PLAINTIFF'S MOTION TO ENTER A SCHEDULING ORDER; DIRECT DEFENDANT TO APPEAR FOR DEPOSITION AND PRODUCE DOCUMENTS**

Plaintiff requests that the Court set deadlines to conclude discovery and file dispositive motions, as required under Rule 16(b)(1)(A).  This case does not have a scheduling order even though the parties jointly proposed deadlines at ECF 10 and the case was filed in 2019.  Plaintiff also requests that the Court act upon Plaintiff's discovery motion (ECF 44), direct the Defendant to appear for his deposition, and direct the Defendant to produce documents.  Defendant never even served objections to the discovery requests, his response (ECF 47) does not attach any objections, and there is no justification for a party to avoid being deposed.  The Court should simply order Defendant to comply with his discovery obligations.

Plaintiff's original Complaint averred that "Defendant has been obsessively defaming the Plaintiff for the past four months", in that time posting "over 90 such comments on other

customers' reviews on Amazon, over 40 on Twitter, and 25 on Facebook", among other defamatory statements. ECF 1, ¶ 6. Since that time, Defendant has not slowed down, while he continues to avoid his deposition and having to defend his statements in this case.

On December 17, 2019, Plaintiff filed its Complaint. ECF 1.

On April 27, 2020, the parties jointly submitted a status report with suggested deadlines for discovery. ECF 10. The parties recommended that fact discovery end 120 days after Defendant's Answer, and that expert reports be exchanged 60 days thereafter. Id., pages 2-3. The parties began discovery after submitting their joint report, exchanging paper discovery during the year 2020.

Defendant answered on June 24, 2021. ECF 25. The Answer included a counterclaim, but the counterclaim was dismissed under Rule 12(b)(6) for failure to state a claim. ECF 29.

Although the parties submitted a proposed schedule, no scheduling order was entered. It has been nearly a year since Defendant answered (June 24, 2021 – ECF 25), which is approximately three times as long as the 120 days the parties recommended at ECF 10. Moreover, the parties conducted paper discovery in 2020, so discovery has actually been ongoing for about two years. Plaintiff therefore requests that the Court set a shorter timeframe of 1-2 months to conclude any remaining discovery and set deadlines for dispositive motions.

As set out below and in Plaintiff's Motion at ECF 44, Defendant has been using the lack of formal deadlines to delay and avoid complying with discovery.

On January 22, 2021, Plaintiff served a second set of document requests. Now, 17 months later, Defendant has never served objections. Plaintiff moved to compel (ECF 44). Defendant's response (ECF 47) did not even attach any objections. The Court should simply

order Defendant to produce the documents, since he has not actually served an objection, and he has not attached any objections to his response.

On April 6, 2021, Plaintiff noticed Defendant's deposition for the first time. As set out in Plaintiff's Motion (ECF 44), over the next several months, Plaintiff repeatedly asked for deposition dates and re-served notices of deposition as defense counsel became non-responsive. There is no justification for a party-witness to avoid his deposition for more than a year. The Court should simply order him to appear and testify.

Plaintiff first asked the Court to intervene 10 months ago, by letter to the Court on August 24, 2021. Plaintiff's letter pointed out that even at that time, Defendant was nonresponsive and would not appear at his deposition or produce documents unless the Court ordered him to do so. Since that time, Defendant has not complied, and Defendant will not comply until the Court orders him to comply. The issues raised in Plaintiff's August 2021 letter and subsequent discovery motion are straightforward as Defendant has not even served objections to the document requests, does not attach any objections, and presents to basis to avoid his deposition.

For these reasons, the Court should enter an order setting deadlines for this case, directing Defendant to appear for his deposition, and directing Defendant to produce documents.

                              Respectfully submitted,

                               /s/ Evan L. Frank
                              Evan L. Frank, Esq.  (PA #311994)
                              Alan L. Frank Law Associates, P.C.
                              135 Old York Road
                              Jenkintown, PA 19046
                              215-935-1000/ 215-935-1110 (fax)
                              efrank@alflaw.net
                              Counsel for Plaintiff

June 10, 2022