IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AC2T, INC. *d/b/a* SPARTAN MOSQUITO | : <br> : <br> :    CIVIL ACTION <br> v.                         : <br> :    NO. 19-5946 <br> COLIN PURRINGTON         : |

**O R D E R**

**AND NOW**, this 19th day of August 2022, after a hearing with counsel on August 17, 2022, and upon consideration of the parties' Motions, as described below, it is **ORDERED** that:

1. Plaintiff's Motion to Compel Defendant's Deposition; Motion to Compel Defendant to Produce Documents (ECF No. 44) is **GRANTED**.

    a. **IT IS ORDERED** that Defendant be deposed within 20 days of the date of entry of this Order.

    b. **IT IS ORDERED** that Defendant provide the documents requested in the second set of requests for document productions. If Defendant asserts that he has previously provided the requested information, he must clearly state what responsive information has been provided and provide bates numbers to direct Plaintiff where to find that information.

2. Defendant's Motions for Sanctions and Preclusion (ECF No. 45) is **DENIED**. **IT IS ORDERED** that Defendant file a motion with the Court if he determines that documents have not been produced that Defendant <u>knows</u> exist.

3. Plaintiff's Motion to File Exhibits Under Seal (ECF No. 49) is **DENIED** as moot.

4. Plaintiff's Motion to Enter a Scheduling Order (ECF No. 52) is **GRANTED**. The Court will enter a scheduling order in the next 30 days after conferring with the parties.[1]

**IT IS SO ORDERED.**

                                              **BY THE COURT:**

                                              */s/ R. Barclay Surrick*
                                              **R. BARCLAY SURRICK, J.**

---

[1] In this defamation action, Plaintiff AC2T d/b/a Spartan Mosquito filed a Motion to Compel, Motion to File Documents Under Seal, and Motion to Enter a Scheduling Order, and Defendant Colin Purrington filed a Motion for Sanctions and Preclusion. Plaintiff is a corporation that sells mosquito control systems. Plaintiff sues Purrington for defamation in the form of his various product reviews and social media posts about Plaintiff's products. We will address each Motion in the order in which they were filed.

    First, we will grant Plaintiff's Motion to Compel Defendant's Deposition and Motion to Compel Production of Documents (ECF No. 44). Plaintiff requests that the Court compel Defendant to attend his deposition, which he has delayed for over a year, since April 2021. Defendant asserts that he has not received adequate notice of the deposition, but this claim is refuted by the emails between the parties. The deposition is ordered to occur within 20 days of the entry of this order. Plaintiff also requests that the Court compel Defendant to serve responses to Plaintiff's second set of document production requests, which were served in January of 2021. Responses were due on February 21, 2021. F.R.C.P. 34(b)(2)(A). Defendant asserts that he responded when he served his response to the first set of document production requests, which predates the document production requests at issue here. The earlier responses do not constitute a response to the later request. Moreover, any objections are waived, as Defendant has not asserted that an exception to the timeliness requirement should apply and we could find none that would be appropriate. Defendant must serve the responses and documents.

    Second, we will deny Defendant's Motion for Sanctions (ECF No. 45). Defendant requests that the Court impose sanctions on Plaintiff for refusing to provide discovery and doctoring video evidence. Defendant asserts that Plaintiff failed to comply with this Court's Order dated September 24, 2021, requiring Plaintiff to produce a variety of documents and a complete video of testing of the mosquito control system at issue. Defendant further argues that various documents are visible within the video that have not been produced. Plaintiff objects, asserting that it sent "days of video" as well as various other data. Defendant's only purported evidence of malfeasance was raised for the first time in the hearing on August 17, 2022. He asserts that he received a response to a Freedom of Information Act request on August 13, 2022, which he claims shows undisclosed communications between Plaintiff's chairman and scientists. However, Defendant never produced this evidence to the Court to review—he only referenced it

---

in oral argument—and according to him, he did not even know of it until five months after he filed his Motion for Sanctions. The Motion is without evidentiary support and will be denied.

Third, we will deny Plaintiff's Motion to File Exhibits under Seal (ECF No. 49), which Plaintiff acknowledged as moot at the hearing on August 17, 2022.

Finally, we will grant Plaintiff's Motion to Enter a Scheduling Order (ECF No. 52). The Court will enter a scheduling order in the next 30 days after conferring with the parties.