**Evan L. Frank, Esq.**
**Alan L. Frank Law Associates, P.C.**
**PA Bar No. 311994**
**135 Old York Road**
**Jenkintown, PA 19046**
**215-935-1000**
**215-935-1110 (fax)**
**efrank@alflaw.net**
**Counsel for Plaintiff**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AC2T, Inc., d/b/a Spartan Mosquito,** | : | |
| | : | Civil Action |
| **Plaintiff,** | : | Case Number: 2:19-cv-05946-RBS |
| | : | |
| v. | : | Jury Trial Demanded |
| | : | |
| **Colin Purrington,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**PLAINTIFF'S MOTION TO HOLD DEFENDANT IN CONTEMPT OF PARAGRAPH 1(b) OF ORDER AT ECF 55 FOR NOT PRODUCING DOCUMENTS OR IDENTIFYING WHERE THEY WERE ALREADY PRODUCED**

Plaintiff moves to hold Defendant in contempt of paragraph 1(b) of the Court's August 19, 2022 Order (ECF 55) for not producing documents or identifying where he has already produced them.

On March 21, 2022, Plaintiff filed a Motion to Compel Defendant to produce documents and appear for his deposition. (ECF 44). On August 17, 2022, the Court held a hearing on several discovery motions, including Plaintiff's Motion to Compel. At the hearing, the Court granted Plaintiff's Motion to Compel, directed Defendant to produce the documents requested (or identify by bates number where they were already produced), and directed Defendant to

appear for his deposition.  The Court then entered a formal Order on August 19, 2022 (ECF 55).  The Order stated in part:

> 1.      Plaintiff's Motion to Compel Defendant's Deposition; Motion to Compel Defendant to Produce Documents (ECF No. 44) is GRANTED.
>
> > a. IT IS ORDERED that Defendant be deposed within 20 days of the date of entry of this Order.
>
> > b. IT IS ORDERED that Defendant provide the documents requested in the second set of requests for document productions. If Defendant asserts that he has previously provided the requested information, he must clearly state what responsive information has been provided and provide bates numbers to direct Plaintiff where to find that information.

ECF 55, ¶ 1.  The Court explained that Defendant had waived any objection for failing to even respond to requests served back in January of 2021:  "any objections are waived, as Defendant has not asserted that an exception to the timeliness requirement should apply and we could find none that would be appropriate. Defendant must serve the responses and documents."  ECF 55, footnote 1.

Defendant did appear for his deposition on September 8, 2022.  However, Defendant has still not produced documents as required under paragraph 1(b) of the Order.

Defendant has not produced any documents since the hearing on August 17, 2022.  If Defendant contends he has already provided the documents, then "he must clearly state what responsive information has been provided and provide bates numbers to direct Plaintiff where to find that information."  Defendant has not identified any bates numbers where he claims to have already produced the documents.

Document request 15 states:

> 15. All communications you made to or received from any attorney or law firm (other than your own counsel), including without limitation to Burser & Fisher, P.A. and Yitzchak Kopel, Esq., concerning AC2T, Inc., Spartan Mosquito, Jeremy Hirsch, or the product at issue in this case.

Defendant has still not produced documents under request 15.  Defendant has still not responded to request 15.  If Defendant claims he has already produced documents under request 15, then Defendant has still not clearly stated "what responsive information has been provided and provide bates numbers to direct Plaintiff where to find that information."

Document request 16 states:

16. All communications you made to or received from the Mosquito Illness Alliance or Sharon Simms concerning AC2T, Inc., Spartan Mosquito, Jeremy Hirsch, or the product at issue in this case.

Defendant has still not produced documents under request 16.  Defendant has still not responded to request 16.  If Defendant claims he has already produced documents under request 16, then Defendant has still not clearly stated "what responsive information has been provided and provide bates numbers to direct Plaintiff where to find that information."

Document request 17 states:

17. All communications you made to or received from the Mississippi Department of Health or Wendy Varnado concerning AC2T, Inc., Spartan Mosquito, Jeremy Hirsch, or the product at issue in this case.

Defendant has still not produced documents under request 17.  Defendant has still not responded to request 17.  If Defendant claims he has already produced documents under request 17, then Defendant has still not clearly stated "what responsive information has been provided and provide bates numbers to direct Plaintiff where to find that information."

Document request 18 states:

18. All documentation reflecting whether you have received compensation from any person or entity with respect to your statements about mosquito control products.

Defendant has still not produced documents under request 18.  Defendant has still not responded to request 18.  If Defendant claims he has already produced documents under request 18, then

Defendant has still not clearly stated "what responsive information has been provided and provide bates numbers to direct Plaintiff where to find that information."

Document request 19 states:

19. All communications (including without limitation e-mails, letters, flyers or social media posts) you made to or received from any distributor, reseller or retailer of Spartan Mosquito products concerning AC2T, Inc., Spartan Mosquito, Jeremy Hirsch, or the products of Spartan Mosquito.

Defendant has still not produced documents under request 19.  Defendant has still not responded to request 19.  If Defendant claims he has already produced documents under request 19, then Defendant has still not clearly stated "what responsive information has been provided and provide bates numbers to direct Plaintiff where to find that information."

Document request 20 states:

20. Provide a list of any and all companies, corporations, trusts, individuals, relatives, or other person or entity from whom you have received compensation or consideration directly or indirectly in the last five (5) years in exchange for evaluating any pest control product or making any public statement about any pest control product or pest control company, including without limitation any payments made to you or to a trust, account, fund, entity or banking institution on your behalf along with a description of the services you provided in exchange for this compensation or consideration.

Defendant has still not produced documents under request 20.  Defendant has still not responded to request 20.  If Defendant claims he has already produced documents under request 20, then Defendant has still not clearly stated "what responsive information has been provided and provide bates numbers to direct Plaintiff where to find that information."

Here, Defendant has not complied with the Court's Order and does not appear to have even attempted to comply.  For these reasons, Plaintiff's Motion should be granted, Defendant should be held in contempt, and the Court should Order Defendant to comply or else have a

default judgment taken against him, and the Court should award reasonable attorney's fees for this Motion.

                                      Respectfully submitted,

                                      _/s/ Evan L. Frank_____
                                      Evan L. Frank, Esq.  (PA #311994)
                                      Alan L. Frank Law Associates, P.C.
                                      135 Old York Road
                                      Jenkintown, PA 19046
                                      215-935-1000/ 215-935-1110 (fax)
                                      afrank@alflaw.net
                                      Counsel for Plaintiff

October 4, 2022