## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**AC2T, Inc., d/b/a**
**Spartan Mosquito,**

              Plaintiff

   **v.**

**Colin Purrington,**

              Defendant

**Case No. 2:19-cv-5946-RBS**

### THIRD MOTION FOR SANCTIONS AND TO COMPEL

Defendant Colin Purrington petitions this Court to: 1) compel Depositions; 2) compel the production of documents in response to Defendant's Notice; 3) issue an Order extending the upcoming December discovery and all corresponding trial deadlines by at least ninety (90) days following the date of completion of the requested Depositions; and, 4) issue sanctions against Plaintiff for the failure to produce witnesses and documents and for bad faith, for the following reasons:

Defendant has been attempting to schedule the Depositions of Christopher Bonner and Jeremy Hirsch, several key witnesses of Plaintiff. *Plaintiff* suggested several dates, and volunteered that Mr. Hirsch would appear in person in Pennsylvania. [Exhibit "A" hereto] Defendant chose Nov. 18, 2022 and Nov. 22, 2022. Two Notices of Deposition were issued, and court reporting services were retained. These Notices contained Requests for Production pursuant to F.R.Civ. 34. [Exhibits "B" and "C" hereto]

Plaintiff thereafter refused to produce either Jeremy Hirsch or Christopher Bonner for their respective Depositions, for various impermissible reasons. Additionally, Plaintiff has failed to provide any response to the Requests issued pursuant to Rule 34. Some of these requests seek documents and records that Defendant has been attempting to obtain for several years through numerous motions and a stream of discovery Orders from this Court, without success. [See Exhibits "B" and "C"] Despite its

duty and long running obligations, Plaintiff has failed or refused to make additional disclosures or responses.

I.     **Depositions:**

 Hirsch – Plaintiff refused to produce Mr. Hirsch at a mutually-agreed upon format and properly Noticed deposition. Plaintiff volunteered that Mr. Hirsch would appear in person in Pennsylvania and supplied several dates. Defendant supplied a Notice of Deposition in person on a date offered by Plaintiff. Thereafter, Plaintiff stated that they would only produce Mr. Hirsch on that date "by zoom." [Exhibit "D" hereto; see also, Exhibit "F"] Defendant rejected that deviation and requested confirmation Mr. Hirsch would appear as agreed. Mr. Hirsch did not appear for the Deposition.

Bonner -  Plaintiff refused to produce Christopher Bonner at his Deposition, claiming that Mr. Bonner was not required to be produced live because he was "not an executive of AC2T, Inc." [See Exhibit "A"] Christopher Bonner, however, is Vice President of Plaintiff AC2T, Inc., as pointed out by Defendant in his response. Defendant offered to reschedule the Deposition of Mr. Bonner, but Plaintiff again refused, for the second time claiming that Christopher Bonner was "not an executive of AC2T, Inc.," and thus not required to comply with the notice and appear live. [See Exhibit "D"]

 In reply, Defendant supplied the Plaintiff's own official corporate record filed with the State of Mississippi, which lists Christopher Bonner as Vice President of AC2T, Inc. [Exhibit "E" hereto] In good faith, Defendant gave Plaintiff another chance at re-scheduling Mr. Bonner in light of the corporate records; Plaintiff retorted that regardless, it will not produce Mr. Bonner in Pennsylvania for a deposition. [Exhibit "F" hereto]

 Plaintiff has refused, or caused to not appear, Jeremy Hirsch for a mutually-agreed deposition, has failed to produce required responsive documents, further refused to produce Mr. Bonner, a material witness for a deposition, and has actively and **repeatedly supplied knowing falsehoods to Defendant in an attempt to avoid a properly noticed Deposition**.

These machinations are a direct attempt to deprive the Defendant of the proper discovery time necessary to follow up on possible leads obtained within these critical depositions, as well as increase the cost of litigation for needless time, effort, and expense to the Defendant – which is a main goal of this SLAPP action brought by the Plaintiff. These actions are highly prejudicial, are in bad faith and without basis in fact or law, and require serious and meaningful relief for the Defendant.

## II. <u>**Record Requests**</u>:

Defendant has been seeking material records relating to the alleged economic/financial damages claim of the Plaintiff since mid-2020. This Court has issued two (2) prior Orders compelling the disclosure of these records, and the Defendant has re-submitted these specific requests within his aforementioned Notices.

Throughout the three years this action has been litigated, Plaintiff has willfully flouted this Court's discovery Orders, refuses to provide documents[1] and responses to the Defendant's requests, and continues to engage is grossly prejudicial bad faith discovery practices, including spoliation.  Plaintiff has never even bothered to file a privilege log. Here, the Plaintiff filed suit claiming financial loss as a result of the statements of the Defendant, yet has failed to produce any documents supporting such claims for damages or lost profits.

Defendant has little choice but to file this instant Motion for Sanctions, as the blatant and intentional disregard for the Rules of Civil Procedure and Orders of this Court should not be rewarded with another pass, and instead must be punished with meaningful sanctions. Plaintiff has conclusively

---

1   Defendant notes that a **non-exhaustive** list of documents **not produced** include: all financial records, sales records, tax records, employee compensation records, official notices to and from the EPA and state regulators, EPA Notices of Warning, material communications with regulators and government agents, material internal communications (texts, emails, internal memoranda, Facebook messages, etc.) with employees or third parties regarding Defendant or the Eradicator, the full un-redacted "raw" video of the tests conducted, notebooks, records, logs, journals, metadata, third party testing information, third party contracts and government contracts regarding the Eradicator, contact information of third party researchers, first/third party data underlying the safety, health, and efficacy public claims of the Plaintiff, field testing or outdoor research, texts, emails and communications regarding the testing of the Eradicator, the formula, the design and prior versions of its website, communications, comments or complaints from customers or other third parties posted to the Facebook, Instagram, Amazon, etc., or documents which show any financial harm as a result of the statements made by Defendant.

demonstrated that anything less than serious, substantial, and punitive sanctions will not be effective or deter them from their continuing bad faith actions during the course of discovery.

Where material evidence is within the party's control, but not disclosed or is otherwise altered by the Plaintiff, and the claims rely upon that evidence, the Defendant suffers extreme prejudice and the appropriate measure is dismissal of the Plaintiff's action with prejudice. *See, e.g., Bull v. UPS, Inc.*, 665 F.3d 68, 73 (3rd. Cir. 2012); *Goins v. Newark Housing Authority*, No. 15-2195 (KM) 2020 WL 1244576 at *10 (D.N.J. 13, Mar 2020).

Finally, it is averred upon belief that the Plaintiff has a majority of these records, such as the internal communications, third party testing data and contracts, etc., readily available, as it is currently subject to voluminous discovery within a currently-pending Class Action filed against the Plaintiff regarding its false claims for the Eradicator. If the Plaintiff disclosed some of the aforementioned records and documents within the Class Action filed against it for its Eradicator, which is averred upon information and belief, then the failure to provide any of these documents must necessarily be in bad faith.

## III.   <u>Sanctions:</u>

The imposition of inherent power sanctions is appropriate where the offender has willfully abused judicial process or otherwise conducted litigation in bad faith. *See, e.g., In re Itel Sec. Litig*., 791 F.2d 672, 675 (9th Cir. 1986); *see also, F.R.C.P. 26, 37*. This discretionary and inherent power authorizes the Court to take any measures as determined by the Court, including the dismissal of an action with prejudice. *See, e.g., Schmid v. Milwaukee Elec. Tool Corp.,* 13 F.3d 76, 78 (3rd. Cir. 1994). Further, this power may arise from the authority granted by the Federal Rules of Civil Procedure or via state law. *See, e.g., Mensch v. Bic Corp.*, 1992 WL 236965; *Shultz v. Barko Hydraulics, Inc.*, 832 F.Supp. 142, 146 (W.D. Pa. 1993) (where the facts surrounding spoliation are sufficiently clear, dismissal is appropriate).

A party who has disobeyed an Order by the Court to provide evidence via willful refusal, bad faith, or fault, is subject to the dismissal of the action or a rendering of judgment by default. *See, e.g.*, *Societe Internationale v. Rogers*, 357 U.S. 197, 212 (1958); *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642-43 (1976) (after a finding of bad faith, the dismissal of the action is appropriate sanction for the failure to comply with a discovery order of the Court).

Where material evidence is within the party's control, but not disclosed or is otherwise altered by the Plaintiff, and the claims rely upon that evidence, the Defendant suffers extreme prejudice and the appropriate measure is dismissal of the Plaintiff's action with prejudice. *See, e.g., Bull v. UPS, Inc.*, *supra*, 665 F.3d at 73; *Goins v. Newark Housing Authority*, *supra*, 2020 WL 1244576 at *10 (D.N.J. 13, Mar 2020).

Spoliation of evidence occurs where evidence is destroyed or altered, not produced, or when a party fails to preserve evidence in instances where litigation is pending or reasonably foreseeable. B*rewer v. Quaker State Oil Refining Corp.,* 72 F.3d 326, 334 (3rd. Cir. 1994); *Bull v. UPS, Inc., supra*, 665 F.3d at 73 (nonproduction of evidence is rightfully characterized as spoliation); *see also, e.g., Micron Technology Inc. v. Rambus Inc.,* 645 F.3d 1311, 1320 (Fed. Cir. 2011); *AMG Nat'l Trust Bank v. Ries,* Nos. 06-4339, 09-3061, 2011 WL 3099629 at *4 (E.D. Pa. July 22, 2011).

Additionally, 28 U.S.C. Section 1927 authorizes this Court to impose monetary sanctions upon the law firm and the party for attorney's fees, expenses, and the like, for conduct that is inappropriate and/or unethical. *See* 28 U.S.C. Section 1927; S*tate Indus. V. Mor-Flo Indus.*, 948 F.2d 1573 (Fed. Cir. 1991) (Section 1927 applies to all cases "in any court of the United States, including the courts of appeals."). Fed. R.C.P. 1, 26, and 37 authorize this Court to impose sanctions upon a party and its lawyer(s) for improper discovery and for violations of the Rules of Civil Procedure or for the Local Rules or norms of this Court. *See, e.g., Fed. R.C.P. 1, 26 & 37;  28 U.S.C. Section 1927.*

**IV.**    **Relief Requested:**

As a result of the willful and extremely prejudicial actions of the Plaintiff, which has continued through three (3) years of this litigation and which continue unabated despite numerous prior Orders of this Court and repeated demands of the Defendant for documents and things, the Plaintiff must be issued serious and punitive sanctions, including the following:

1.    The Discovery deadline should be pushed back until at least ninety (90) days from the date of the conclusion of the depositions and production of the requested documents demanded;

2.    Christopher Bonner must be required to appear in person for his deposition at the time and place noticed hereafter by Defendant;

3.    Jeremy Hirsch must be required to appear in person for his deposition at the time and place noticed hereafter by Defendant;

4.    Plaintiff must be precluded from introducing into evidence at trial, any and all documents (including sales records, employee pay stubs, and the like) allegedly showing a "financial loss" for damages to the Plaintiff;

5.    Plaintiff's claim for "Commercial Disparagement" must be dismissed, with prejudice, pursuant to *Societe Internationale, Supra, 357 U.S. at 212* and *Metropolitan Hockey Club, Inc., Supra, 427 U.S. at 642-43* and Rule 37;

6.    Plaintiff must be required to produce all responsive documents, other than those listed in No. 4 above, that were either subject to the prior discovery Orders or the Notices of Deposition, within thirty (30) days, or the entire case shall be dismissed with prejudice; and,

7.    Defendant should be awarded costs and expenses, including attorneys fees and punitive damages, for the willful and bad faith refusal to produce material witnesses and documents in violation of the Rules of Civil Procedure and pursuant to 28 U.S.C. Section 1927.

Respectfully submitted,

_____

**TREVOR C. SERINE, ESQUIRE**
PA ATTORNEY ID NO.: 316805
SERINE LAW
30 WEST THIRD STREET
MEDIA, PA 19063
P: 4844486426
TCS@SERINELAW.COM

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AC2T, Inc., d/b/a** **Spartan Mosquito,** **Plaintiff** **v.** **Colin Purrington,** **Defendant** | **Case No. 2:19-cv-5946-RBS** |

## CERTIFICATE OF SERVICE AND ATTEMPT TO RESOLVE

I, Trevor C. Serine, Esquire, attorney for Defendant Colin Purrington, hereby certify that I served a true and correct copy of the Motion upon the following parties in the manner indicated on 12/8/2022. I further certify that I have attempted to resolve this issue with opposing counsel, without success.

**VIA ELECTRONIC FILING NOTICE**
AC2T, Inc., d/b/a
Spartan Mosquito
c/o Evan L. Frank, Esquire
Alan L. Frank Law Associates, P.C
135 Old York Road
Jenkintown, PA 19046
efrank@alflaw.net

By: _____
    **Trevor C. Serine, Esquire**
    Serine Law
    30 West Third Street, First Floor
    Media, PA 19063
    484-448-6426
    TCS@SERINELAW.COM

# EXHIBIT "A"

**Subject:** Depositions
**From:** Evan Frank <EFrank@alflaw.net>
**Date:** 11/9/2022, 3:04 AM
**To:** "TCS@serinelaw.com" <TCS@Serinelaw.com>


We're not available the days you noticed for the depositions of Mr. Hirsch and Mr. Bonner.  However, we would like to schedule them either next week (Nov. 14-18) or the three days before Thanksgiving (Nov. 21-23).  Can you please let me know when you are available in those two weeks, and then I will confirm with the witnesses and get these scheduled.
Additionally, you can depose Mr. Hirsch in PA.  However, Mr. Bonner is not an officer or director of the company and therefore cannot be required to travel for his deposition.

Evan L. Frank, Esquire
Alan L. Frank Law Associates, P. C.
135 Old York Road
Jenkintown, PA 19046
215.935.1000 – Office
215.935.1110 – Fax
efrank@alflaw.net
Come visit us at Alflaw.net

ATTENTION:

IRS CIRCULAR 230 DISCLOSURE:
Pursuant to Treasury Regulations, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used or relied upon by you or any other person, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any tax advice addressed herein.
-----------------------------------------------
This e-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Individual(s) named above. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering this to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify us by telephone at (215)935-1000 or notify us by e-mail at afrank@alflaw.net

# EXHIBIT "B"

Trevor C. Serine, Esquire
Attorney I.D. No.: 316805
Serine Law
30 West Third Street
Media, Pennsylvania 19063
P: 484.448.6426
TCS@Serinelaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

AC2T, Inc., d/b/a
Spartan Mosquito,                              Case No. 2:19-cv-5946-RBS
       Plaintiff                         Civil Action
    v.

Colin Purrington,
       Defendant

### NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30 AND 34

TO:   **JEREMY HIRSCH**
       **c/o Evan Frank, Esquire**
       **Alan L. Frank Law Associates, P.C.**
       **135 Old York Road**
       **Jenkintown, PA 19046**

**PLEASE TAKE NOTICE**, that the Oral Deposition of Jeremy Hirsch has been scheduled for

**November 23, 2022 @ 10:30 A.M.,** at 30 West Third Street, Media, PA 19063 in accord with the Rules

of Federal Civil Procedure, before a Notary Public, or some other person authorized by law to

administer oaths. This office will secure the court reporter.

Pursuant to Fed. R. Civ. P. 30 and 34 as well as pursuant to the prior Order of this Court, you are

required to produce the following documents and tangible things at the deposition:

1) All contracts and employment/independent agreements, with any person, scientist, company, joint

venture, agency, government entity, private laboratory, or the like, related to the testing, efficacy,

1

quality control, deployment for field studies, and the like, for the Spartan Eradicator from the date of inception (approximately 2014) until discontinuance (approximately 2020);

2) All text messages, emails, correspondences, facebook messages, twitter direct messages, social media messages, (Instagram, SnapChat, Twitter, WeChat, Telegram, etc.), complaints, or the like, between Hirsch and any and all customers of the Spartan Eradicator or regarding the Spartan Eradicator;

3) All text messages, emails, correspondences, facebook messages, twitter direct messages, social media messages, (Instagram, SnapChat, Twitter, WeChat, Telegram, etc.), complaints, or the like, that have been **deleted, hidden, removed, or the like**, between Hirsch or Plaintiff AC2T, Inc. d/b/a Spartan and any and all customers of the Spartan Eradicator or regarding the Spartan Eradicator;

4) All text messages, emails, correspondences, facebook messages, twitter direct messages, social media messages, (Instagram, SnapChat, Twitter, WeChat, Telegram, etc.), complaints, or the like, between Hirsch and any other employee, agent, contractor, investigator, or the like, of Plaintiff AC2T, Inc. d/b/a Spartan Mosquito regarding Defendant Colin Purrington;

5) All text messages, emails, correspondences, facebook messages, twitter direct messages, social media messages, (Instagram, SnapChat, Twitter, WeChat, Telegram, etc.), complaints, or the like, between Hirsch and any scientific organization (NGOs, Non-profits, educational facilities or professors or employees thereof, etc.), scientists, researchers, private contractors, government agents or regulators, or the like regarding the Spartan Eradicator;

6) All text messages, emails, correspondences, facebook messages, twitter direct messages, social media messages, (Instagram, SnapChat, Twitter, WeChat, Telegram, etc.), complaints, or the like, between Hirsch and any scientific organization (NGOs, Non-profits, educational facilities or professors or employees thereof, etc.), scientists, researchers, private contractors, government agents or regulators, or the like regarding Defendant Colin Purrington;

2

7) All text messages, emails, correspondences, facebook messages, twitter direct messages, social media messages, (Instagram, SnapChat, Twitter, WeChat, Telegram, etc.), written communications of any kind, complaints, or the like, between Hirsch and Dr. Don Yee, from 2014 through the present;

8) All text messages, emails, correspondences, facebook messages, twitter direct messages, social media messages, (Instagram, SnapChat, Twitter, WeChat, Telegram, etc.), written communications of any kind, complaints, or the like, between Hirsch and Dr. Janet Donaldson, from 2014 through the present, regarding the Spartan Eradicator or Defendant Colin Purrington;

9) All text messages, emails, correspondences, facebook messages, twitter direct messages, social media messages, (Instagram, SnapChat, Twitter, WeChat, Telegram, etc.), written communications of any kind, complaints, or the like, between Hirsch and any and all employees, agents, contractors, or the like of Gunster Strategies Worldwide, from 2014 through the present, regarding the Spartan Eradicator or Defendant Colin Purrington;

10) All text messages, emails, correspondences, facebook messages, twitter direct messages, social media messages, (Instagram, SnapChat, Twitter, WeChat, Telegram, etc.), written communications of any kind, complaints, or the like, between Hirsch and former Miss. Gov. Phil Bryant, from 2014 through the present, regarding the Spartan Eradicator or Defendant Colin Purrington;

11) All text messages, emails, correspondences, facebook messages, twitter direct messages, social media messages, (Instagram, SnapChat, Twitter, WeChat, Telegram, etc.), written communications of any kind, complaints, or the like, between Hirsch and Cyndi Hyde Smith, from 2014 through the present, regarding the Spartan Eradicator or Defendant Colin Purrington;

12) All contracts, documents, invoices, payments, insurance policy, and correspondences (text messages, emails, written communications, facebook/twitter/instagram messages, We Chat, Telegram, etc.) related to the $500,000 challenge issued by Plaintiff regarding the Eradicator and whether the holes are of sufficient size for the target mosquitoes;

3

13) All contracts, documents, and correspondences (text messages, emails, written communications, facebook/twitter/instagram messages, We Chat, Telegram, etc.) between Hirsch and any and all employees, agents, contractors, or the like, of Lights On Distributors related to the Eradicator being pulled from Amazon – some of which are referenced within the action AC2T, Inc. v. Lights On Distributors;

14) All text messages, emails, correspondences, facebook messages, twitter direct messages, social media messages, (Instagram, SnapChat, Twitter, WeChat, Telegram, etc.), written communications of any kind, complaints, or the like, between Hirsch and all employees, agents, contractors, or the like of Lights On Distributors,  regarding the Spartan Eradicator or Defendant Colin Purrington;

15) All documents and correspondences from Hirsch or Plaintiff AC2T Inc. d/b/a Spartan Mosquito related to its claim that Lights On "prevented Spartan from monitoring the sales... on Amazon" or led to "the introduction of counterfeits," or have "adversely impacted the sales of Spartan products" as well as any and all documents, contracts, or correspondences regarding the Spartan Eradicator or Defendant Colin Purrington;

16) All documents, internal memoranda, emails, text/slack/telegram/wechat messages, communications, and correspondences regarding the cessation of production of the Eradicator and/or demonstrating that production of the Eradicator was voluntarily ceased in 2020; and,

17) All non-privileged documents, internal memoranda, emails, text/slack/telegram/wechat messages, communications, investigative materials, and correspondences from Hirsch or any employee of Plaintiff AC2T Inc. d/b/a Spartan Mosquito regarding Defendant Colin Purrington or his wife.

4

Respectfully submitted,

Date: November 15, 2022

By:   _____

**Trevor C. Serine, Esquire**
Serine Law
30 West Third Street, First Floor
Media, PA 19063
484-448-6426
TCS@Serinelaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AC2T, Inc., d/b/a** **Spartan Mosquito,** **Plaintiff** **v.** **Colin Purrington,** **Defendant** | **Case No. 2:19-cv-5946-RBS** |

<u>**CERTIFICATE OF SERVICE**</u>

I, Trevor C. Serine, Esquire, attorney for Colin Purrington, hereby certify that I served a true and correct copy of the Notice of Deposition upon the following parties in the manner indicated on 11/15/2022.

**VIA ELECTRONIC FILING AND/OR EMAIL NOTICE**
Jeremy Hirsch
AC2T, Inc., d/b/a
Spartan Mosquito
c/o Evan L. Frank, Esquire
Alan L. Frank Law Associates, P.C
135 Old York Road
Jenkintown, PA 19046
efrank@alflaw.net

By: _____

**Trevor C. Serine, Esquire**
Serine Law
30 West Third Street, First Floor
Media, PA 19063
484-448-6426
TCS@Serinelaw.com

6

# EXHIBIT "C"

Trevor C. Serine, Esquire
Attorney I.D. No.: 316805
Serine Law
30 West Third Street
Media, Pennsylvania 19063
P: 484.448.6426
TCS@Serinelaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AC2T, Inc., d/b/a | |
| Spartan Mosquito, | Case No. 2:19-cv-5946-RBS |
| **Plaintiff** | Civil Action |
| v. | |
| Colin Purrington, | |
| **Defendant** | |

### NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30 AND 34

TO:   **CHRISTOPHER BONNER**
**c/o Evan Frank, Esquire**
**Alan L. Frank Law Associates, P.C.**
**135 Old York Road**
**Jenkintown, PA 19046**

**PLEASE TAKE NOTICE**, that the Oral Deposition of Christopher Bonner has been scheduled

for **November 18, 2022 @ 10:30 A.M.,** at 30 West Third Street, Media, PA 19063 in accord with the

Rules of Federal Civil Procedure, before a Notary Public, or some other person authorized by law to

administer oaths. This office will secure the court reporter.

Pursuant to Fed. R. Civ. P. 30 and 34 as well as pursuant to the prior Order of this Court, you are

required to produce the following documents and tangible things at the deposition:

1) All contracts and employment/independent agreements, or the like, in your possession or control,

with any person, scientist, company, joint venture, agency, government entity, private laboratory, or the

1

like, related to the testing, efficacy, quality control, deployment for field studies, etc., for the Spartan Eradicator from the date of inception (approximately 2014) until discontinuance (approximately 2020);

2) All text messages, emails, correspondences, facebook messages, twitter direct messages, social media messages, (Instagram, SnapChat, Twitter, WeChat, Telegram, etc.), complaints, or the like, between you and any and all customers of the Spartan Eradicator or regarding the Spartan Eradicator;

3) All text messages, emails, correspondences, facebook messages, twitter direct messages, social media messages, (Instagram, SnapChat, Twitter, WeChat, Telegram, etc.), complaints, or the like, between you and any other employee, agent, contractor, investigator, or the like, of Plaintiff AC2T, Inc. d/b/a Spartan Mosquito regarding Defendant Colin Purrington;

4) All text messages, emails, correspondences, facebook messages, twitter direct messages, social media messages, (Instagram, SnapChat, Twitter, WeChat, Telegram, etc.), complaints, or the like, between you and any scientific organization (NGOs, Non-profits, educational facilities or professors or employees thereof, etc.), scientists, researchers, private contractors, government agents or regulators, or the like regarding the Spartan Eradicator or Defendant Colin Purrington;

5) All documents, internal memoranda, emails, text/slack/telegram/wechat messages, communications, and correspondences regarding the cessation of production of the Eradicator and/or demonstrating that production of the Eradicator was voluntarily ceased in 2020; and,

6) all reports, invoices, testing records, field test logs, notebooks, journals, lab logs, handwritten notes, audio messages, recordings, video, photographs, electronic records, memoranda, emails, communications, facebook messages, twitter direct messages, social media messages, (Instagram, SnapChat, Twitter, WeChat, Telegram, Slack, etc.), professional papers, white papers, that you authored or submitted to any other employee, contractor, agent, or affiliate of AC2T Inc. d/b/a Spartan Mosquito, or government entity, agency, or regulator, regarding the Eradicator, the testing or efficacy of the Eradicator, or Defendant Colin Purrington;

Respectfully submitted,

Date: November 15, 2022

By: _____

**Trevor C. Serine, Esquire**
Serine Law
30 West Third Street, First Floor
Media, PA 19063
484-448-6426
TCS@Serinelaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AC2T, Inc., d/b/a** **Spartan Mosquito,** **Plaintiff** **v.** **Colin Purrington,** **Defendant** | **Case No. 2:19-cv-5946-RBS** |

<u>**CERTIFICATE OF SERVICE**</u>

I, Trevor C. Serine, Esquire, attorney for Colin Purrington, hereby certify that I served a true and correct copy of the Notice of Deposition upon the following parties in the manner indicated on 11/15/2022.

**VIA ELECTRONIC FILING AND/OR EMAIL NOTICE**
Christopher Bonner
AC2T, Inc., d/b/a
Spartan Mosquito
c/o Evan L. Frank, Esquire
Alan L. Frank Law Associates, P.C
135 Old York Road
Jenkintown, PA 19046
efrank@alflaw.net

By:   _____

**Trevor C. Serine, Esquire**
Serine Law
30 West Third Street, First Floor
Media, PA 19063
484-448-6426
TCS@Serinelaw.com

4

# EXHIBIT "D"

**Subject:** RE: Depositions
**From:** Evan Frank <EFrank@alflaw.net>
**Date:** 11/15/2022, 8:19 PM
**To:** "Trevor C. Serine, Esq." <TCS@Serinelaw.com>

If you want Mr. Hirsch the day before Thanksgiving, then you have to do it on zoom.  If you want him in person in PA, then you have to do it on a different day.  However, we're not bringing Mr. Bonner to PA.  And this document you sent me isn't a "public record".

---

**From:** Trevor C. Serine, Esq. <TCS@Serinelaw.com>
**Sent:** Tuesday, November 15, 2022 2:58 PM
**To:** Evan Frank <EFrank@alflaw.net>
**Subject:** Re: Depositions

Chris Bonner is listed on public records as the Vice President of the company. Attached is the public record, which shows that he is the Vice President. You have supplied zero evidence for the fact that Chris Bonner is not a shareholder, executive, or director.

He will be deposed, in person on the 18th, as permitted by the Federal Rules, or we will seek sanctions for the provision of demonstrably false information and his refusal to appear.

Thanks,

On 11/15/2022 7:46 PM, Evan Frank wrote:

> We're not bringing Chris Bonner to Pennsylvania.  See my email below:  "… However, Mr. Bonner is not an officer or director of the company and therefore cannot be required to travel for his deposition." Do you still want Mr. Hirsch on the 23rd?

> ---

> **From:** Trevor C. Serine, Esq. <TCS@Serinelaw.com>
> **Sent:** Tuesday, November 15, 2022 2:33 PM
> **To:** Evan Frank <EFrank@alflaw.net>
> **Subject:** Re: Depositions

> Evan:

> See attached Notices of Deps for Mr. Bonner on the 18th, and Mr. Hirsch on the 23rd. A Court reporter is scheduled for the 18th and reserved for the 23rd. This is a change than what we were discussing yesterday, but it is within your suggested dates.

> We want to take the deposition of Mr. Bonner prior to deposing Mr. Hirsch, in the event that there is information obtained from Mr. Bonner that is relevant to Mr. Hirsch's dep.

> Thanks,

On 11/14/2022 9:35 PM, Trevor C. Serine, Esq. wrote:

Ok - left a message with the court reporting service. Assuming they are available (I should know by tomorrow morning but I don't have any reason to think they aren't), we can go forward with the 18th with Mr. Hirsch.

Thanks

On 11/14/2022 9:21 PM, Evan Frank wrote:

The 18th is good for Mr. Hirsch.  Please confirm ASAP so he can book a ticket.

**From:** Trevor C. Serine, Esq. <TCS@Serinelaw.com>
**Sent:** Monday, November 14, 2022 3:55 PM
**To:** Evan Frank <EFrank@alflaw.net>
**Subject:** Re: Depositions


I am only available on the 18th and on the 23rd.

Thanks

On 11/9/2022 3:04 AM, Evan Frank wrote:

We're not available the days you noticed for the depositions of Mr. Hirsch and Mr. Bonner.  However, we would like to schedule them either next week (Nov. 14-18) or the three days before Thanksgiving (Nov. 21-23).  Can you please let me know when you are available in those two weeks, and then I will confirm with the witnesses and get these scheduled.
Additionally, you can depose Mr. Hirsch in PA.  However, Mr. Bonner is not an officer or director of the company and therefore cannot be required to travel for his deposition.

Evan L. Frank, Esquire
Alan L. Frank Law Associates, P. C.
135 Old York Road
Jenkintown, PA 19046
215.935.1000 – Office
215.935.1110 – Fax
efrank@alflaw.net
Come visit us at Alflaw.net

ATTENTION:

IRS CIRCULAR 230 DISCLOSURE:
Pursuant to Treasury Regulations, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used or relied upon by you or any other person, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any tax advice addressed herein.
-----------------------------------------------
This e-mail contains PRIVILEGED AND CONFIDENTIAL

INFORMATION intended only for the use of the Individual(s)
named above. If you are not the intended recipient of this e-mail,
or the employee or agent responsible for delivering this to the
intended recipient, you are hereby notified that
any dissemination or copying of this e-mail is strictly prohibited. If
you have received this e-mail in error, please immediately notify
us by telephone at (215)935-1000 or notify us by e-mail at
afrank@alflaw.net

```
--
Trevor C. Serine, Esq.
Serine Law
30 West Third Street
Media, PA 19063
Direct (Office): 4844486426
Mobile/Signal: 4842694088
Fax: 6108927412
Serinelaw.com


This e-mail, along with any files transmitted with it, is intended solely
No part of this correspondence constitutes tax advice under IRS regulation
--
Trevor C. Serine, Esq.
Serine Law
30 West Third Street
Media, PA 19063
Direct (Office): 4844486426
Mobile/Signal: 4842694088
Fax: 6108927412
Serinelaw.com


This e-mail, along with any files transmitted with it, is intended solely for t
No part of this correspondence constitutes tax advice under IRS regulations unl
--
Trevor C. Serine, Esq.
Serine Law
30 West Third Street
Media, PA 19063
Direct (Office): 4844486426
Mobile/Signal: 4842694088
Fax: 6108927412
Serinelaw.com


This e-mail, along with any files transmitted with it, is intended solely for the in
No part of this correspondence constitutes tax advice under IRS regulations unless s
--
Trevor C. Serine, Esq.
Serine Law
30 West Third Street
Media, PA 19063
Direct (Office): 4844486426
Mobile/Signal: 4842694088
Fax: 6108927412
Serinelaw.com


This e-mail, along with any files transmitted with it, is intended solely for the individ
```

No part of this correspondence constitutes tax advice under IRS regulations unless specif

Exhibit   "E"

**Subject:** Re: Depositions
**From:** "Trevor C. Serine, Esq." <TCS@Serinelaw.com>
**Date:** 11/15/2022, 8:40 PM
**To:** Evan Frank <EFrank@alflaw.net>
**BCC:** Colin Purrington <colin.purrington@gmail.com>

You have now repeated this lie, for the third time, and yet failed to offer even a good faith scintilla of proof of same.

And now, you somehow dispute public records... it is public record that Chris Bonner is the Vice President. Attached is the literal current registration from the State of Mississippi showing unequivocally that he is Vice President.

Your statements are pure <u>bad faith</u>.

You will bring Christopher Bonner, VP of AC2T Inc., to be deposed in PA or we will seek sanctions for the knowing, repeated bad faith actions regarding his deposition and his failure to appear. He has been supplied Notice for a date, the 18th, you offered.

Regarding Mr. Hirsch, the 23rd *was offered by your client,* and accepted by the Defendant. If he didn't want to do the day before thanksgiving, then he should not have offered that date. Mr. Hirsch is on Notice. You acknowledged and agreed that he will be deposed in PA, live.

I'd prefer to resolve this without filing a Motion, but if you are going to maintain that Mr. Bonner is not a corporate executive despite proof to the contrary, not to mention the gamesmanship with the deposition of Mr. Hirsch, you leave us little choice but to seek relief from the Court.

Thanks,


On 11/15/2022 8:19 PM, Evan Frank wrote:

> If you want Mr. Hirsch the day before Thanksgiving, then you have to do it on zoom.  If you want him in person in PA, then you have to do it on a different day.  However, we're not bringing Mr. Bonner to PA.  And this document you sent me isn't a "public record".
>
> ---
>
> **From:** Trevor C. Serine, Esq. <TCS@Serinelaw.com>
> **Sent:** Tuesday, November 15, 2022 2:58 PM
> **To:** Evan Frank <EFrank@alflaw.net>
> **Subject:** Re: Depositions
>
>
> Chris Bonner is listed on public records as the Vice President of the company. Attached is the public record, which shows that he is the Vice President. You have supplied zero evidence for the fact that Chris Bonner is not a shareholder, executive, or director.
>
> He will be deposed, in person on the 18th, as permitted by the Federal Rules, or we will seek

sanctions for the provision of demonstrably false information and his refusal to appear.

Thanks,


On 11/15/2022 7:46 PM, Evan Frank wrote:

> We're not bringing Chris Bonner to Pennsylvania.  See my email below:  "... However, Mr. Bonner is not an officer or director of the company and therefore cannot be required to travel for his deposition."
> Do you still want Mr. Hirsch on the 23rd?

> **From:** Trevor C. Serine, Esq. <TCS@Serinelaw.com>
> **Sent:** Tuesday, November 15, 2022 2:33 PM
> **To:** Evan Frank <EFrank@alflaw.net>
> **Subject:** Re: Depositions
>
>
> Evan:
>
> See attached Notices of Deps for Mr. Bonner on the 18th, and Mr. Hirsch on the 23rd. A Court reporter is scheduled for the 18th and reserved for the 23rd. This is a change than what we were discussing yesterday, but it is within your suggested dates.
>
> We want to take the deposition of Mr. Bonner prior to deposing Mr. Hirsch, in the event that there is information obtained from Mr. Bonner that is relevant to Mr. Hirsch's dep.
>
> Thanks,
>
>
> On 11/14/2022 9:35 PM, Trevor C. Serine, Esq. wrote:
>
>> Ok - left a message with the court reporting service. Assuming they are available (I should know by tomorrow morning but I don't have any reason to think they aren't), we can go forward with the 18th with Mr. Hirsch.
>>
>> Thanks
>>
>> On 11/14/2022 9:21 PM, Evan Frank wrote:
>>
>>> The 18th is good for Mr. Hirsch.  Please confirm ASAP so he can book a ticket.

>>> **From:** Trevor C. Serine, Esq. <TCS@Serinelaw.com>
>>> **Sent:** Monday, November 14, 2022 3:55 PM
>>> **To:** Evan Frank <EFrank@alflaw.net>
>>> **Subject:** Re: Depositions
>>>
>>>
>>> I am only available on the 18th and on the 23rd.

Thanks

On 11/9/2022 3:04 AM, Evan Frank wrote:

> We're not available the days you noticed for the depositions
> of Mr. Hirsch and Mr. Bonner.  However, we would like to
> schedule them either next week (Nov. 14-18) or the three
> days before Thanksgiving (Nov. 21-23).  Can you please let me
> know when you are available in those two weeks, and then I
> will confirm with the witnesses and get these scheduled.
> Additionally, you can depose Mr. Hirsch in PA.  However, Mr.
> Bonner is not an officer or director of the company and
> therefore cannot be required to travel for his deposition.
>
> Evan L. Frank, Esquire
> Alan L. Frank Law Associates, P. C.
> 135 Old York Road
> Jenkintown, PA 19046
> 215.935.1000 – Office
> 215.935.1110 – Fax
> efrank@alflaw.net
> Come visit us at Alflaw.net
>
> ATTENTION:
>
> IRS CIRCULAR 230 DISCLOSURE:
> Pursuant to Treasury Regulations, any tax advice contained
> in this communication (including any attachments) is not
> intended or written to be used, and cannot be used or relied
> upon by you or any other person, for the purpose of (i)
> avoiding penalties under the Internal Revenue Code, or
> (ii) promoting, marketing or recommending to another party
> any tax advice addressed herein.
> ---------------------------------------------
> This e-mail contains PRIVILEGED AND CONFIDENTIAL
> INFORMATION intended only for the use of the Individual(s)
> named above. If you are not the intended recipient of this
> e-mail, or the employee or agent responsible for delivering
> this to the intended recipient, you are hereby notified that
> any dissemination or copying of this e-mail is strictly
> prohibited. If you have received this e-mail in error, please
> immediately notify us by telephone at (215)935-1000 or notify
> us by e-mail at afrank@alflaw.net

```
--
Trevor C. Serine, Esq.
Serine Law
30 West Third Street
Media, PA 19063
Direct (Office): 4844486426
Mobile/Signal: 4842694088
Fax: 6108927412
Serinelaw.com


This e-mail, along with any files transmitted with it, is intended solely
No part of this correspondence constitutes tax advice under IRS regulatic
--
```

Trevor C. Serine, Esq.
Serine Law
30 West Third Street
Media, PA 19063
Direct (Office): 4844486426
Mobile/Signal: 4842694088
Fax: 6108927412
Serinelaw.com


This e-mail, along with any files transmitted with it, is intended solely for
No part of this correspondence constitutes tax advice under IRS regulations un

--
Trevor C. Serine, Esq.
Serine Law
30 West Third Street
Media, PA 19063
Direct (Office): 4844486426
Mobile/Signal: 4842694088
Fax: 6108927412
Serinelaw.com


This e-mail, along with any files transmitted with it, is intended solely for the i
No part of this correspondence constitutes tax advice under IRS regulations unless

--
Trevor C. Serine, Esq.
Serine Law
30 West Third Street
Media, PA 19063
Direct (Office): 4844486426
Mobile/Signal: 4842694088
Fax: 6108927412
Serinelaw.com


This e-mail, along with any files transmitted with it, is intended solely for the indivi
No part of this correspondence constitutes tax advice under IRS regulations unless speci

--
Trevor C. Serine, Esq.
Serine Law
30 West Third Street
Media, PA 19063
Direct (Office): 4844486426
Mobile/Signal: 4842694088
Fax: 6108927412
Serinelaw.com


This e-mail, along with any files transmitted with it, is intended solely for the individ
No part of this correspondence constitutes tax advice under IRS regulations unless specif

Attachments:

MS-AC2T official record.pdf                                                  123 KB



## This is not an official certificate of good standing.

### Name History

| Name | Name Type |
|------|-----------|
| AC2T, Inc. | Legal |
| Spartan Mosquito | Fictitious Name |
| Spartan Mosquito Eradicator | Fictitious Name |

### Business Information

| | |
|---|---|
| **Business Type:** | Profit Corporation |
| **Business ID:** | 1099200 |
| **Status:** | Good Standing |
| **Effective Date:** | 08/15/2016 |
| **State of Incorporation:** | Mississippi |
| **Principal Office Address:** | 8 Nemo Clark Drive<br>Laurel,  MS 39443 |

### Registered Agent

**Name**

Joshua  A.  Mars  Esq
110 Sheffield Loop
Hattiesburg,  MS 39402

### Officers & Directors

| Name | Title |
|------|-------|
| Joshua  A.  Mars  Esq<br>110 Sheffield Loop<br>Hattiesburg,  MS 39402 | Incorporator |
| Brett  Conerly<br>P.O. Box 18556<br>Hattiesburg,  MS 39404 | President |
| Christopher  Bonner<br>P.O. Box 18556<br>Hattiesburg,  MS 39404 | Vice President |
| Lady  Tatum  Hood<br>P.O. Box 18556<br>Hattiesburg,  MS 39404 | Treasurer |

Karen  L.  Bonner
P.O. Box 18556
Hattiesburg,  MS 39404                    Secretary


Christopher  Spence
P.O. Box 18556
Hattiesburg,  MS 39404                    Chief Executive Officer

Exhibit   "F"

**Subject:** RE: Deposition 11-18-22
**From:** Evan Frank <EFrank@alflaw.net>
**Date:** 11/17/2022, 3:58 PM
**To:** "Trevor C. Serine, Esq." <TCS@Serinelaw.com>

My answer is the same as before:  If you want Mr. Hirsch the day before Thanksgiving, then you have to do it on zoom.  If you want him in person in PA, then you have to do it on a different day.  However, we're not bringing Mr. Bonner to PA.

---

**From:** Trevor C. Serine, Esq. <TCS@Serinelaw.com>
**Sent:** Thursday, November 17, 2022 8:33 AM
**To:** Evan Frank <EFrank@alflaw.net>
**Subject:** Deposition 11-18-22

Good morning Evan:

Kindly confirm the attendance of your client at the deposition scheduled for 11/18/22 by 11:00 am today or the deposition will be canceled for non-compliance and to avoid the no-show/cancellation fee from the reporter.

Thanks,

```
--
Trevor C. Serine, Esq.
Serine Law
30 West Third Street
Media, PA 19063
Direct (Office): 4844486426
Mobile/Signal: 4842694088
Fax: 6108927412
Serinelaw.com


This e-mail, along with any files transmitted with it, is intended solely for the individ
No part of this correspondence constitutes tax advice under IRS regulations unless specif
```