**Evan L. Frank, Esq.**
**Alan L. Frank Law Associates, P.C.**
**PA Bar No. 311994**
**135 Old York Road**
**Jenkintown, PA 19046**
**215-935-1000**
**215-935-1110 (fax)**
**efrank@alflaw.net**
**Counsel for Plaintiff**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AC2T, Inc., d/b/a Spartan Mosquito,** | : | |
| | : | **Civil Action** |
| **Plaintiff,** | : | **Case Number: 2:19-cv-05946-RBS** |
| | : | |
| v. | : | **Jury Trial Demanded** |
| | : | |
| **Colin Purrington,** | : | |
| | : | |
| **Defendant.** | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S THIRD MOTION FOR SANCTIONS**

The Court should deny Defendant's third motion for sanctions, as the Court already denied Defendant's first motion for sanctions at ECF 36 and denied Defendant's second motion for sanctions at ECF 55. The allegations in Defendant's new motion are false, which is shown by the correspondence attached (Ex. A). Plaintiff repeatedly offered depositions of both witnesses, and Plaintiff repeatedly offered to have the Chairman of the company (Mr. Hirsch) travel from Hattiesburg, Mississippi to defense counsel's office in Media, Pennsylvania for his deposition:

- "The 18th [of November] is good for Mr. Hirsch. Please confirm ASAP so he can book a ticket." *E-mail, Nov. 14, 2022 (Ex. A).*

- "Reaching out again regarding below. We are still willing to have Mr. Hirsch come to PA for a deposition. If that is what you want then please give me some

- dates when you are available.  If you want to depose Mr. Bonner on zoom or near his place of business, you can also do so." *E-mail, Nov. 28, 2022 (Ex. A).*

- "We're not available the days you noticed for the depositions of Mr. Hirsch and Mr. Bonner.  However, we would like to schedule them either next week (Nov. 14-18) or the three days before Thanksgiving (Nov. 21-23).  Can you please let me know when you are available in those two weeks, and then I will confirm with the witnesses and get these scheduled.
  Additionally, you can depose Mr. Hirsch in PA.  However, Mr. Bonner is not an officer or director of the company and therefore cannot be required to travel for his deposition." *E-mail, Nov. 9, 2022 (Ex A).*

- "If you want Mr. Hirsch the day before Thanksgiving, then you have to do it on zoom.  If you want him in person in PA, then you have to do it on a different day.  However, we're not bringing Mr. Bonner to PA. …" *E-mail, Nov. 15, 2022 (Ex. A).*

However, defense counsel demanded that the Chairman of the company be deposed in person in Media, Pennsylvania, on exactly one date: **<u>Wednesday, Nov. 23, the day before Thanksgiving</u>**:

> See attached Notices of Deps for Mr. Bonner on the 18th, and Mr. Hirsch on the 23rd. A Court reporter is scheduled for the 18th and reserved for the 23rd. This is a change than what we were discussing yesterday, but it is within your suggested dates.
> We want to take the deposition of Mr. Bonner prior to deposing Mr. Hirsch, in the event that there is information obtained from Mr. Bonner that is relevant to Mr. Hirsch's dep.

E-mail Nov. 15, 2022.

The trip from Philadelphia back to Hattiesburg, Mississippi involves a three-hour flight from Philadelphia to New Orleans followed by a two-hour drive from New Orleans to Hattiesburg.  There are few direct flights from Philadelphia to New Orleans, and much less so on one of the busiest travel days of the year.

Even so, Plaintiff offered Defendant the option to conduct Mr. Hirsch's deposition on November 23 on Zoom, or to conduct the deposition in person in Pennsylvania on a different date:  "If you want Mr. Hirsch the day before Thanksgiving, then you have to do it on zoom.  If

2

you want him in person in PA, then you have to do it on a different day. However, we're not bringing Mr. Bonner to PA. …" E-mail, Nov. 15, 2022.

As to the location of the depositions, Plaintiff has repeatedly offered to have one of the two witnesses, the Chairman of the company, travel from Mississippi to defense counsel's office in Media, Pennsylvania. As for the second witness, Mr. Bonner, Plaintiff has offered two alternatives: a deposition on Zoom or a deposition near Mr. Bonner's place of business in Mississippi. The Court has broad discretion to determine the location of depositions. The general rule is that a corporate officer or agent be deposed at the corporation's principal place of business. *Trans Pac. Ins. v. Trans-Pacific Ins.,* 136 F.R.D. 385, 392 (E.D. Pa. 1991). However, the Court has broad discretion to set the location of depositions. *Id.* Here, the Court should hold that Plaintiff's proposal was a reasonable one: to have the Chairman travel from Mississippi to Pennsylvania, but to offer Defendant the option of taking Mr. Bonner's deposition either on Zoom or in person in Mississippi.

Defendant also repeats his argument from his last sanctions motion at ECF 45, which the Court already denied at ECF 55. In doing so, Defendant makes vague allegations such as "it is averred upon belief that Plaintiff has a majority of these records", "grossly prejudicial bad faith discovery practices, including spoliation", and "blatant and intentional disregard for the Rules …". Def. Mot. (ECF 61), pages 3-4.

However, Defendant's motion again attaches no evidence other than e-mail correspondence between counsel. Defendant offers no argument for why Plaintiff's production of 1.5 terabytes of data in October 2021 was inadequate. Plaintiff submitted several exemplars at ECF 46 refuting this very same argument in Defendant's second sanctions motion. Defendant has failed to come forward with any new evidence or argument. Instead, Defendant asks the

3

Court to grant the same relief that was already denied based on essentially one page of Defendant's vague of *ad hominem* attacks. Def. Mot., pages 3-4.

"Defendant's counsel has chosen as his weapon of choice the frivolous motion for sanctions. Counsel's conduct neither serves his client well, nor fosters the just, speedy, and inexpensive determination of this action." *Cannon v. Cherry Hill Toyota*, 190 F.R.D. 147, 149 (D.N.J. 1999) (citation omitted). The motion for sanctions must be denied because Defendant fails to cite "a shred of evidence to support his motion other than his own assertions and conclusions." *Felix v. Albert Einstein Healthcare Network*, 2012 U.S. Dist. Lexis 20705, at 29 (E.D. Pa. 2012). A motion under Rule 37 must be denied when it is based on "bald, unsupported assertions" and fails to include "a shred of evidence of [opposing party's] motivation". *Eisenband v. Pine Belt Auto.,* 2020 U.S. Dist. Lexis 53369, at 24 n.11 (D.N.J. 2020). Discovery may not be "based on the party's mere suspicion or speculation." *Barry v. Medtronic, Inc.*, 2016 U.S. Dist. Lexis 34373, at 3 (E.D. Pa. 2016). Therefore, "discovery may be denied where, in the court's judgment, the inquiry lies in a speculative area." *Saller v. QVC, Inc.*, 2016 U.S. Dist. Lexis 82895, at 12-13 (E.D. Pa. 2016).

Defendant again asks for the extreme sanction of dismissal (Def. Mot., 4-5) but fails to analyze any of the factors that the Court would have to consider to grant such relief. Defendant has failed to show any violation – but even if he had succeeded, he failed to show that he is entitled to the relief requested. The extreme remedy requested by the Defendant would require the Court to consider several factors: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an

analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Goldrich v. City of Jersey City*, 2018 U.S. Dist. Lexis 162044, at 9 (D.N.J. July 25, 2018) (quoting *Poulis v. State Farm*, 747 F.2d 863 (3d Cir. 1984)).

To begin with, Defendant has not even established the threshold issue of a violation, that would necessitate the Court weighing factors on the appropriate remedy. Plaintiff produced nearly 1.5 terabytes of data, including literally days of video of showing experimentation of the product. While Defendant again makes vague *ad hominem* attacks, he has failed to meet the threshold burden to show there was a violation in the first place.

As to the first factor, Defendant cites no evidence and attaches no exhibit supporting the motion. Defendant cannot show a violation to begin with, much less "personal responsibility" for some unknown violation. Instead, Defendant simply uses phrases like "bad faith" and "gross and knowing spoliation", (Def. Mot., page 1), without any evidence to back them up.

As to the second factor, Defendant does not explain how he is prejudiced. Instead, Defendant simply claims that there was spoliation. Def. Mot., page 5. Again, Defendant cites no evidence whatsoever and instead asks the Court to speculate.

As to the third factor, there is no history of dilatoriness. Plaintiff has complied and has produced an enormous amount of documentation and other evidence requested by Defendant. Again, as with every other factor, Defendant cites no evidence and attaches no supporting exhibits, instead asking the Court to speculate.

As to the fourth factor, Defendant cites no evidence of Plaintiff's intent. Again, Defendant cites no evidence and attaches no supporting exhibits. Defendant instead "ask[s] the Court to draw speculative inferences about the Plaintiff's subjective intent." *Fuhs v. McLachlan Drilling Co.*, 2018 U.S. Dist. Lexis 184264, at 44 (W.D. Pa. Oct. 26, 2018).

As to the fifth factor, Defendant has not shown that any part of Plaintiff's production is lacking – but if he had, the simple solution would be to simply point out what he believes is missing and ask Plaintiff to supplement its production. Again, Defendant cites no evidence and simply asks the Court to speculate.

As to the meritoriousness of the claims, Defendant again fails to cite any evidence. Here, Defendant's defamatory statements clearly have a defamatory character: they accuse Plaintiff of being dishonest in its business dealings, breaking the law, engaging in a "scam", "putting people's health at risk", and similar allegations. Many of the allegations rise to the level of defamatory per se. Plaintiff has produced evidence of its scientific testing of the product, along with video which definitively proves false Defendant's often-repeated claim that "the holes are too small" for mosquitoes to fit through.

Defendant fails to cite any evidence to back up his accusations, much less sufficient evidence to meet his burden. The Court must therefore deny the motion.

For these reasons, the Court must deny Defendant's motion.

Respectfully submitted,

 /s/ Evan L. Frank_____
Evan L. Frank, Esq. (PA #311994)
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
215-935-1000/ 215-935-1110 (fax)
afrank@alflaw.net
Counsel for Plaintiff

December 22, 2022