IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AC2T, INC. *d/b/a* :
SPARTAN MOSQUITO :
: CIVIL ACTION
v. :
: NO. 19-5946
COLIN PURRINGTON :

**O R D E R**

**AND NOW**, this 11th day of May 2023, upon consideration of Defendant's Motion for Hearing to Determine Immunity Pursuant to the Participation in Environmental Law or Regulation Act (ECF No. 38), and all documents submitted in support thereof and opposition thereto, it is **ORDERED** that the Motion is **DENIED**.[1]

IT IS SO ORDERED.

BY THE COURT:

*/s/ R. Barclay Surrick*
_____
**R. BARCLAY SURRICK, J.**

---

[1] Plaintiff AC2T d/b/a Spartan Mosquito, a corporation that sells mosquito control systems, sues Defendant Colin Purrington for defamation in the form of his various product reviews and social media posts about Plaintiff's products. Defendant argues that he is entitled to a hearing pursuant to Pennsylvania's Environmental Immunity Act, 27 Pa.C.S. §§ 8301 *et seq.*, a state law that protects individuals who complain of environmental violations from civil actions resulting from their communications, and asserts that he will be entitled to dismissal of the action against him.

Section 8302(a) states that:

a person that, pursuant to Federal or State law, … makes an oral or written communication to a government agency relating to enforcement or implementation of an environmental law or regulation shall be immune from civil liability in any resulting legal proceeding for damages where the action or communication is aimed at procuring favorable governmental action.

Communication to the government is defined as a written or oral statement made:

> (1) before a legislative, executive or judicial proceeding or any other official proceeding authorized by law;
> (2) in connection with an issue under consideration or review by a legislative, executive or judicial body or any other official proceeding authorized by law; or
> (3) to a government agency in connection with the implementation and enforcement of environmental law and regulations.

27 Pa.C.S. § 8301. The Act directs the presiding judge to hold a hearing upon a motion by the defendant. *Id.* at § 8303. At the hearing, the judge "test[s] the legal sufficiency of the allegations necessary to obtain the claimed immunity" and assesses whether any statutory exceptions apply. *Penllyn Greene Assocs., L.P. v. Clouser*, 890 A.2d 424, 430 n.7 (Pa. Commw. Ct. 2005); *id.* at § 8302. The Environmental Immunity Act is an anti-Strategic Lawsuit Against Public Participation (anti-SLAPP) law, a type of law that seeks to end lawsuits "brought primarily to chill the valid exercise by citizens of their constitutional right to freedom of speech and to petition the government for the redress of grievances." *Pennsbury Vill. Assocs., LLC v. Aaron McIntyre*, 11 A.3d 906, 912–13 (Pa. 2011) (quoting Preamble to the Act of December 20, 2000, P.L. 980, No. 138).

Defendant points to ten statements that he claims are immune from the instant litigation. Plaintiff responds that (1) Defendant's statements are not communications protected by the Environmental Immunity Act; (2) federal courts cannot apply the Act because it violates the *Erie* doctrine; and (3) applying the Act would violate Plaintiff's Seventh Amendment right to trial by jury. We address each argument in turn.

First, we find that most of Defendant's statements do not trigger the protections of the Act because they do not fall within the statute's definition of "communication," i.e., they were not made to a governmental agency or in connection with an issue under review by or a law enforced by a governmental body. However, it seems that at least one statement may fall within the protections of the statute: Exhibit B is a Tweet in which Defendant urges citizens to immediately write to state officials "because Spartan Mosquito must reapply to each state by December 31 for permission to sell" its products. *See Penllyn Greene*, 890 A.2d at 433 (observing that the statute would grant immunity over "communications made to third parties [that] are the equivalent of [the defendant] communicating to the government"). Thus, we must determine whether federal courts may apply Pennsylvania's Environmental Immunity Act.

We find that federal courts cannot apply the Environmental Immunity Act under *Erie*. Plaintiff argues that the Act cannot require dismissal in federal courts because the Federal Rules of Civil Procedure, specifically Rules 8 and 56, governing dismissal and summary judgment, are the exclusive means for dismissal of a matter in federal court. The Third Circuit has not decided whether state anti-SLAPP laws can be applied in federal court, but several Circuits have analyzed this question. Although the Circuits are split, more federal courts refuse to apply state anti-SLAPP laws than apply them. *Klocke v. Watson*, 936 F.3d 240, 245 (5th Cir. 2019), *as*

*revised* (Aug. 29, 2019) (holding that Rules 12 and 56 answer the same question as the anti-SLAPP law at issue); *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1357 (11th Cir. 2018) (same); *Los Lobos Renewable Power, LLC v. Americulture, Inc*, 885 F.3d 659, 673 (10th Cir. 2018) ("[T]he New Mexico anti-SLAPP statute … is procedural in all its aspects."); *Abbas v. Foreign Pol'y Grp., LLC*, 783 F.3d 1328, 1335 (D.C. Cir. 2015) ("The D.C. Anti–SLAPP Act … establishes a new 'procedural mechanism' for dismissing certain cases before trial."); *Intercon Sols., Inc. v. Basel Action Network*, 791 F.3d 729, 732 (7th Cir. 2015) (refusing to apply anti-SLAPP law); *cf. Godin v. Schencks*, 629 F.3d 79, 88 (1st Cir. 2010) (*"*Rules 12 and 56 do not 'attempt[ ] to answer the same question,' nor do they 'address the same subject'" as anti-SLAPP law); *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972 (9th Cir. 1999) ("We fail to see how the prior application of the anti-SLAPP provisions will directly interfere with the operation of Rule 8, 12, or 56."). District courts in our Circuit are also split. *See In re Wellbutrin XL Antitrust Litig.,* 756 F. Supp. 2d 670, 675 (E.D. Pa. 2010) (holding that a majority of the Supreme Court "rejected Justice Scalia's Rules Enabling Act analysis that only examines the Federal Rule on its own in favor of an analysis that considers important state interests."); *compare with In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs., & Prod. Liab. Litig.*, 553 F. Supp. 3d 211, 221 n.4 (D.N.J. 2021) (observing that later D.C. Circuit precedent undermined some of *Abbas*'s reasoning but ultimately determining that the D.C. Anti-SLAPP Act did not apply).

We find the reasoning of the majority of Circuits persuasive. This is an *Erie* question, in which we must determine whether the Environmental Immunity Act is procedural or substantive, bearing in mind that "state procedural law yields to the applicable Federal Rules." *Klocke*, 936 F.3d at 244 (citing *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). "A federal court exercising diversity jurisdiction should not apply a state law or rule if...a Federal Rule of Civil Procedure 'answer[s] the same question' as the state law or rule..." *Abbas*, 783 F.3d at 1333 (quoting *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 398–99 (2010)). Many anti-SLAPP laws have been found to "'answer the same question' about the circumstances under which a court must dismiss a case before trial" as Rules 12 and 56. *Id.* at 1333-34. The Environmental Immunity Act requires courts to hold a hearing in which the judge assesses whether the defendant has made legally sufficient allegations under the Act, and the matter is dismissed if the judge finds the defendant's allegations sufficient. *Penllyn Greene*, 890 A.2d at 430 n.7. Just as the D.C. Circuit found in *Abbas*, we find that the Environmental Immunity Act "conflicts with the Federal Rules by setting up an additional hurdle a plaintiff must jump over to get to trial." *Abbas*, 783 F.3d at 1334.

Finally, because we resolved the question on the above ground, we need not reach Plaintiff's argument that the Environmental Immunity Act violates the Seventh Amendment right to a jury trial. Defendant has no right to a hearing, and the Motion will be denied.