**Evan L. Frank, Esq.**
**Alan L. Frank Law Associates, P.C.**
**PA Bar No. 311994**
**135 Old York Road**
**Jenkintown, PA 19046**
**215-935-1000**
**215-935-1110 (fax)**
**efrank@alflaw.net**
**Counsel for Plaintiff**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AC2T, Inc., d/b/a Spartan Mosquito,** | : | |
| | : | **Civil Action** |
| **Plaintiff,** | : | **Case Number:  2:19-cv-05946-RBS** |
| | : | |
| **v.** | : | **Jury Trial Demanded** |
| | : | |
| **Colin Purrington,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

### PLAINTIFF'S MOTION IN LIMINE – OTHER LITIGATION SHOULD BE EXCLUDED UNDER F.R.E 403

The Third Circuit has held that "evidence relating to previous litigation between the parties" is "routinely excluded" under Rule 403.  *Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992) (quoting F.R.E. 403).  Plaintiff seeks to exclude other civil litigation involving Plaintiff, including the following two cases:

1) Consolazio v. AC2T, Inc. et al – 20-cv-3477 – Southern District of New York.

2) Rosenfeld v. AC2T, Inc. et al – 20-cv-4662 – Eastern District of New York.

Under F.R.E. 403, "evidence, even if relevant, may be excluded 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.'"  *Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992) (quoting F.R.E. 403). The Third Circuit has held that "[e]vidence relating to previous litigation between the parties" is

a type of evidence that is "routinely excluded under the rule." *Id.* "While it is difficult to set forth any exclusive list of factors favoring Rule 403 exclusion, certain types of evidence are routinely excluded under the rule such as evidence relating to previous litigation involving the parties." *Dienno v. Revspring, Inc.*, 2014 U.S. Dist. Lexis 193932, at 8 (E.D. Pa. Mar. 27, 2014) (quotations omitted).

The parties are trying their own case – not two other cases in another state involving someone else's claims.  This case was filed in 2019, while both of the New York cases have 2020 docket numbers.  So Defendant cannot even argue that he looked at the New York dockets before making his defamatory statements – the New York cases did not exist when this defamation case was filed.

Allegations in another suit are not in a form that is admissible in evidence because they are hearsay not within an exception under F.R.E. 802.  Someone else's allegations against a party in the pleadings in another litigation are inadmissible as hearsay.  *Park W. Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 330 (S.D.N.Y. 2009).  Even if the Court found that the substance of other suits were an appropriate subject matter for this trial, the allegations in those cases would still not be in a form that is admissible in evidence.

As the Third Circuit has held *Blancha v. Raymark*, the Court should exclude evidence of the parties' other litigations, including the two cases cited herein.  For these reasons, this Motion should be granted.

Respectfully submitted,


  /s/ Evan L. Frank
Evan L. Frank, Esq.  (PA #311994)
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
215-935-1000/ 215-935-1110 (fax)
afrank@alflaw.net
Counsel for Plaintiff

May 22, 2023