**Evan L. Frank, Esq.**
**Alan L. Frank Law Associates, P.C.**
**PA Bar No. 311994**
**135 Old York Road**
**Jenkintown, PA 19046**
**215-935-1000 / 215-935-1110 (fax)**
**efrank@alflaw.net**
**Counsel for Plaintiff**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AC2T, Inc., d/b/a Spartan Mosquito,** : | |
| : | **Civil Action** |
| **Plaintiff,** : | **Case Number:  2:19-cv-05946-RBS** |
| : | |
| **v.** : | **Jury Trial Demanded** |
| : | |
| **Colin Purrington,** : | |
| : | |
| **Defendant.** : | |
| : | |

**PLAINTIFF'S MOTION IN LIMINE – DEFENDANT'S LAY OPINION TESTIMONY ON HEALTH RISKS, SPREAD OF DISEASES, SPREAD OF INVASIVE SPECIES, OR EFFICACY AT CONTROLLING MOSQUITO POPULATIONS**

Defendant should not be permitted to offer lay opinion testimony that 1) Plaintiff or Plaintiff's product puts customers' health at risk or exposes them to diseases; 2) Plaintiff or its product spreads invasive species; 3) Plaintiff's product is not effective at lowering mosquito populations.  Lay opinion testimony is limited to opinions "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  F.R.E. 701(c).  An opinion that something poses a health risk, spreads diseases, spreads invasive species, or fails to control insect populations plainly requires scientific, technical, or other specialized knowledge. Defendant has taken no steps to prove his accusations in a form that would be admissible in evidence.  He should not be permitted to take the stand and speculate about medical issues or entomology.

Under Pennsylvania law, the Defendant in a defamation suit has the burden to prove that his statements were true. 42 Pa. Cons. Stat. § 8343 ("In an action for defamation, the defendant has the burden of proving, when the issue is properly raised: … The truth of the defamatory communication"); Pennsylvania Suggested Standard Civil Jury Instructions (2018), 17.130 (defendant has burden to prove truth of defamatory communication).

Defendant makes several outlandish claims about Plaintiff and Plaintiff's product. First Amended Complaint (ECF 15) Exhibit A claims that Plaintiff puts customers' health at risk and exposes them to diseases. Ex. A (… "it puts people at risk of contracting mosquito-borne diseases. I.e., if a person relies on this device instead of, say, DEET, they are putting themselves and their families at increased risk of getting bitten by a mosquito carrying EEE, West Nile, etc."). Exhibits D and E claim that Plaintiff's product spreads invasive pests. E.g., Ex. E ("And some of them are spotted-wing drosophila, an invasive pest of berries in the United States. So the devices are contributing to the spread of a pest."). And virtually all of Defendant's statements claim that Plaintiff's product is not effective at controlling mosquito populations. First Am. Compl, ¶ 8.

Defendant is not a medical doctor, and he does not have any qualifications to offer opinions about human health or diseases. Defendant is not an entomologist, and he does not have any qualifications to offer opinions about invasive species of insects or insect control. While Defendant does have a PhD, his field was botany, not entomology.

Even if Defendant were qualified to opine on health issues or mosquito control technology, he has not made any expert disclosures under F.R.C.P. 26(a)(2) or F.R.E. 702. If the testimony requires scientific, technical, or specialized knowledge, then by definition Defendant would be prohibited from offering it under Rule 701(c).

For these reasons, the Court should grant this Motion and preclude Defendant from offering lay opinion testimony about these issues.

          Respectfully submitted,

          /s/ Evan L. Frank
          Evan L. Frank, Esq. (PA #311994)
          Alan L. Frank Law Associates, P.C.
          135 Old York Road
          Jenkintown, PA 19046
          215-935-1000/ 215-935-1110 (fax)
          afrank@alflaw.net
          Counsel for Plaintiff

May 22, 2023