IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AC2T, INC. *d/b/a* :
SPARTAN MOSQUITO :
                                  :       CIVIL ACTION
        v.                   :
                                    :       NO. 19-5946
COLIN PURRINGTON :

# O R D E R

**AND NOW**, this 25th day of January, 2024, upon consideration of Plaintiff's Motion in

Limine – Other Litigation Should Be Excluded Under F.R.E. 403 (ECF No. 66), and Plaintiff's

Motion in Limine – Defendant's Lay Opinion Testimony on Health Risks, Spread of Diseases,

Spread of Invasive Species, or Efficacy at Controlling Mosquito Populations (ECF No. 67), and

all documents submitted in support thereof, it is **ORDERED** that Plaintiff's Motions are

**DENIED** without prejudice.[1]

    **IT IS SO ORDERED.**

                                  **BY THE COURT:**

                                    */s/ R. Barclay Surrick*
                                    **R. BARCLAY SURRICK, J.**

---

[1] Presently before the Court are two motions *in limine* in this defamation action. Plaintiff's Motions are denied without prejudice.

    First, Plaintiff seeks to exclude references to other civil litigation involving Plaintiff, including two cases filed against it in New York district courts. (First Mot., ECF No. 66, at 1.) Plaintiff argues that other civil litigation involving Plaintiff should be excluded because the Third Circuit has held that evidence relating to previous litigation between parties is routinely excluded. (*Id*. at 1-2.) Defendant did not file an opposition.

    Under Federal Rule of Evidence 403, a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "Evidence relating to previous litigation involving the parties" is routinely excluded. *Blancha v. Raymark Indus*., 972 F.2d 507, 516 (3d Cir. 1992). Rule 403 mandates a balancing test, "requiring sensitivity on the part of the trial court to the subtleties of the particular situation." *United States v. Vosburgh,* 602 F.3d 512, 537 (3d Cir. 2010). "The balance under the rule should be struck in favor of admissibility" and "[e]vidence should be

excluded under Rule 403 only sparingly since the evidence excluded is concededly probative." *Blancha*, 972 F.2d at 516. "[I]n determining the probative value of evidence under Rule 403, 'we must consider not only the extent to which it tends to demonstrate the proposition which it has been admitted to prove, but also the extent to which that proposition was directly at issue in the case.'" *Id*. (citing *United States v. Herman,* 589 F.2d 1191, 1198 (3d Cir.1978)).

Plaintiff has not articulated why, under the factors articulated in Rule 403, references to other litigation involving Plaintiff should be excluded. *Compare Dienno v. RevSpring, Inc.*, No. 13-1919, 2014 WL 12607851, at *3 (E.D. Pa. Mar. 27, 2014) (granting a party's motion to exclude prior claims after a party articulated why the information was irrelevant and unfairly prejudicial) *with Snodgrass v. Ford Motor Co*., No. 96-1814, 2002 WL 485688, at *4-5 (D.N.J. Mar. 28, 2002) (denying motion in *limine* seeking to exclude references to additional recalls when a party did not meet its burden demonstrating that the "particular evidence is *unfairly* prejudicial."). Plaintiff merely argues that we should exclude references to other litigation in which it was a party based on *Blancha v. Raymark Indus*., without articulating why this result is warranted in light of the particular facts of this case. *See Vosburgh,* 602 F.3d at 537; *see also* First Mot. at 2. Accordingly, Plaintiff's first Motion is denied without prejudice.

Second, Plaintiff seeks an order precluding Defendant from offering lay opinion testimony that Plaintiff's product puts customers' health at risk, spreads invasive species, and is ineffective at lowering mosquito populations. (Sec. Mot, ECF No. 67, at 1.) Plaintiff maintains that such opinions require scientific or specialized knowledge, Defendant is not qualified to offer opinions about human health, diseases, invasive species of insects, or insect control, and Defendant has not made any expert disclosures. (*Id*. at 1-2.) Defendant did not file an opposition.

The Federal Rules of Evidence, in particular hearsay rules and rules about lay opinion and expert testimony, govern the admissibility of the anticipated testimony at issue. *See* Fed. R. Evid. 701-702, 704, 801, 803, 807. We cannot rule on this motion *in limine* at this juncture because Defendant's representations and opinions about Plaintiff's product are directly at issue in this action (*see, e.g.*, Am. Compl., ECF No. 15, ¶¶ 5-8, 12-13, 19-25.), and it is possible that his testimony will constitute admissible lay opinion. *See, e.g.*, *Botey v. Green*, No. 12-1520, 2018 WL 5985694, at *7 (M.D. Pa. Nov. 14, 2018) (discussing admissibility of lay opinion testimony and citing *United States v. Fulton*, 837 F.3d 281, 291-292 (3d Cir. 2016); *Wilburn v. Maritrans GP Inc*., 139 F.3d 350, 356 (3d Cir. 1998); *Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1197-1198 (3d Cir. 1995)). Similarly, even if Defendant's opinions are hearsay, we cannot rule out the possibility that evidence concerning Defendant's opinions may meet one of the exceptions to the general rule that hearsay is inadmissible. *See Rosa-Diaz v. Dow*, No. 14-5, 2016 WL 6651390, at *2 (W.D. Pa. Nov. 10, 2016) (denying portion of a motion *in limine* "[g]iven that specific statements are not identified and the possibility that certain types of hearsay may meet one of the exceptions"). Accordingly, Plaintiff's second Motion is denied without prejudice.