#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AC2T, INC. *d/b/a* | : | |
| SPARTAN MOSQUITO | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 19-5946 |
| | : | |
| COLIN PURRINGTON | : | |

### ORDER

**AND NOW**, this 31st day of January 2024, upon consideration of Plaintiff's Counsel Alan L. Frank, Evan L. Frank, and Alan L. Frank Law Associates, P.C.'s Motion to Withdraw as Counsel for AC2T, Inc., d/b/a Spartan Mosquito ("Spartan Mosquito" or "Plaintiff") (Mot., ECF No. 76), it is **ORDERED** that the Motion is **GRANTED**.[1]

**IT IS FURTHER ORDERED** that:

1. Attorneys Alan L. Frank and Evan L. Frank and the law firm Alan L. Frank Law Associates, P.C. are **TERMINATED** as counsel for Plaintiff.

2. Attorneys Alan L. Frank and Evan L. Frank shall cause a copy of this Order to be served upon Plaintiff and shall file proof of such service with the Court on or before **February 7, 2024**.

3. Plaintiff shall retain new counsel, and such counsel shall enter his or her appearance on or before **February 28, 2024**.

4. Failure of Plaintiff to comply with the preceding paragraph may result in the imposition of sanctions, including the dismissal of Plaintiff's claims.[2]

**IT IS SO ORDERED.**

**BY THE COURT:**

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**

---

[1] Under this Court's Local Rules of Civil Procedure, "[a]n attorney's appearance may not be withdrawn except by leave of court, unless another attorney [of this court] shall at the same time enter an appearance for the same party." Local R. Civ P. 5.1(c); *see also AlfaModess Logistics, LLC v. Catalent Pharma Sols., LLC*, No. 09-3543, 2013 WL 1795459, at *2 (E.D. Pa. Apr. 29, 2013). Moreover, "[a]s a general rule, if a corporation is to be represented in court, this representation must be made through counsel." *Buschmeier v. G&G Invs., Inc.*, 222 F. App'x 160, 162 (3d Cir. 2007) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993)). However, this general rule is not absolute, and "in certain circumstances, counsel for a corporation should be permitted to withdraw even before a corporation finds a suitable substitute." *Buschmeier*, 222 F. App'x at 163 (citing *Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 680 (3d Cir.1986) (per curiam)); *see also* Pennsylvania Rule of Prof'l Conduct 1.16(b)(5–6) (permitting withdrawal if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled" or if "the representation will result in an unreasonable financial burden on the lawyer").

"Whether to permit an attorney to withdraw must be determined with reference to the underlying purpose of Local Rule 5.1, which includes ensuring effective court administration." *AlfaModess*, 2013 WL 1795459, at *2 (citing *Ohntrup*, 802 F.2d at 679). "In adjudicating an attorney's motion to withdraw, the Court should consider: (i) the reasons withdrawal is sought; (ii) the prejudice withdrawal may cause to the litigants; (iii) the harm withdrawal might cause to the administration of justice; and (iv) the degree to which withdrawal will delay resolution of the case." *Id.* Applying these factors to the instant Motion, we find that Plaintiff's counsel should be permitted to withdraw. First, Plaintiff's counsel has provided legal services on Plaintiff's behalf under the terms of the Retainer Agreement without being paid for such services. (Mem. of Law, ECF No. 76-2, at 2.) Counsel communicated to Plaintiff on multiple occasions, by telephone and by mail, its obligation to pay counsel and that counsel would withdraw if this obligation was not fulfilled. (*Id.*) Second, withdrawal will not unduly prejudice the parties to this action. Finally, permitting counsel's withdrawal will not harm the administration of justice or unduly delay this matter as this matter is currently in discovery.

[2] *See* Fed. R. Civ. P. 41(b); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Opta Sys., LLC v. Daewoo Elecs. Am.*, 483 F. Supp. 2d 400, 406 (D.N.J. 2007) (dismissing case with prejudice because plaintiff-corporation failed to retain counsel).