IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AC2T, INC. *d/b/a* : | |
| SPARTAN MOSQUITO : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 19-5946 |
| COLIN PURRINGTON : | |

**O R D E R**

**AND NOW**, this 14th day of March, 2024, upon consideration of Defendant's Motion to Dismiss Pursuant to Rule 41(b) (ECF No. 80), and all documents submitted in support thereof, it is **ORDERED** that Defendant's Motion is **GRANTED**.[1] The Clerk of Court is directed to mark this matter as **CLOSED**.

**IT IS SO ORDERED.**

BY THE COURT:

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**

---

[1] This is a defamation case that has been pending for four years and in which the parties have filed multiple motions for sanctions and contempt. (ECF Nos. 31, 45, 57, 61). Defendant now moves to dismiss the action pursuant to Federal Rule of Civil Procedure 41(b). (Mot., ECF No. 80).

Plaintiff has not responded to the Motion. However, prior to Defendant's Motion, we granted Plaintiff's counsel's motion to withdraw on January 31, 2024, and Plaintiff had until February 28, 2024, to appoint new counsel. (ECF No. 77). Plaintiff did not hire new counsel. A representative of Plaintiff informed the Court, in an *ex-parte* email on February 27, 2024, that the company would not be hiring new counsel and requested that the Court dismiss the case. The Court responded to Plaintiff's representative's email and included defense counsel on the communication.

In the instant Motion, Defendant argues that dismissal pursuant to Rule 41(b) is warranted because Plaintiff consistently failed or refused to comply with Court Orders, including refusing to sit for depositions and failing to turn over key documents, and prejudiced Defendant by forcing it to engage in expensive discovery and motion practice spanning multiple years. (Mot. at 1-2.) Meanwhile, Defendant maintains that he has complied with the Court's Orders. (*Id*.) Defendant's Motion is granted.

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." *Id*.

As an initial matter, in granting Plaintiff's counsel's motion to withdraw, we informed Plaintiff that failure to retain new counsel may result in the imposition of sanctions, including the dismissal of Plaintiff's claims. (ECF No. 77.) "It is well established that corporate entities may not proceed in a civil action in the federal courts without counsel." *Opta Sys., LLC v. Daewoo Electronics Am.*, 483 F. Supp. 2d 400, 406 (D.N.J. Apr. 4, 2007) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 202-03 (1993). Failure to retain counsel and prosecute this case is a basis for dismissal with prejudice. *Opta Sys., LLC*, 483 F. Supp. 2d at 406.

In addition, before dismissing a case under Rule 41(b), a district court must at a minimum consider the six factors set forth by the Third Circuit in *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863 (3d Cir.1984):

> (1) the extent of the *party's* personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868. The *Poulis* factors are not a formula, and each factor need not be satisfied to warrant dismissal. *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 221 (3d Cir. 2003) (citing *Hicks v. Feeney,* 850 F.2d 152, 156 (3d Cir. 1988)). The factors are to be "weighed by the district courts in order to assure that the 'extreme' sanction of dismissal or default is reserved for the instances in which it is justly merited." *Poulis,* 747 F.2d at 870.

These factors favor granting Defendant's Motion. In September 2021, the Court ordered Plaintiff to produce multiple categories of documents in response to a motion to compel filed by Defendant. (ECF No. 30). Defendant filed multiple subsequent motions arguing that Plaintiff failed to comply with the Order and produce the requested documents. (ECF No. 31, 45, 61). These disputes have persisted and in January 2024, the Court ordered the parties to submit an omnibus joint discovery status report to resolve the outstanding disputes. (ECF No. 75.) Defendant submitted a status report but was unable to confer with Plaintiff because the company was not represented and his attempts to contact Plaintiff directly were not successful. (ECF No. 79.) Applying the *Poulis* factors, while we do not have a basis to assess Plaintiff's personal responsibility, Defendant has been prejudiced by Plaintiff's failure to meet scheduling orders, respond to discovery, and appoint new counsel. Plaintiff's history of dilatoriness is reflected by the fact that Defendant filed multiple motions to seek Plaintiff's compliance with Orders. We cannot assess whether Plaintiff's or its lawyers' conduct was willful or in bad faith. No other form of sanctions would be effective because Plaintiff has notified the Court that it does not intend to continue prosecuting the case and seeks its dismissal. At this juncture and in light of the party's clear agreement to suspend the litigation, we will not opine on the merits of the claims or defenses.

Accordingly, Defendant's Motion is granted, and the action is dismissed with prejudice.